# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William E. Underland, on behalf of himself and all other similarly situated persons<br><br>          Plaintiff,<br><br>    v.<br><br>Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Robert S. Blank, Max Botel, Thomas Costello, Dana Becker Dunn, Robert Lubner, Olaf Olaffson, Michael Stolper, and KPMG LLP<br><br>          Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1334(b), 1441, 1446, and 1452 and 15 U.S.C. § 77p(c), defendants Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Robert S. Blank, Max Botel, Thomas Costello, Dana Becker Dunn, Robert Lubner, Olaf Olafsson, and Michael Stolper (collectively the "Removing Defendants") hereby remove this action from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. The Removing Defendants appear for the purposes of removal only and for no other purpose, reserve all defenses and rights available to them, and state as follows:

1.    Upon information and belief, this action was commenced on June 24, 2010 in the Court of Common Pleas of Montgomery County, Pennsylvania as Case 2010-

16719-0, captioned *William E. Underland v. Dennis Alter, et al.* (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A. As of the date of the filing of this Notice, the Removing Defendants have not been served with a copy of the Complaint or any other pleadings, process, or orders in the State Court Action.

2.     The undersigned is informed and believes that Defendant KPMG LLP was served with a copy of the Complaint on July 12.

3.     Plaintiff Underland alleges that he purchased "RediReserve variable rate certificates and investment notes" issued by Advanta Corporation ("Advanta") and traceable to registration statements that "contained materially misleading statements and omissions." Complaint ¶¶ 1, 3. Underland asserts causes of action for violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933. *See id.* ¶¶ 78, 88, 90.

4.     As fully set forth below, the Removing Defendants may remove this case for at least three independently sufficient reasons: (1) this Court has original jurisdiction over this case under 28 U.S.C. § 1331 and no exception to the general removal statute, 28 U.S.C. § 1441(a), applies; (2) this case is removable under 15 U.S.C. § 77p(c), a removal provision added to the Securities Act by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"); and (3) this Court has bankruptcy "related to" jurisdiction over this case pursuant to 28 U.S.C. §§ 1334(b) and 1452(a).

A.     **Defendants Have Satisfied The Procedural Requirements For Removal**

5.     This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(3) because it is filed within 30 days after receipt by the Defendants of a copy of the Complaint.

6.     KPMG consents to removal.  KPMG's consent to removal is attached hereto as Exhibit B.

7.     Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1452(a); Federal Rule of Bankruptcy Procedure 9027(a)(1).

8.     No previous application has been made for the relief requested herein.

9.     Pursuant to 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(b)-(c), a copy of this Notice of Removal is being served on Plaintiff's counsel, and a copy will be filed with the Court of Common Pleas of Montgomery County.

**B.     This Case Is Removable Under Section 1441(a)**

10.     Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." This Court has original jurisdiction over this case because the Complaint asserts causes of action under the federal Securities Act. *See* 28 U.S.C. § 1331; 15 U.S.C. § 77v(a). Therefore, this case may be removed under Section 1441(a) because no Act of Congress "expressly provide[s]" otherwise.

11.     While the Securities Act prohibits removal to federal court of certain types of actions, *see* 28 U.S.C. § 77v(a), this anti-removal provision, as amended by SLUSA, does ***not*** apply to this action.  The anti-removal provision of the Securities Act does not apply to, among other actions, cases that qualify as "covered class actions" and assert

claims under the federal Securities Act. *See, e.g., Rovner v. Vonage Holdings Corp.*, 2007 WL 446658, at \*3 (D.N.J. Feb. 7, 2007) ("[U]nder the plain language of section 77v(a), there exists exclusive federal question jurisdiction over claims which (i) are brought to enforce rights and liabilities created by the Securities Act; and (ii) are covered class actions."); *Pinto v. Vonage Holdings Corp.*, 2007 WL 1381746, at \*2 (D.N.J. May 7, 2007) (holding that SLUSA "divest[ed] state courts of concurrent jurisdiction over covered class actions, regardless of whether they raise state law claims in addition to claims under the Securities Act"); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("[T]he anti-removal provision does not apply to those covered class actions asserting exclusively federal claims."); *In re Fannie Mae 2008 Sec. Litig.*, 2009 WL 4067266, at \*2 (S.D.N.Y. Nov. 24, 2009) ("[T]he emerging trend holds that SLUSA was designed to and does deprive State courts of jurisdiction over class actions alleging 1933 Act claims.").

12.     "Covered class action" is defined to include:

> Any single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members[.]

15 U.S.C. § 77p(f)(2)(A)(i)(II).

13.     This action is a "covered class action" because Plaintiff is a named party seeking to recover damages on a representative basis on behalf of himself and others similarly situated, and the complaint alleges that common questions of law and fact predominate over individual issues. *See* Complaint ¶¶ 35, 37, 40.

14.     Accordingly, the Securities Act's anti-removal provision has no

application to this case, and thus it can be removed to this Court pursuant to 28 U.S.C.

§ 1441(a).  *See, e.g., Knox*, 613 F. Supp. 2d at 425 ("[B]ecause federal courts alone have

jurisdiction to hear covered class actions raising 1933 Act claims and therefore, the anti-

removal provision does not apply, Knox's motion for remand is denied.").

**C.     This Case Is Removable Under An Express Exception To The Securities
         Act's Anti-Removal Provision**

15.     Even assuming that the anti-removal provision did apply here, this case

would still be removable under an express exception to that provision.  The anti-removal

provision provides:

> Except as provided in section 77p(c) of this title, no case
> arising under this subchapter and brought in any State court
> of competent jurisdiction shall be removed to any court of
> the United States.

15 U.S.C. § 77v(a).  Section 77p(c), in turn, states:

> Any covered class action brought in any State court
> involving a covered security, as set forth in subsection (b),
> shall be removable to the Federal district court for the
> district in which the action is pending, and shall be subject
> to subsection (b).

15 U.S.C. § 77p(c).

16.     The plain language of Section 77p(c) allows the removal of any "covered

class action" brought in State court and "involving a covered security."  *See, e.g., Rovner*,

2007 WL 446658 at *4 (holding that 77p(c) allows the removal of class actions alleging

only Securities Act claims); *Rubin v. Pixelplus Co.*, 2007 WL 778485, at *4 (E.D.N.Y.

Mar. 13, 2007) (same); *Lowinger v. Johnston*, 2005 WL 2592229, at *4 (W.D.N.C. Oct.

13, 2005) (same); *In re King Pharms., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004)

(same); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003) (same);

*Kulinski v. Am. Elec. Power Co.*, 2003 WL 24032299, at *4 (S.D. Ohio Sept. 19, 2003)

(same); *Alkow v. TXU Corp.*, 2003 WL 21056750, at *2 (N.D. Tex. May 8, 2003) (same).

