UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- X
        :
WILLIAM E. UNDERLAND, *on behalf of*  :
*himself and all others similarly situated,*   :
        :
        Plaintiff,  :  Electronically Filed
        :
  - against-  :
        :
        :
DENNIS ALTER, WILLIAM A. ROSOFF,  :
PHILIP M. BROWNE, DAVID B.  :  10-Civ.-3621 (CMR)
WEINSTOCK, ROBERT S. BLANK, MAX  :
BOTEL, THOMAS COSTELLO, DANA  :
BECKER DUNN, ROBERT LUBNER, OLAF  :
OLAFSSON, MICHAEL STOLPER and  :
KPMG LLP,  :
        :
        Defendants.  :
        X
-------------------------------------------------------

**PLAINTIFFS WILLIAM E. UNDERLAND'S AND MARK SCHALLER'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFFS AND APPROVAL OF LEAD PLAINTIFFS' SELECTION OF
LEAD COUNSEL**

Plaintiffs William E. Underland ("Underland") and Mark Schaller ("Schaller) (collectively, the "Movants" or "Plaintiffs"), respectfully submit this Memorandum of Law in Support of their Motion (the "Motion") for an order: (1) appointing Movants as Lead Plaintiffs pursuant to Section 27(a)(1) and (a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), and (2) approving Movants' selection of Scott+Scott LLP ("Scott+Scott") and The Weiser Law Firm, P.C. (the "Weiser Law Firm") as Lead Counsel. Pursuant to Local Rule 7.1, Movants also concurrently submit a proposed Order, attached as Exhibit A to the Declaration of Robert B. Weiser in Support of Plaintiffs' Motion for Appointment as Lead Plaintiffs and Approval of Lead Plaintiffs' Selection of Lead Counsel (the "Weiser Declaration").

## INTRODUCTION

The above-captioned action (the "Action") is a putative securities class action arising out of Advanta Corporation's ("Advanta") unusual and unfortunate habit of financing itself by marketing so-called "RediReserve" variable rate certificates and investment notes (collectively, the "RediReserve Notes") directly to retail investors. Movants bring this Action under §§ 11, 12(a) and 15 of the Securities Act (*See* 15 U.S.C. §§ 77k, 77l(a)(2) and 77o) and allege that the registration statements and prospectuses issued by Defendants in connection with the sale of RediReserve Notes contained materially false and misleading statements and omissions.[1]

Advanta is a financial holding company that, along with its subsidiaries, specialized in offering credit cards to riskier segments of the credit market, such as small businesses. From

---

[1] The "Individual Defendants" to the Action are: Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Robert S. Blank, Max Botel, Thomas Costello, Dana Becker Dunn, Robert Lubner, Olaf Olafsson, and Michael Stolper. Together with defendant KPMG LLP ("KPMG"), the Individual Defendants are referred to herein as "Defendants."

- 1 -

August 2006 to late 2009, Advanta offered approximately $500 million worth of RediReserve Notes through what is known as a shelf registration. In connection with the shelf registration, Defendants caused Advanta to file a series of registration statements to inform potential investors about Advanta's business and the risks associated with the RediReserve Notes.

Even as the economy deteriorated, in Advanta's registration statements and the documents incorporated therein, Defendants portrayed Advanta as a thriving company with a strong balance sheet. For example, in a registration statement dated March 13, 2009, Defendants assured investors: "We believe that we have helped position ourselves for the current challenging economic environment by increasing our levels of cash and liquid assets throughout 2008 and maintaining strong capital levels." Further, in a January 22, 2009 filing, Defendants proclaimed that "[t]he financial condition of the Company is very strong."

The rosy picture painted by Defendants in these registration statements was materially misleading because Defendants concealed from investors that, in fact, Advanta's business was collapsing under the weight of its unsafe banking practices, abusive lending practices, and a credit card portfolio brimming with uncollectible debt and uncreditworthy customers. In the summer of 2009, the Federal Deposit Insurance Company (the "FDIC") revealed the near-total disarray at Advanta with two separate orders, in which the FDIC cited "unsafe and unsound" banking practices causing "significant financial deterioration," inadequate capital in proportion to risk, operations incapable of producing satisfactory profits, and abusive and unfair rate hikes for Advanta's customers. Moreover, by March 31, 2009, Advanta's credit card portfolio was approximately 20% uncollectible.