17.     As discussed above, this case qualifies as a "covered class action" and it

was brought in state court.  This case also involves a "covered security."

18.     SLUSA defines "covered security" to include a security that is (1) issued

by an entity that also issues securities listed on the NASDAQ Stock Market; and (2)

"equal in seniority or that is a senior security to" the issuer's NASDAQ-listed security.

15 U.S.C. § 77r(b)(1)(C) (incorporated by reference into 15 U.S.C. § 77p(f)(3)).

Advanta's common stock traded on the NASDAQ Stock Market and the RediReserve

notes at issue in this case were senior to Advanta's common stock.  *See* Complaint ¶ 42.

Thus, this case involves a "covered security" and can be removed under 15 U.S.C.

§ 77p(c).

**D.     This Court Has Bankruptcy "Related To" Jurisdiction Over This Case**

19.     On November 8, 2009, Advanta, the issuer of the securities that are the

subject of this action and the corporation for which the Removing Defendants serve or

served as officers and/or directors, filed a voluntary petition for reorganization under

Chapter 11 of the United States Bankruptcy Code in the United States District Court for

the District of Delaware, *In re Advanta Corp., et al.*, Case No. 09-13931 (the "Advanta

Bankruptcy Proceedings").  *See* Complaint ¶¶ 4, 16.

20.     Consequently, this Court has original jurisdiction over this action pursuant

to 28 U.S.C. § 1334(b), which provides that United States district courts shall have

jurisdiction over all civil proceedings "related to cases under title 11 [*i.e.*, the United

States Bankruptcy Code]." Because this action is "related to" the Advanta Bankruptcy Proceedings, this action may be removed to this Court under 28 U.S.C. § 1452(a), which provides for removal of an action to a district court if it has original jurisdiction under Section 1334.

21.     This action is "related to" the Advanta Bankruptcy Proceedings because the outcome of this case "could conceivably have any effect" on the Advanta bankruptcy estate. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995) (explaining that a case can be "related to" a bankruptcy even if the debtor is not a party).

22.     This case could have a conceivable effect on the Advanta bankruptcy estate because, among other things, (i) Advanta was the issuer of the securities that are the subject of this action; (ii) the Removing Defendants have claims for the advancement of defense costs and expenses and for indemnification from Advanta under Advanta's By-Laws; and (iii) the Defendants have claims for contribution from Advanta in the event a judgment is entered against them in this action.

23.     The Third Circuit Court of Appeals and district courts within this Circuit have regularly found that third-party proceedings are "related to" bankruptcy proceedings when the defendants have automatic rights to, among other things, advancement of defense costs and indemnification against the debtor estate. *See, e.g., Belcufine v. Aloe*, 112 F.3d 633, 636-37 (3d Cir. 1997) (bankruptcy court had "related to" jurisdiction over claims against the debtor's officers because the debtor's by-laws required the debtor to indemnify the officers); *State of N.J., Dep't of Treasury, Div. of Inv. v. Fuld*, 2009 WL

1810356, at *4 (D.N.J. June 25, 2009) (same); *In re W.R. Grace & Co.*, 412 B.R. 657, 669 (D. Del. 2009) (same); *Hohl v. Bastian*, 279 B.R. 165, 176 (W.D. Pa. 2002) (same).

24.     This is not a core proceeding under 28 U.S.C. § 157(b).  Removing Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

WHEREFORE, the Removing Defendants remove this action from the Court of Common Pleas of Montgomery County to this Court.

Dated:  July 23, 2010                              Respectfully submitted,

                                                   _____
                                                   Steven B. Feirson (21357)
                                                   Michael L. Kichline (62293)
                                                   Sarah L. Westbrook  (91623)
                                                   Dechert LLP
                                                   Cira Centre, 2929 Arch Street
                                                   Philadelphia, PA  19104
                                                   (215) 994-4000

                                                   *Attorneys for Dennis Alter, William A.*
                                                   *Rosoff, Philip M. Browne, David B.*
                                                   *Weinstock, Robert S. Blank, Max Botel,*
                                                   *Thomas Costello, Dana Becker Dunn,*
                                                   *Robert Lubner, Olaf Olaffson, and Michael*
                                                   *Stolper*

# EXHIBIT  A

# Supreme Court of Pennsylvania

## Court of Common Pleas
### Civil Cover Sheet

_____ Montgomery _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**

- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking
- ☒ Notice of Appeal

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| William E. Underland | Dennis Alter |

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: Robert B. Weiser, Esq.

| Are money damages requested? : ☒ Yes ☐ No | Dollar Amount Requested: (Check one) | ☒ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

Is this a *Class Action Suit*?     ☒ Yes     ☐ No

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☒ Intentional
- ☒ Malicious Prosecution
- ☒ Motor Vehicle
- ☒ Nuisance
- ☒ Premises Liability
- ☒ Product Liability (*does not include mass tort*)
- ☒ Slander/Libel/Defamation
- ☒ Other:

**MASS TORT**
- ☒ Asbestos
- ☒ Tobacco
- ☒ Toxic Tort - DES
- ☒ Toxic Tort - Implant
- ☒ Toxic Waste
- ☒ Other:

**PROFESSIONAL LIABLITY**
- ☒ Dental
- ☒ Legal
- ☒ Medical
- ☒ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☒ Buyer Plaintiff
- ☒ Debt Collection: Credit Card
- ☒ Debt Collection: Other

- ☒ Employment Dispute: Discrimination
- ☒ Employment Dispute: Other

- ☒ Other:

**REAL PROPERTY**
- ☒ Ejectment
- ☒ Eminent Domain/Condemnation
- ☒ Ground Rent
- ☒ Landlord/Tenant Dispute
- ☒ Mortgage Foreclosure
- ☒ Partition
- ☒ Quiet Title

- ☒ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☒ Board of Assessment
- ☒ Board of Elections
- ☒ Dept. of Transportation
- ☒ Zoning Board
- ☒ Statutory Appeal: Other

Judicial Appeals
- ☒ MDJ - Landlord/Tenant
- ☒ MDJ - Money Judgment
- ☒ Other:

**MISCELLANEOUS**
- ☒ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☒ Mandamus
- ☒ Non-Domestic Relations Restraining Order
- ☒ Quo Warranto
- ☒ Replevin
- ☒ Other: Securities Class Action

**S E C T I O N A**

**S E C T I O N B**

*Pa.R.C.P. 205.5*

2/2010

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

**THE WEISER LAW FIRM, P.C.**
By: ROBERT B. WEISER/BRETT D. STECKER/JEFFREY J. CIARLANTO
IDENTIFICATION NO: 81575/86242/205838
121 N. WAYNE AVENUE, SUITE 100                    ATTORNEYS FOR PLAINTIFF
WAYNE, PA 19087
(610) 225-2677