However, these revelations were unfortunately too late for the many investors who had purchased RediReserve Notes in reliance on Defendants' false and misleading representations in

Advanta's registration statements and prospectuses. Advanta entered bankruptcy on November 8, 2009 with *$138 million* in RediReserve Notes outstanding.

The Individual Defendants to this Action are those individuals who caused Advanta to file materially false and misleading registration statements and prospectuses -- specifically, the directors and officers of Advanta who signed the false registration statements and vouched for them to investors. Advanta's outside auditor, KPMG, is also a Defendant because KPMG vouched for false and misleading financial data that was included by the Individual Defendants in the registration statements.

Movants respectfully submit that they are the most adequate plaintiffs, and that they are suitable lead plaintiffs and class representatives in this Action. Movants have satisfied the requirements of the PSLRA. First, Movants are both believed to be the moving class members with the largest losses and the most appropriate lead plaintiffs due to the size of their investments in RediReserve Notes, as well as their interests in the Action. Plaintiff Underland purchased $60,000 worth of RediReserve Notes and suffered Section 11 losses of the same amount. Plaintiff Schaller purchased $36,564.01 worth of RediReserve Notes and suffered Section 11 losses of that same amount.[2] Second, Movants satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). Further, Movants' claims are typical of those of the class and Movants will adequately represent the class.

## ARGUMENT

I. **The Court Should Appoint Movants as Lead Plaintiffs**

The PSLRA establishes a procedure for the appointment of "lead plaintiff[s]" in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant

---

[2] Certifications detailing Underland's and Schaller's respective RediReserve Notes purchases are attached as Exhibits B and C to the Weiser Declaration.

to the Federal Rules of Civil Procedure." §27(a)(1) and (a)(3)(B), 15 U.S.C. §77z-1(a)(1) and (a)(3)(B). The PSLRA provides that the plaintiff who files the initial action must publish an "early notice" to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. §27(a)(3)(A)(i), 15 U.S.C. §77z-1(a)(3)(A)(i).[3] The PSLRA further provides that within 90 days after the publication of the notice of pendency, the court shall consider any lead plaintiff motion and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," the criteria for which are further defined by the PSLRA.[4] §27(a)(3)(B)(i), 15 U.S.C. §77z-1(a)(3)(B)(i).

The PSLRA directs courts to presume, when appointing lead plaintiffs pursuant to the statute, that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
>
> (bb) in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class, and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§(27)(3)(13)(iii)(II), 15 U.S.C. §77z-1(a)(3)(13)(iii)(II). The movant with the largest financial stake in the litigation and who otherwise satisfies the requirements of Rule 23 is the presumptive lead plaintiff. *See, e.g., In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.*, 229 F.R.D. 395, 411 (S.D.N.Y. 2004).

---

[3] The early notice was published on August 9, 2010 (the "Early Notice"). A true and correct copy of the Early Notice is attached as Exhibit D to the Weiser Declaration.

[4] The PSLRA permits putative class members to move for appointment as lead plaintiffs even if they have not filed a complaint. *See* 15 U.S.C. 77z-4(3)(B)(ii)(I).

As discussed and demonstrated below, Movants satisfy each of the criteria set forth above and are entitled to the presumption that they are the most adequate plaintiffs.

### A. Underland Filed the Original Complaint Initiating the Action and Moved to Be Appointed Lead Plaintiff Within Sixty Days of Publishing the Notice

Plaintiff Underland filed the original complaint initiating this Action in the Court of Common Pleas of Montgomery County, Pennsylvania. (Dkt. 1). Movants filed the instant Motion on October 8, 2010, within sixty days of August 9, 2009, the date on which the publishing of the Early Notice occurred. *See* Weiser Declaration, Exhibit D.

### B. Movants Have the Largest Financial Interest In the Relief Sought

Section 27(a)(3)(iii)(I)(bb) of the PSLRA defines the first requirement for the most adequate plaintiff is to be the "person or group of persons" that has "the largest financial interest in the relief sought by the class." §15 U.S.C. 77z-1(a)(3)(iii)(I)(bb). Courts have determined the largest financial interest by looking to: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli,* 229 F.R.D. at 404.

Section 11(a) of the Securities Act of 1933 provides the following regarding the measure of damages:

> the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought.