*(Additional Counsel on Signature Page)*

-------------------------------------------------- -X
                                 :

WILLIAM E. UNDERLAND,                    : COURT OF COMMON PLEAS OF
170 WOODLAND AVE.                        : MONTGOMERY COUNTY,
POCONO PINES, PA 18350                   : PENNSYLVANIA
                                   :
ON BEHALF OF HIMSELF AND ALL             :
OTHER SIMILARLY SITUATED PERSONS,        : CIVIL ACTION
                                   :
                 Plaintiff,               : NO. ___
                                   :
       - against-                    :
                                   :

DENNIS ALTER                             :
C/O ADVANTA CORP. HEADQUARTERS           :
WELSH & MCKEAN ROADS, P.O. BOX 844       : **DEMAND FOR A JURY TRIAL**
SPRING HOUSE, PA 19477-0844              :

WILLIAM A. ROSOFF                        :
C/O ADVANTA CORP. HEADQUARTERS           :
WELSH & MCKEAN ROADS, P.O. BOX 844       :
SPRING HOUSE, PA 19477-0844              :

PHILIP M. BROWNE                         :
C/O ADVANTA CORP. HEADQUARTERS           :
WELSH & MCKEAN ROADS, P.O. BOX 844       :
SPRING HOUSE, PA 19477-0844              :

DAVID B. WEINSTOCK                       :
C/O ADVANTA CORP. HEADQUARTERS           :
WELSH & MCKEAN ROADS, P.O. BOX 844       :
SPRING HOUSE, PA 19477-0844              :

ROBERT S. BLANK                          :
C/O ADVANTA CORP. HEADQUARTERS           :
WELSH & MCKEAN ROADS, P.O. BOX 844       :
SPRING HOUSE, PA 19477-0844              :

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

MAX BOTEL                                          :
C/O ADVANTA CORP. HEADQUARTERS   :
WELSH & MCKEAN ROADS, P.O. BOX 844 :
SPRING HOUSE, PA 19477-0844              :
                                                          :
THOMAS COSTELLO                           :
C/O ADVANTA CORP. HEADQUARTERS   :
WELSH & MCKEAN ROADS, P.O. BOX 844 :
SPRING HOUSE, PA 19477-0844              :
                                                          :
DANA BECKER DUNN                        :
C/O ADVANTA CORP. HEADQUARTERS   :
WELSH & MCKEAN ROADS, P.O. BOX 844 :
SPRING HOUSE, PA 19477-0844              :
                                                          :
ROBERT LUBNER                               :
C/O ADVANTA CORP. HEADQUARTERS   :
WELSH & MCKEAN ROADS, P.O. BOX 844 :
SPRING HOUSE, PA 19477-0844              :
                                                          :
OLAF OLAFSSON                               :
C/O ADVANTA CORP. HEADQUARTERS   :
WELSH & MCKEAN ROADS, P.O. BOX 844 :
SPRING HOUSE, PA 19477-0844              :
                                                          :
MICHAEL STOLPER                           :
C/O ADVANTA CORP. HEADQUARTERS   :
WELSH & MCKEAN ROADS, P.O. BOX 844 :
SPRING HOUSE, PA 19477-0844              :
                                                          :
AND                                                    :
                                                          :
KPMG LLP                                           :
345 PARK AVENUE                             :
NEW YORK, NY 10154-0102                  :
                                                          :
                              Defendants.       :
                                                          :
-------------------------------------------------------- X

## COMPLAINT FOR VIOLATION OF THE SECURITIES ACT OF 1933

### NOTICE TO DEFEND-CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served,

- 2 -

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

## INTRODUCTION

1.      This is a securities class action brought on behalf of persons who, during the Class Period, purchased Advanta Corporation's (together with its subsidiaries, "Advanta" or the "Company") RediReserve variable rate certificates and investment notes (referred to collectively as "RediReserve notes") traceable to a registration statement filed with the U.S. Securities and Exchange Commission (the "SEC") on August 18, 2006 (the "Registration Statement") as amended on February 28, 2007 (the "2007 Amendment"), February 28, 2008 (the "2008 Amendment"), February 9, 2009 (the "February 2009 Amendment"), and March 13, 2009 (the "March 2009 Amendment") (collectively, the "Amendments").

2.      The Registration Statement was filed with the SEC so that Advanta could commence a shelf registration and sale of RediReserve notes. Pursuant to the Registration Statement and the Amendments thereto, Advanta offered $500 million worth of RediReserve notes.

3.      The Registration Statement, as amended, contained materially misleading statements and omissions that violated the Securities Act of 1933 (the "1933 Act"). This class action involves solely strict liability and negligence claims under the 1933 Act. Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct.

4.      Advanta, which is not a defendant in this case, is a financial holding company that, along with its subsidiaries, offers credit cards to small businesses. Advanta filed a voluntary petition for reorganization under Chapter 11 of the U.S. Bankruptcy Code on November 8, 2009. Advanta is headquartered at Welsh & McKean Roads, P.O. Box 844, Spring House, Pennsylvania, 19477.

- 4 -

5.      On August 18, 2006, defendants caused the Registration Statement to be filed in connection with the shelf registration and sale of RediReserve notes. At that time, defendants registered $350 million worth of RediReserve notes for sale. Pursuant to SEC regulations, the Registration Statement stated:

> "We incorporate by reference in this prospectus all the documents listed below and any filings we make with the SEC under Sections 13(a), 13(c), 14 or 15(d) of the Exchange Act after the date of this prospectus and before all the securities offered by this prospectus have been sold or de-registered"

6.      Thus, the Registration Statement incorporated Advanta's subsequent annual reports on SEC Form 10-K, which were made pursuant to Section 13 or 15(d) of the Exchange Act.

7.      Pursuant to federal law, the Registration Statement further provided that:

> "(b) The undersigned registrant hereby undertakes that, for purposes of determining any liability under the Securities Act of 1933, each filing of the registrant's annual report pursuant to Section 13(a) or Section 15(d) of the Securities Exchange Act of 1934 (and, where applicable, each filing of an employee benefit plan's annual report pursuant to Section 15(d) of the Securities Exchange Act of 1934) that is incorporated by reference in the registration statement shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof."

8.      Thus, pursuant to this provision, Advanta's subsequent annual reports acted as registration statements in connection with the shelf registration and sale of RediReserve notes for purposes of determining liability under the Securities Act of 1933.