15 U.S.C. §77k(e). Collectively, Movants purchased $96,504.01 worth of RediReserve Notes (*See* Weiser Declaration, Exhibits B and C) and, given Advanta's bankruptcy, it does not appear that these RediReserve Notes have any value. Therefore, Movants' loss is $96,504.01.

As of the date of this Motion, Movants are unaware of any motion for appointment as lead plaintiff(s) by any class member(s) that claim to have sustained greater financial losses than the Movants in connection with the purchase and sale of RediReserve Notes. Movants have not received any notice that any potential applicant(s) sustained greater financial losses resulting from purchases of RediReserve Notes.

### C. Movants Satisfy the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA also sets out the second requirement for being the "most adequate plaintiff." In addition to possessing the largest financial interest in the outcome of the litigation, the Movants must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." §1 U.S.C. 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1)  the class is so numerous that joinder of all members is impracticable;

(2)  there are questions of law or fact common to the class;

(3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)  the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a).

Of these four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics and/or qualifications of the class representatives.

Accordingly, in adjudicating a lead plaintiff motion, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Pirelli*, 229 F.R.D. at 411-12. Movants satisfy both the typicality and adequacy requirements.

        1.    <u>Movants' Claims Are Typical of the Claims of Other Class Members</u>

Fed. R. Civ. P. 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Movants' claims are typical of the claims of the other members of the class. Here, Movants purchased RediReserve Notes: (1) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) were damaged thereby. Movants' claims in this case meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

        2.    <u>Movants Will Fairly and Adequately Represent the Interests of the Class</u>

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where the representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Movants will adequately represent the interests of the class in this Action. First, counsel for the class is well-qualified. Movants have retained counsel with considerable

experience in the prosecution of shareholder class action and federal securities law claims. *See* Scott+Scott LLP Firm Résumé and The Weiser Law Firm, P.C. Firm Résumé, attached as Exhibits E and F, respectively, to the Weiser Declaration. Second, there are no potential conflicts between Movants and the interests of the absent class members. All class members are aligned in the common interest of recovering their damages from Defendants. Movants have indicated that they will protect the interests of the class, as reflected in Movants' investor certifications. *See* Weiser Declaration, Exhibits B and C.

## II. The Court Should Approve Movants' Choice of Lead Counsel

Pursuant to Section 27(a)(3)(B)(v), 15 U.S.C. §77z-1(a)(3)(B)(v), lead plaintiff applicants shall, subject to court approval, select and retain counsel to represent the class. Only in rare circumstances should the counsel chosen by lead plaintiffs not be approved by the court. *Cavanaugh*, 306 F.3d at 733. Here, Movants have selected and retained Scott+Scott and the Weiser Law Firm. Both firms possess extensive experience in the areas of securities and other complex litigation. *See* Weiser Declaration, Exhibits E and F. Accordingly, the Court should approve Movants' selection of Lead Counsel.

## CONCLUSION

For the foregoing reasons, the Court should grant Movants' motion to appoint Underland and Schaller as Lead Plaintiffs and to appoint Scott+Scott and the Weiser Law Firm as Lead Counsel.

DATED: October 8, 2010                                THE WEISER LAW FIRM, P.C.

/s/ Robert B. Weiser
Robert B. Weiser (PA #81575)
Brett D. Stecker (PA #86242)
Jeffrey J. Ciarlanto (PA #205838)
121 N. Wayne Avenue, Suite 100

- 9 -

        Wayne, PA 19087
        Telephone: (610) 225-2677
        Facsimile: (610) 225-2678

        SCOTT + SCOTT LLP
        Arthur L. Shingler III
        600 B Street, Suite 1500
        San Diego, CA 92101
        Telephone: (619) 233-4565
        Facsimile: (619) 233-0508

        SCOTT + SCOTT LLP
        Thomas L. Laughlin IV
        500 Fifth Avenue, Floor 40
        New York, NY 10110
        Telephone: (212) 223-6444
        Facsimile: (212) 223-6334

        SCOTT + SCOTT LLP
        Geoffrey M. Johnson
        12434 Cedar Road, Suite 12
        Cleveland Heights, OH 44106
        Telephone: (216) 229-6088
        Facsimile: (216) 229-6092

        *Counsel for Plaintiffs William E. Underland*
        *and Mark Schaller*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 8, 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of the U.S. District Court for the Eastern District of Pennsylvania using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Robert B. Weiser
Robert B. Weiser