9.      On February 28, 2007, defendants caused Advanta's Annual Report on SEC Form 10-K for the fiscal year ended December 31, 2006 to be filed. Under federal law and the terms of the Registration Statement, this annual report, was incorporated by reference in the Registration Statement and acted as a new registration statement relating to the RediReserve

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

notes for purposes of determining liability under the 1933 Act. This complaint refers to Advanta's Annual Report, dated February 28, 2007, as the 2007 Amendment.

10.    On February 28, 2008, defendants caused Advanta's Annual Report on Form 10-K for the fiscal year ended December 31, 2007 to be filed. Under federal law and the terms of the Registration Statement, this annual report was incorporated by reference in the Registration Statement and acted as a new registration statement relating to the RediReserve notes for purposes of determining liability under the 1933 Act. This complaint refers to Advanta's Annual Report, dated February 28, 2008, as the 2008 Amendment.

11.    On February 9, 2009, defendants caused to be filed a post-effective amendment to the Registration Statement. The post-effective amendment registered an additional $150 million in new RediReserve notes and re-registered $60 million in unsold notes. Under federal law and the terms of the Registration Statement, for the purposes of determining liability under the 1933 Act, "each such post-effective amendment shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof." Thus, the post-effective amendment filed on February 9, 2009 acted as a new registration statement relating to the RediReserve notes for purposes of determining liability under the 1933 Act. This complaint refers to the February 9, 2009 post-effective amendment as the February 2009 Amendment.

12.    On March 13, 2009, defendants caused Advanta's Annual Report on Form 10-K for the fiscal year ended December 31, 2008 to be filed. Under federal law and the terms of the Registration Statement, this annual report was incorporated by reference in the Registration Statement and acted as a new registration statement relating to the RediReserve notes for

- 6 -

purposes of determining liability under the 1933 Act. This complaint refers to Advanta's Annual Report, dated March 13, 2009, as the March 2009 Amendment.

13.     The Registration Statement, as amended by the 2007 Amendment, 2008 Amendment, February 2009 Amendment, and March 2009 Amendment, was materially false and misleading in that it included misleading and inaccurate statements and/or failed to disclose: (1) Advanta was engaged in unsafe and unsound banking practices that had caused "significant financial deterioration," (2) that Advanta operated with inadequate capital for its risk profile, (3) that Advanta operated in a manner that did not sustain satisfactory earnings performance to maintain sufficient capital for its risk profile, (4) that Advanta was engaged in illegal and unfair business practices in unjustifiably and unreasonably increasing the rates it charged its credit card holders and that (5) Advanta's poor underwriting standards had resulted in a low quality credit card portfolio that exposed Advanta to extreme risk.

14.     The true facts were:

    A.     As described in an order dated June 30, 2009 ("FDIC Order #1), the Federal Deposit Insurance Corporation ("FDIC") found that Advanta[1] was engaged in "unsafe or unsound banking practices" and that these practices had caused "significant financial deterioration" such that, in a cease and desist order issued on June 30, 2009, the FDIC ordered Advanta to retain competent management capable of operating Advanta in a "safe and sound manner." The FDIC further ordered that Advanta's Board of Directors (the "Board") "shall increase its participation in the affairs of the Bank."

---

[1] FDIC Order #1 was directed at Advanta's most important subsidiary, the Advanta Bank Corp. According to the 2007 Registration statement, Advanta "primarily fund[s] and operate[s] [its] business credit card business through Advanta Bank Corp., which offers a variety of deposit products that are insured by the Federal Deposit Insurance

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

The disarray was so severe that the FDIC ordered Advanta to submit a plan for discontinuance of deposit-taking operations and the voluntary termination of deposit insurance after the repayment in full of all deposits.

B.    As described in FDIC Order #1, the FDIC found that Advanta operated with inadequate capital for its risk profile and that Advanta required a plan addressing, *inter alia*, its: (i) current and future capital requirements, (ii) level of concentrations of credit, and (iii) volume of adversely classified assets. For example, the FDIC would reveal on December 16, 2009 that Advanta Bank Corp.'s Tier 1 capital ratio was only 3.73% as of September 30, 2009, well below the necessary level.

C.    As described in FDIC Order #1, Advanta operated in a manner that did not sustain satisfactory earnings performance to maintain sufficient capital for Advanta's risk profile.

D.    As described in the second order from the FDIC ("FDIC Order #2") and a July 1, 2009 press release, the FDIC determined that Advanta was unfairly increasing the interest rate it charged its customers even when customers had neither exceeded their limits nor were delinquent in making payments on their accounts. The FDIC further determined that Advanta failed to adequately notify accountholders that their interest rates were increasing. These violations resulted in a $150,000 fine and Advanta having to pay $21 million in restitution for the "substantial injury" it caused customers.

---

Corporation (the "FDIC") in accordance with applicable FDIC regulations and limits." Advanta Bank Corp. also issued Advanta's credit cards.

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

E.      Advanta's low underwriting standards had led to a credit card portfolio packed with uncreditworthy customers. This situation made massive credit losses and the early amortization of Advanta's credit card trust inevitable. By March 31, 2009, Advanta's credit card portfolio debt was approximately 20% uncollectible, a level that exceeded "subprime" consumer accounts at other lenders.

15.     As a result of the misleading and inaccurate statements and/or omissions in the Registration Statement, as amended by the 2007 Amendment, 2008 Amendment, February 2009 Amendment, and March 2009 Amendment, the value of RediReserve notes was artificially inflated.

16.     Advanta entered bankruptcy on November 8, 2009. At that time, it reported that approximately $138 million in notes were outstanding.

## JURISDICTION AND VENUE

17.     The claims alleged herein arise under §§ 11, 12(a)(2) and 15 of the 1933 Act. *See* 15 U.S.C. §§ 77k, 77l(a)(2) and 77o. Jurisdiction is conferred by § 22 of the 1933 Act and venue is proper pursuant to § 22 of the 1933 Act. Section 22 of the 1933 Act explicitly states that "[e]xcept as provided in section 16(c), no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court in the United States." Section 16(c) refers to "covered class actions," which are defined as lawsuits brought as class actions or brought on behalf of more than 50 persons asserting claims under state or common law. This is an action asserting federal law claims. Thus, it does not fall within the definition of "covered class action" under § 16(b)-(c) and therefore is not removable to federal court.

-9-

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

18.     The violations of law complained of herein occurred in this County, including the preparation and dissemination of the materially false and misleading Registration Statement complained of herein.  Each of the individual defendants and KPMG LLP ("KPMG") conduct business in this County.

### PARTIES

19.     Plaintiff William E. Underland ("Plaintiff") acquired RediReserve notes traceable to the Registration Statement, as amended by the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment and March 2009 Amendment.

20.     Advanta is not a defendant in this action.  Advanta is headquartered at Welsh & McKean Roads, P.O. Box 844, Spring House, Pennsylvania, 19477 and is a financial holding company that, along with its subsidiaries, provides credit cards to small business.  Advanta entered bankruptcy on November 8, 2009.

21.     Defendant Dennis Alter ("Alter") served as Chairman of the Board and as Advanta's CEO during the Class Period.  Alter signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

22.     Defendant William A. Rosoff ("Rosoff") served as Vice Chairman of the Board and as Advanta's President during the Class Period.  Rosoff signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

23.     Defendant Philip M. Browne ("Browne") served as Advanta's Senior Vice President and Chief Financial Officer ("CFO") during the Class Period.  Browne signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

- 10 -

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

24.     Defendant David B. Weinstock ("Weinstock") served as Advanta's Vice President and Chief Accounting Officer ("CAO") during the Class Period. Weinstock signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

25.     Defendant Robert S. Blank ("Blank") served as a director of Advanta during the Class Period and signed the 2007 Amendment.

26.     Defendant Max Botel ("Botel") served as a director of Advanta during the Class Period and signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

27.     Defendant Thomas Costello ("Costello") served as a director of Advanta during the Class Period and signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

28.     Defendant Dana Becker Dunn ("Dunn") served as a director of Advanta during the Class Period and signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

29.     Defendant Ronald Lubner ("Lubner") served as a director of Advanta during the Class Period and signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

30.     Defendant Olaf Olafsson ("Olafsson") served as a director of Advanta during the Class Period and signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

31.    Defendant Michael Stolper ("Stolper") served as a director of Advanta during the Class Period and signed the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment, and the March 2009 Amendment.

32.    Defendant KPMG is an international accounting and auditing firm that served as Advanta's outside auditor during the Class Period.    In an exhibit to the 2007 Amendment, KPMG specifically stated:

> "In our opinion, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of the Company as of December 31, 2006 and 2005, and the results of their operations and their cash flows for each of the years in the three-year period ended December 31, 2006, in conformity with U.S. generally accepted accounting principles."

In the 2007 Amendment, KPMG further stated:

> "in our opinion, the Company maintained, in all material respects, effective internal control over financial reporting as of December 31, 2006, based on criteria established in Internal Control — Integrated Framework issued by the Committee of Sponsoring Organizations of the Treadway Commission."

KPMG made similar statements in the 2008 Amendment and in the March 2009 Amendment. The February 2009 Amendment incorporated by reference the 2008 Amendment "in reliance upon the authority of [KPMG] as experts" in accounting.

33.    Defendants Alter, Rosoff, Browne, Weinstock, Blank, Botel, Costello, Dunn, Lubner, Olafsson, and Stolper shall be collectively referred to herein as the "Individual Defendants."

34.    The Individual Defendants and KPMG are collectively referred to herein as "Defendants."

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action as a class action on behalf of a class consisting of all persons or entities who, during the Class Period, acquired RediReserve notes pursuant and/or

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

traceable to the Registration Statement, as amended by the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment and March 2009 Amendment, and were damaged thereby (the "Class").

36.     The Class Period runs from June 24, 2007 through Advanta's entrance into bankruptcy on November 8, 2009. Excluded from the Class are Defendants, members of their immediate family and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

37.     The members of the Class are so numerous that joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members of the proposed Class. Record owners and other members of the Class may be identified from records maintained by Advanta or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

38.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' conduct in violation of federal law that is complained of herein.

39.     Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation.

40.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are: whether Defendants violated the 1933 Act; whether the Registration Statement, as amended by the 2007 Amendment, the 2008 Amendment,

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

the February 2009 Amendment and March 2009 Amendment, misrepresented and/or omitted facts about the business operations and/or management of Advanta; and to what extent the members of the Class have sustained damages and the proper measure of damages.

41.    A class action is superior to all other available methods for fair and efficient adjudication of this controversy, since joinder of all members is impracticable. There will be no difficulty in the management of this action as a class action.

## THE REDIRESERVE NOTES

42.    The RediReserve notes at issue in this case are senior, unsecured debt securities of Advanta. The RediReserve notes rank junior to all secured debt of Advanta. The notes are non-negotiable and it does not appear that any secondary market ever developed for them. As Advanta stated in its public filings: "We do not expect there will be a trading market for the investment notes or the RediReserve certificates."

43.    The RediReserve notes paid holders varying interest rates depending upon how much a particular individual invested in the notes and the duration of the note.

44.    Advanta did not establish a so-called "sinking fund," security or other precaution to protect the RediReserve notes in the event that Advanta was unable to pay. Thus, holders of RediReserve notes could depend solely on Advanta's revenues from operations and other sources of funds for repayment of principal and interest upon a RediReserve note's maturity.

45.    In November 2009, upon the Company's entrance into bankruptcy, Advanta indicated that there was approximately $138 million of principal and accrued and unpaid interest on outstanding debt securities in the form of retail Investment Notes and RediReserve Certificates.

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

## SHELF REGISTRATION AND SALE OF REDIRESERVE NOTES

46.     The RediReserve notes at issue in this class action were sold through a shelf registration.  Shelf registration is a registration of a new issue with the SEC that can be prepared in advance, so that the issue can be offered quickly as soon as funds are needed or market conditions are favorable.  Thus, in this case, Defendants caused Advanta to register $350 million worth of notes on August 18, 2006 and an additional $150 million worth of notes on February 9, 2009.  Advanta was then able to sell these notes to consumers periodically.

47.     On August 18, 2006, Defendants caused Advanta to file the Registration Statement, which registered $350 million worth of RediReserve notes.  Subsequently, Advanta began selling the RediReserve notes.

48.     The Registration Statement "incorporate[d] by reference . . . any filings we make with the SEC under Sections 13(a), 13(c), 14 or 15(d) of the Exchange Act after the date of this prospectus and before all the securities offered by this prospectus have been sold or de-registered."

49.     The Registration Statement further provided, pursuant to federal law, that:

"(b) The undersigned registrant hereby undertakes that, for purposes of determining any liability under the Securities Act of 1933, each filing of the registrant's annual report pursuant to Section 13(a) or Section 15(d) of the Securities Exchange Act of 1934 (and, where applicable, each filing of an employee benefit plan's annual report pursuant to Section 15(d) of the Securities Exchange Act of 1934) that is incorporated by reference in the registration statement shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial *bona fide* offering thereof."

50.     In addition, the Registration Statement stated, pursuant to federal law, that Advanta would file post-effective amendment to the Registration Statement:

(i)   To include any prospectus required by Section 10(a)(3) of the Securities Act of 1933;

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

(ii) To reflect in the prospectus any facts or events arising after the effective date of the registration statement (or the most recent post-effective amendment thereof) which, individually or in the aggregate, represent a fundamental change in the information set forth in the registration statement. Notwithstanding the foregoing, any increase or decrease in volume of securities offered (if the total dollar value of securities offered would not exceed that which was registered) and any deviation from the low or high end of the estimated maximum offering range may be reflected in the form of prospectus filed with the Commission pursuant to Rule 424(b) if, in the aggregate, the changes in volume and price represent no more than 20 percent change in the maximum aggregate offering price set forth in the "Calculation of Registration Fee" table in the effective registration statement;

(iii) To include any material information with respect to the plan of distribution not previously disclosed in the registration statement or any material change to such information in the registration statement.

51.     With respect to the post-effective amendments referenced in the preceding paragraph, the Registration Statement provided that "for the purpose of determining any liability under the Securities Act of 1933, each such post-effective amendment shall be deemed to be a new registration statement relating to the securities offered therein, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof."

52.     On February 28, 2007, Defendants caused Advanta to file its Annual Report, which is referred to herein as the 2007 Amendment. This report was incorporated by reference in the Registration Statement and acts as a registration statement in connection with the ongoing sale of RediReserve notes for purposes of determining liability under the 1933 Act.

53.     On February 28, 2008, Defendants caused Advanta to file its Annual Report, which is referred to herein as the 2008 Amendment. This report was incorporated by reference in the Registration Statement and acts as a registration statement in connection with the ongoing sale of RediReserve notes for purposes of determining liability under the 1933 Act.

54.     On February 9, 2009, Defendants caused Advanta to file the February 2009 Amendment, which registered $150 million worth of RediReserve notes and registered $60

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

million worth of unsold notes. This post-effective amendment acts as a registration statement in connection with the ongoing sale of RediReserve notes for purposes of determining liability under the 1933 Act.

55.    On March 13, 2009, Defendants caused Advanta to file its Annual Report, which is referred to herein as the March 2009 Amendment. This report was incorporated by reference in the Registration Statement and acts as a registration statement in connection with the ongoing sale of RediReserve notes for purposes of determining liability under the 1933 Act.

**DEFENDANTS' FALSE AND MISLEADING STATEMENTS**

56.    On February 28, 2007, the 2007 Amendment reported Advanta's financial results for that year and stated: "Our strategy in our Advanta Business Cards business segment is to maximize long-term profits by attracting and retaining high credit quality customers and deepening our customer relationships."

57.    The 2007 Amendment further indicated: "Our principal objective is to use our information-based strategy to continue to prudently grow our business and increase our profitability. Based on our experience and expertise in analyzing the credit behavior and characteristics of our customers, we have developed an extensive database of customer information and attributes. We use this information, in conjunction with proprietary credit scoring, targeting and other sophisticated analytical models we have developed, to market our product offerings and services to prospective customers and to manage our relationships with our existing customers. We continually monitor our customer segments and validate our models based on actual results, and use this information to refine and improve our analytical assumptions. The information we gather and analyze allows us to market directly to specific customer segments and target prospects effectively. We also use this information proactively to

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

anticipate customer needs and customize our product offerings to meet those needs and to enhance and maintain our relationships with existing customers. . . . We use a targeted approach to these market segments, aiming to anticipate the distinct needs of various small businesses and business professionals and to design product offerings and services that are useful to them, based on their specific needs. Our strategy also involves strengthening and deepening our relationships with our existing customers through our rewards programs, promotional offers, on-line account management tools and customer service."

58.     The 2007 Amendment represented that "Management believes that at December 31, 2006, Advanta Bank Corp. was in compliance with the capital adequacy requirements to which it was subject." The 2007 Amendment further represented that as of December 31, 2006, Advanta Bank Corp. had sufficient capital to be regarded as "well-capitalized" under the applicable regulatory framework.

59.     On February 28, 2008, the 2008 Amendment reported Advanta's financial results for that year and stated: "We have developed sophisticated models for assessing the creditworthiness of applicants. Using a proprietary credit scoring system, we evaluate common applicant characteristics and their correlation to credit risk. We regularly validate and update our scoring models to maintain and enhance their predictive power."

60.     The 2008 Amendment further indicated:  "We design our product offerings to selectively attract and retain high credit quality customers and to respond to the competitive environment."

61.     The 2008 Amendment further represented that "Management believes that at December 31, 2007, Advanta Bank Corp. was in compliance with the capital adequacy requirements to which it was subject."

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

62.    On January 22, 2009, Advanta filed an SEC Form 8-K, which was incorporated by reference in the Registration Statement.    In this SEC Form 8-K, Advanta indicated that, contrary to "recent media," "[e]arly amortization for our business credit card master trust is avoidable and the Company does not expect it to occur.  The Company has repricing options and other structuring alternatives available to it."  The incorporated SEC Form 8-K further stated that "[t]he financial condition of the Company is very strong and our cash and short-term investment position has been increased in the fourth quarter from the $1.8 billion we reported as of September 30, 2008."

63.    On February 9, 2009, Advanta filed the February 2009 Amendment, which registered $150 million in RediReserve notes and registered $60 million in unsold notes.  The February 9, 2009 Amendment incorporated both the 2008 Amendment and the SEC Form 8-K filed on January 22, 2009.

64.    On March 13, 2009, the March 2009 Amendment reported: "We believe that we have helped position ourselves for the current challenging economic environment by increasing our levels of cash and liquid assets throughout 2008 and *maintaining strong capital levels*."

65.    The March 2009 Amendment further indicated that "we do not expect an early amortization to cause a serious reduction of our strong levels of liquidity. Our expectation is that we would use our tools to prevent an early amortization unless we conclude that it is to our advantage not to do so."

66.    The March 2009 Amendment also represented that through December 31, 2008, Advanta Bank Corp. had "capital in excess of levels a bank is required to maintain to be classified as well-capitalized under the regulatory framework for prompt corrective action."

67.    Meanwhile, the true facts were as follows:

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

A.     As described in FDIC Order #1, Advanta was engaged in "unsafe or unsound banking practices" and these practices had caused "significant financial deterioration" such that, in a cease and desist order issued on June 30, 2009, the FDIC ordered Advanta to retain competent management capable of operating Advanta in a "safe and sound manner." The FDIC further ordered that the Board "shall increase its participation in the affairs of the Bank." The disarray was so severe that the FDIC ordered Advanta to submit a plan for discontinuance of deposit-taking operations and the voluntary termination of deposit insurance after the repayment in full of all deposits.

B.     As described in FDIC Order #1, the FDIC found that Advanta operated with inadequate capital for its risk profile and that Advanta required a plan addressing, *inter alia*, its (i) current and future capital requirements, (ii) level of concentrations of credit, and (iii) volume of adversely classified assets. For example, the FDIC would reveal on December 16, 2009 that Advanta Bank Corp.'s Tier 1 capital ratio was only 3.73% as of September 30, 2009, well below the necessary level.

C.     As described in FDIC Order #1, Advanta operated in a manner that did not sustain satisfactory earnings performance to maintain sufficient capital for Advanta's risk profile.

D.     As described in FDIC Order #2 and a July 1, 2009 press release, the FDIC determined that Advanta was unfairly increasing the interest rate it charged its customers even when customers had neither exceeded their

- 20 -

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

limits nor were delinquent in making payments on their accounts. The FDIC further determined that Advanta had failed to adequately notify accountholders that their interest rates were increasing. These violations resulted in a $150,000 fine and Advanta having to pay $21 million in restitution for the "substantial injury" it caused customers.

E.      Advanta's low underwriting standards had led to a credit card portfolio packed with uncreditworthy customers. This situation made massive credit losses and the early amortization of Advanta's credit card trust inevitable. By March 31, 2009, Advanta's credit card portfolio debt was approximately 20% uncollectible, a level that exceeded "subprime" consumer accounts at other lenders.

## RELIANCE PRESUMED

68.      Because Plaintiff and members of the Class acquired RediReserve notes prior to the issuance of an earnings statement covering a 12 month period after the issuance of the Registration Statement, as amended by the 2007 Amendment, the 2008 Amendment, the February 2009 Amendment and March 2009 Amendment, reliance on the Registration Statement is presumed under the 1933 Act.

## THE TRUTH EMERGES

69.      By making misleading and inaccurate statements and failing to disclose material information about Advanta's business, Defendants presented an inaccurate picture of the Company's business and prospects in the Registration Statement, as amended, and the documents that were incorporated by reference therein.

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

70.      Instead of conceding that Advanta's business was not as healthy as represented, Defendants failed to disclose mismanagement and financial deterioration at the Advanta Bank Corp., failed to disclose that Advanta was engaged in illegal and unsustainable credit card practices, overstated Advanta's financial strength, overstated the quality of Advanta's credit card portfolio, and overstated Advanta's ability to avoid early amortization of its credit card portfolio. Defendants' false and misleading statements artificially inflated the value of Advanta's RediReserve notes, thereby damaging the members of the Class who acquired such notes pursuant to the Registration Statement, as amended.

71.      On July 1, 2009, the FDIC issued a press release describing one of the two cease and desist orders it had entered into with Advanta. The press release and attached FDIC Order #2 indicated that the FDIC concluded that Advanta had unfairly raised the interest rates charged to its customers, who had neither exceeded their credit limits nor were delinquent in making payments on their accounts. As a result of these violations, the FDIC fined Advanta $150,000 and ordered Advanta to pay $21 million in restitution in connection with Advanta's unfair interest rate hikes. These payments significantly weakened Advanta financially such that by November 8, 2009, the Company had only about $100 million in cash and cash equivalents.

72.      On July 31, 2009, the FDIC issued a press release making public FDIC Order #1. FDIC Order #1 indicated that the FDIC concluded that the Advanta Bank Corp. was engaged in "unsafe and unsound banking practices" and that such practices caused the Bank's "significant financial deterioration." The FDIC further found that Advanta was operating with inadequate capital for its risk profile and was operating in a manner that did not sustain satisfactory earnings performance to maintain sufficient capital in relation to the Company's risk profile.

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

73.     On November 8, 2009, without prior notice to the FDIC, Advanta filed a voluntary petition for reorganization under Chapter 11 of the U.S. Bankruptcy Code. At that time, Advanta represented that approximately $138 million in notes were outstanding.

74.     On December 16, 2009, the FDIC found that there was a "substantial threat" that yet another of Advanta's subsidiary banks, the Advanta Bank, would "engage in violations of law and/or unsafe or unsound business practices" and instituted a proceeding to determine whether an appropriate order should be issued against the subsidiary bank under the provisions of section 8(b) of the Federal Deposit Insurance Act.

75.     Among other things, the FDIC charged that the Board, which included defendants Alter, Rosoff, Costello, and Browne, lacked independence from the Bank's bankrupt parent company, Advanta Corp., which was "in need of capital." The FDIC further charged that the Advanta Bank failed to maintain adequate records and charged that Alter, Rosoff, Costello and Browne had "hindered" the FDIC's efforts to monitor the financial condition of the Advanta Bank.

76.     In light of Advanta's bankruptcy, it is unclear whether the Class will be able to recoup the principal and interest owed them in connection with the RediReserve notes.

## FIRST CAUSE OF ACTION

### Violations of the 1933 Act Against All Defendants

77.     Plaintiff repeats and realleges each and every allegation contained above.

78.     This Count is brought pursuant to § 11 of the 1933 Act, 15 U.S.C. § 77k, on behalf of the Class, against all Defendants. For purposes of this Cause of Action, Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

intentional or reckless misconduct, as this Cause of Action is based solely on claims of strict liability and/or negligence under the 1933 Act.

79. The Registration Statement, as amended, was false and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

80. The Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement. Each of the Individual Defendants signed or authorized the signing of the Registration Statement as amended. KPMG consented to the incorporation of the audited financial statements into the Registration Statement, as amended. Defendants did not make a reasonable investigation and did not possess reasonable grounds for the belief that the statements contained in the Registration Statement, as amended, were true and without omissions of any material facts and were not misleading.

81. By reason of the conduct alleged herein, each Defendant violated, and/or controlled a person who violated, § 11 of the 1933 Act.

82. Plaintiff acquired RediReserve notes pursuant and/or traceable to the Registration Statement, as amended, for the offering.

83. Plaintiff and the Class have sustained damages. At the time they purchased RediReserve notes, Plaintiff and the other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to November 8, 2009. Less than one year has elapsed from the time that Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff filed this complaint. Less than three years elapsed between the

- 24 -

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

time that the securities upon which this Count is brought were offered to the public and the time Plaintiffs filed this complaint.

## SECOND CAUSE OF ACTION

### Violations of § 12(a)(2) of the 1933 Act Against All Defendants

84.     Plaintiff repeats and realleges each and every allegation contained above. For purposes of this Cause of Action, Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this Cause of Action is based solely on claims of strict liability and/or negligence under the 1933 Act.

85.     By means of the defective Registration Statement, as amended, Defendants assisted in the sale of the Company's securities to Plaintiff and the other members of the Class.

86.     The Registration Statement, as amended, was false and misleading as detailed above. Defendants owed Plaintiff and the other members of the Class who acquired RediReserve notes pursuant to the Registration Statement, as amended, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement, as amended, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Registration Statement, as amended, that are set forth above.

87.     At the time they purchased RediReserve notes, Plaintiff and the other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to November 8, 2009.

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

88.     By reason of the conduct alleged herein, Defendants violated §12(a)(2) of the 1933 Act.  As a direct and proximate result of such violations, Plaintiff and the other members of the Class who acquired RediReserve notes pursuant to the Registration Statement, as amended, sustained substantial damages in connection with their acquisition of RediReserve notes. Accordingly, Plaintiff and the other members of the Class who hold such shares have the right to rescind and recover the cash value of the consideration exchanged for their shares, and hereby tend their shares to the Defendants.

### THIRD CAUSE OF ACTION

### Violations of § 15 of the 1933 Act Against the Individual Defendants

89.     Plaintiff repeats and realleges each and every allegation contained above.

90.     This Cause of Action is brought pursuant to § 15 of the 1933 Act against the Individual Defendants.  For purposes of this Cause of Action, Plaintiff expressly excludes and disclaims any allegation that could be construed as alleging fraud or intentional or reckless misconduct, as this Cause of Action is based solely on claims of strict liability and/or negligence under the 1933 Act.

91.     Each of the Individual Defendants was a control person of Advanta by virtue of his or her position as a director, senior officer, and/or major shareholder of the Company, which allowed each of the Individual Defendants to exercise control over Advanta and its operations.

92.     Each of the Individual Defendants was a culpable participant in the violations of § 11 of the 1933 Act alleged in the Cause of Action above, based on their having signed or authorized the signing of the Registration Statement, as amended, and having otherwise participated in the process which allowed the offering to be successfully completed.

- 26 -

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.    Determining that this action is a proper class action and certifying Plaintiff as Class Representative;

B.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

D.    Awarding rescission or a rescissory measure of damages; and

E.    Such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: June 24, 2010                    Respectfully submitted,

                                        **THE WEISER LAW FIRM, P.C.**

                                        By: _____
                                        Robert B. Weiser (PA #81575)
                                        Brett D. Stecker (PA #86242)
                                        Jeffrey J. Ciarlanto  (PA #205838)
                                        121 N. Wayne Avenue, Suite 100
                                        Wayne, PA 19087
                                        Telephone:  (610) 225-2677
                                        Facsimile:  (610) 225-2678

                                        **SCOTT + SCOTT LLP**
                                        Arthur L. Shingler III
                                        600 B Street
                                        Suite 1500
                                        San Diego, CA 92101
                                        Telephone: (619) 233-4565

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

Facsimile: (619) 233-0508

**SCOTT + SCOTT LLP**
Thomas L. Laughlin IV
500 Fifth Avenue
Floor 40
New York, NY 10110
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

**SCOTT + SCOTT LLP**
Geoffrey M. Johnson
12434 Cedar Road
Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092

*Attorneys for Plaintiffs, and the proposed Class of similarly situated persons.*

**CERTIFICATION OF WILLIAM E. UNDERLAND
PURSUANT TO FEDERAL SECURITIES LAWS**

I, William E. Underland, declare as to the claims asserted under the federal securities laws, that:

1.      I have reviewed the Complaint and I have retained The Weiser Law Firm, P.C. and Scott + Scott, LLP, and such co-counsel they deem appropriate to associate with, to pursue such action on a contingent-fee basis.

2.      I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any action.

3.      I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.      My transaction(s) in the Advanta Investment Notes that are the subject of this action during the Class Period is/are as follows:

| No of Securities | Buy/Sell | Date | Price Per Share |
|---|---|---|---|
| 350140 4726 - 18mo Note | | 10/27/2008 | 20,000 |
| 350140 4739 - 12mo note | | 10/27/2008 | 20,000 |
| 350134 1279 - 12mo note | | 4/29/09 | 20,000 |

5.      During the three years prior to the date of this Certification, I have not served as a class representative or sought to serve as a class representative.

6.      I will not accept any payment for serving as a representative party on behalf of the class beyond my *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this _12_ th day of June, 2010, at Pocono Pines, Pennsylvania.

Signature:   *William E. Underland*
                        William E. Underland

Case# 2010-16719-0 Received at Montgomery County Prothonotary on 06/24/2010 9:47 AM, Fee = $251.00

1

# EXHIBIT  B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William E. Underland, on behalf of himself and all other similarly situated persons | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : <br> : |
| v. | : <br> : |
| Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Robert S. Blank, Max Botel, Thomas Costello, Dana Becker Dunn, Robert Lubner, Olaf Olaffson, Michael Stolper, and KPMG LLP | :     Case No. _____ <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## DEFENDANT KPMG LLP'S CONSENT TO REMOVAL

Defendant KPMG LLP hereby consents to Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Robert S. Blank, Max Botel, Thomas Costello, Dana Becker Dunn, Robert Lubner, Olaf Olafsson, and Michael Stolper's removal to this Court of the state court action described in their Notice of Removal. KPMG LLP appears for the purpose of consenting to removal only and for no other purpose, and reserves all defenses and rights available to it.  This is not a core proceeding under 28 U.S.C. § 157(b).  KPMG LLP does not consent to entry of final orders or judgment by any bankruptcy judge or to the jurisdiction of the bankruptcy court for any purpose..

Dated:  July 23, 2010

Respectfully submitted,

Edward D. Rogers
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Phone:  (215) 864-8144
Fax:  (215) 864-8999

*Attorneys for Defendant KPMG LLP*

## CERTIFICATE OF SERVICE

I, Sarah L. Westbrook, hereby certify that on July 23, 2010, via first-class mail, postage

pre-paid, I served the foregoing Notice of Removal to the following:

Robert B. Weiser
Brett D. Stecker
Jeffry J. Ciarlanto
The Weiser Law Firm
121 N. Wayne Avenue, Suite 100
Wayne, PA  19087
Phone:  (610) 225-2677

*Attorneys for Plaintiff William E. Underland*

Arthur L. Shingler III
Scott + Scott LLP
600 B. Street, Suite 1500
San Diego, CA  92101
Phone:  (619) 233-4565

*Attorneys for Plaintiff William E. Underland*

Thomas L. Laughlin IV
Scott + Scott LLP
500 Fifth Avenue, Floor 40
New York, NY  10110
Phone:  (212) 223-6444

*Attorneys for Plaintiff William E. Underland*

Geoffrey M. Johnson
Scott + Scott LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH  44106
Phone:  (216) 229-6088

*Attorneys for Plaintiff William E. Underland*

1

Stanley J. Parzen
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
Phone:  (312) 701-7326

*Attorneys for Defendant KPMG LLP*

Edward D. Rogers
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Phone:  (215) 864-8144

*Attorneys for Defendant KPMG LLP*

Sarah L. Westbrook