**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **William E. Underland, et al.** | § | |
| | § | |
| **v.** | § | **Civil Action No. 10-CV-03621-CMR** |
| | § | |
| **Dennis Alter, et al.** | § | |

**DEFENDANT DAVID B. WEINSTOCK'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE SECURITIES ACT OF 1933**

Defendant David B. Weinstock ("Defendant") files the following Answer to Plaintiffs' Second Amended Class Action Complaint for Violation of the Securities Act of 1933 (Docket Entry No. 61) ("Complaint"):

## PRELIMINARY STATEMENT

The Complaint, consisting of 101 paragraphs and spanning 30 pages, contravenes the Federal Rules of Civil Procedure by improperly mixing factual allegations with argumentative rhetoric so as to make admissions or denials of such allegations difficult and, at times, impossible. Many allegations are overbroad, vague, conclusory, or include terms that are undefined and vague. Many allegations contain references to alleged statements made by the Federal Deposit Insurance Corporation ("FDIC"), which cannot be verified by Defendant and to which he cannot meaningfully respond without access to the individuals at the FDIC who made the statements; the allegations based on the FDIC's alleged actions or statements provide no support for Plaintiffs' claims. All allegations in the Complaint are denied unless specifically admitted. Any factual allegation that is admitted is admitted only as to the specific facts and not as to any conclusion, characterization, implication, or speculation in the allegation or the Complaint. To the extent they contain factual allegations, the headings and subheadings

are denied. This Preliminary Statement is incorporated into each numbered paragraph of this Answer. Finally, Defendant denies that he violated the Securities Act of 1933.

1. Admitted in part; denied as stated in part; denied in part. Defendant admits that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes. To the extent that Plaintiffs allege that Advanta Corp. ("Advanta") sold RediReserve variable rate certificates and investment notes to investors, Defendant refers Plaintiffs to the applicable publicly available filings with the Securities and Exchange Commission ("SEC") containing that information. The remaining allegations in this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant denies that Advanta's registration statements and prospectuses contained untrue statements of material fact and omitted material facts, and is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations.

2. Admitted in part; denied in part. Defendant admits that for a certain period, Advanta was one of the nation's largest credit card issuers (through Advanta Bank Corp.) in the small business market. Defendant admits that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes between February 28, 2008 and November 8, 2009. The remaining allegations in this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant denies that Advanta engaged in unsafe, unsound, and

illegal business practices, and is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations.

3. Admitted in part; denied in part. Defendant admits that Advanta sold RediReserve variable rate certificates and investment notes as identified in documents publicly filed with the SEC. Defendant denies the remaining allegations in this paragraph.

4. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as identified in documents publicly filed with the SEC. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves. The remaining allegations of paragraph 4 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations.

5. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as identified in documents publicly filed with the SEC. The remaining allegations of paragraph 5 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations attributed to the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

6. Denied. The allegations of paragraph 6 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining

allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

7. Denied. The allegations of paragraph 7 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations in this paragraph are deemed to be factual, Defendant denies "paint[ing] far too rosy a picture of the state of Advanta's business and materially understat[ing] the risk of investing in the [RediReserve variable rate certificates and investment notes]."

8. Admitted in part; denied in part. Defendant admits only that KPMG LLP ("KPMG") was, at certain times, Advanta's auditor. The remaining allegations of paragraph 8 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations in this paragraph are deemed to be factual, Defendant denies that Advanta filed untrue registration statements, and is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations.

9. Admitted in part; denied in part. Defendant admits only that Advanta petitioned the Court for bankruptcy on November 8, 2009. Defendant denies that Advanta's bankruptcy was the result of any deficient business practices. The remaining allegations of paragraph 9 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations in this paragraph are deemed to be factual,

and to the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

10. Denied. The allegations of paragraph 10 call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

11. Denied. The allegations of paragraph 11 call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

12. Denied. The allegations of paragraph 12 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, Defendant denies violating any laws, denies preparing or disseminating materially false or misleading registration statements, and denies the remaining allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Admitted in part; denied in part. Defendant admits that Advanta was headquartered, at certain times, in Spring House, Pennsylvania and that for a certain period, Advanta was one of the nation's largest credit card issuers (through Advanta Bank Corp.) in the small business market. Defendant further admits that Advanta petitioned the Court for bankruptcy on November 8, 2009, and that it is not a defendant in this action. Otherwise, the allegations in Paragraph 15 are denied.

16. Admitted in part; denied in part. Defendant admits that, at certain times, Mr. Alter was Chairman of the Board and CEO of Advanta. To the extent Plaintiff alleges Mr. Alter owned shares of Advanta's stock, Defendant refers Plaintiffs to the Form 4s that were publicly filed by Mr. Alter with the SEC. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

17. Admitted in part; denied in part. Defendant admits that Mr. Rosoff was, at certain times, Vice Chairman of the Board and President of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

18. Admitted in part; denied in part. Defendant admits that Mr. Browne was, at certain times, Senior Vice President and Chief Financial Officer ("CFO") of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

19. Admitted in part; denied in part. Defendant admits that Mr. Weinstock was, at certain times, Vice President and Chief Accounting Officer of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is

required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

20. Admitted in part; denied in part. Defendant admits that Mr. Botel was, at certain times, a Director of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

21. Admitted in part; denied in part. Defendant admits that Mr. Costello was, at certain times, a Director of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

22. Admitted in part; denied in part. Defendant admits that Ms. Dunn was, at certain times, a Director of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

23. Admitted in part; denied in part. Defendant admits that Mr. Lubner was, at certain times, a Director of Advanta. The remaining allegations of this paragraph call for

legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

24. Admitted in part; denied in part. Defendant admits that Mr. Olafsson was, at certain times, a Director of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

25. Admitted in part; denied in part. Defendant admits that Mr. Stolper was, at certain times, a Director of Advanta. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations. Specifically, Defendant denies that Advanta issued an untrue registration statement.

26. Defendant admits that Plaintiffs collectively refer to Defendants Alter, Rosoff, Browne, Weinstock, Botel, Costello, Dunn, Lubner, Olafsson, and Stolper as the "Individual Defendants."

27. Admitted in part; denied in part. Defendant admits that KPMG was, at certain times, Advanta's independent auditor. The remaining allegations of this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To

the extent that the remaining allegations in this paragraph are deemed to be factual, Defendant denies the allegations.

**SUBSTANTIVE ALLEGATIONS**

28. Admitted in part; denied in part. Defendant admits that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes between February 28, 2008 and November 8, 2009. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. The remaining allegations in this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

29. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. The remaining allegations of paragraph 29 call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

30. Denied. The allegations of paragraph 30 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

31. Denied. The allegations of paragraph 31 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to

Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

32. Denied. The allegations of paragraph 32 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

33. Admitted in part; denied in part. Defendant admits only that Advanta filed a Form 10-K on February 28, 2008. Defendant denies all characterizations in paragraph 33 of that document, reference to which is made for its contents. The remaining allegations of paragraph 33 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

34. Admitted in part; denied in part. Defendant admits only that Advanta filed a post-effective amendment on February 9, 2009. Defendant denies all characterizations in paragraph 34 of that document, reference to which is made for its contents. The remaining allegations of paragraph 34 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be

factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

35. Admitted in part; denied in part. Defendant admits only that Advanta filed a Form 10-K on March 13, 2009. Defendant denies all characterizations in paragraph 35 of that document, reference to which is made for its contents. The remaining allegations of paragraph 35 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

36. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. The remaining allegations of paragraph 36 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

37. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. The remaining allegations of paragraph 37 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining

allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

38. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. The remaining allegations of paragraph 38 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

39. Admitted in part; denied in part. Defendant admits only that Advanta petitioned the Court for bankruptcy on November 8, 2009. The remaining allegations of paragraph 39 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, and to the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

40. Denied.

41. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings or to alleged newspaper advertisements, Defendant denies any characterizations of

those documents, which speak for themselves. Defendant denies the remaining allegations in this paragraph.

42. Admitted in part; denied in part. Defendant admits only that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves.

43. Denied. The allegations of paragraph 43 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant denies that the "Registration Statement, as amended, dramatically overstated the strength of Advanta's business and financial strength and omitted numerous material facts about Advanta's illegal and unsound business and accounting practices."

44. Denied. The allegations of paragraph 44 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant denies that the statement quoted by Plaintiffs was "untrue" or "omitted material facts," and is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the

alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

45. Denied. The allegations of paragraph 45 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant denies that Advanta was understating its loan losses or failing to account for changes in customer behavior driven by the economic downturn and Advanta's repricing.

46. Denied. The allegations of paragraph 46 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves.

47. Denied. The allegations of paragraph 47 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims, and Defendant denies the remaining allegations.

48. Denied. The allegations of paragraph 48 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant denies that Advanta's SEC filings contained false statements.

49. Denied. The allegations of paragraph 49 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant denies that the statement quoted by Plaintiffs was "false" or "misleading."

50. Denied. The allegations of paragraph 50 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant denies that the statements quoted by Plaintiffs were "untrue" or "omitted material facts."

51. Denied. The allegations of paragraph 51 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, they are denied.

52. Denied. The allegations of paragraph 52 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

53. Denied. The allegations of paragraph 53 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

54. Denied. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

55. Denied. The allegations of paragraph 55 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

56. Denied. The allegations of paragraph 56 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

57. Denied. Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

58. Denied. The allegations of paragraph 58 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which

speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant denies that Advanta engaged in illegal repricing, and is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

59. Denied. The allegations of paragraph 59 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant denies that Advanta engaged in illegal repricing, and is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

60. Denied. The allegations of paragraph 60 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant denies that Advanta engaged in "severe" or illegal repricing, and is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

61. Denied. The allegations of paragraph 61 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

62. Denied. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

63. Denied. The allegations of paragraph 63 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

64. Denied. The allegations of paragraph 64 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

65. Denied. The allegations of paragraph 65 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining

allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

66. Denied. The allegations of paragraph 66 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

67. Denied. The allegations of paragraph 67 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

68. Denied. The allegations of paragraph 68 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

69. Denied. The allegations of paragraph 69 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

70. Denied. The allegations of paragraph 70 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

71. Denied. The allegations of paragraph 71 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining

allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

72. Denied. The allegations of paragraph 72 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

73. Denied. The allegations of paragraph 73 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

74. Admitted in part; denied in part. Defendant admits only that Advanta filed a Form 8-K on July 1, 2009. Defendant denies all characterizations in paragraph 74 of that document, reference to which is made for its contents. The remaining allegations of paragraph 74 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant denies them.

75. Admitted in part; denied in part. Defendant admits only that Advanta petitioned the Court for bankruptcy on November 8, 2009. The remaining allegations of paragraph 75 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

76. Denied. The allegations of paragraph 76 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

77. Denied as stated. Defendant is without knowledge or information sufficient to form a belief regarding the truth of allegations of paragraph 77. Further, Defendant is without knowledge or information sufficient to form a belief regarding the truth or falsity of the allegations based on the alleged actions or statements of the FDIC, but Defendant denies that any such information supports Plaintiffs' claims.

78. Denied. The allegations of paragraph 78 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

79. Denied. The allegations of paragraph 79 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. To the extent the remaining allegations are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of those allegations.

80. Denied. The allegations in paragraph 80 call for legal conclusions, to which no responsive pleading is required. By way of further response, Defendant denies that this action can or should be certified as a class action. To the extent that the allegations in this paragraph are deemed to be factual, Defendant admits only that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes between February 28, 2008 and November 8, 2009. To the extent Plaintiff refers to Advanta's SEC filings, Defendant denies any characterizations of those documents, which speak for themselves. Defendant is without

knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.

81. Denied. The allegations in paragraph 81 call for legal conclusions, to which no responsive pleading is required. By way of further response, Defendant denies that this action can or should be certified as a class action. To the extent that the allegations in this paragraph are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations.

82. Denied. The allegations in paragraph 82 call for legal conclusions, to which no responsive pleading is required. By way of further response, Defendant denies that this action can or should be certified as a class action. To the extent that the allegations in this paragraph are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations.

83. Denied. The allegations in paragraph 83 call for legal conclusions, to which no responsive pleading is required. By way of further response, Defendant denies that this action can or should be certified as a class action. To the extent that the allegations in this paragraph are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations.

84. Denied. The allegations in paragraph 84 call for legal conclusions, to which no responsive pleading is required. By way of further response, Defendant denies that this action can or should be certified as a class action. To the extent that the allegations in this paragraph are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations.

85. Denied. The allegations in paragraph 85 call for legal conclusions, to which no responsive pleading is required. By way of further response, Defendant denies that this action can or should be certified as a class action. To the extent that the allegations in this paragraph are deemed to be factual, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations.

**FIRST CAUSE OF ACTION**

**Violations of §11 of the 1933 Act Against All Defendants**

86. Defendant admits that Plaintiffs repeat and reallege every allegation contained above in the Complaint. Defendant incorporates by reference his responses to paragraphs 1 through 85.

87. Denied. The allegations in paragraph 87 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied.

88. Denied. The allegations in paragraph 88 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied.

89. Denied. The allegations in paragraph 89 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied. To the extent that Plaintiffs' allegations purport to characterize statements contained in written documents, Defendant denies such allegations because such documents speak for themselves.

90. Denied. The allegations in paragraph 90 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied.

91. Denied. The allegations in paragraph 91 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied because Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in Paragraph 91.

92. Denied. The allegations in paragraph 92 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied.

**SECOND CAUSE OF ACTION**

**Violations of §12(a)(2) of the 1933 Act Against the Individual Defendants**

93. Admitted in part; denied in part. Defendant admits that Plaintiffs repeat and reallege every allegation contained above in the Complaint. Defendant incorporates by reference his responses to paragraphs 1 through 92. Otherwise, Defendant denies the allegations in Paragraph 93 because they are legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied.

94. Denied. To the extent that Plaintiffs' allegations purport to characterize statements contained in written documents, Defendant denies such allegations because such documents speak for themselves. Otherwise, Defendant denies the allegations in Paragraph 94 because they are legal conclusions, to which no responsive pleading is required.

95. Denied. The allegations in paragraph 95 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied. To the extent that Plaintiffs' allegations purport to characterize statements contained in written documents, Defendant denies such allegations because such documents speak for themselves.

96. Denied. The allegations in paragraph 96 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied because Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96. To the extent that Plaintiffs' allegations purport to characterize statements contained in written documents, Defendant denies such allegations because such documents speak for themselves.

97. Denied. The allegations in paragraph 97 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied. To the extent that Plaintiffs' allegations purport to characterize statements contained in written documents, Defendant denies such allegations because such documents speak for themselves.

**<u>THIRD CAUSE OF ACTION</u>**

**Violations of §15 of the 1933 Act Against the Individual Defendants**

98. Defendant admits that Plaintiffs repeat and reallege every allegation contained above in the Complaint. Defendant incorporates by reference his responses to paragraphs 1 through 97.

99. Denied. The allegations in paragraph 99 call for legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied.

100. Admitted in part; denied in part. Defendant admits that he was Chief Accounting Officer of Advanta. Defendant denies that he was a major shareholder of Advanta. Otherwise, Defendant denies the allegations in Paragraph 100 because they are legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied.

101. Denied. Defendant denies the allegations in Paragraph 101 because they are legal conclusions, to which no responsive pleading is required. To the extent that it contains factual allegations, they are denied. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, Defendant denies any characterizations of those documents, which are in writing and speak for themselves.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs have failed to plead its fraud claims with particularity as required by Federal Rule of Civil Procedure 9(b).

3. Plaintiffs have failed to comply with the heightened pleading requirements of the Private Securities Litigation Reform Act.

4. Plaintiffs' putative class does not satisfy the requirements of Federal Rule of Civil Procedure 23.

5. Liability is barred by operation of the Safe Harbor Provision of the Private Securities Litigation Reform Act or the bespeaks caution doctrine.

6. Defendant at all times acted in good faith, in the belief after reasonable investigation that the registration statements were accurate, complete, true, correct, and were in no way misleading.

7. Defendant did not know, and had no reason to know, that the registration statements were inaccurate or incomplete, and, contrary to Plaintiffs' allegations, the registration statements were not inaccurate or incomplete.

8. Defendant did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.

9. Plaintiffs do not have standing to bring this action.

10. The alleged misrepresentations and omissions in the Complaint could not and did not cause any of the alleged harm, and Plaintiffs have suffered no legally cognizable damages.

11. No conduct of Defendant was either the legal cause or the cause in fact of any damages Plaintiffs has suffered.

12. Advanta never made any disclosure that suggests there were misrepresentations or omissions in its registration statements, let alone any such disclosure related to the misrepresentations or omissions alleged by Plaintiffs. Further, the alleged actions or statements of the FDIC disclose nothing regarding the subject matter of the alleged misrepresentations or omissions in the Complaint. Thus, Defendant is not liable to Plaintiffs for any damages pursuant to 15 U.S.C. § 77k(e), as something other than the alleged misrepresentations and omissions alleged in the Complaint necessarily caused the claimed losses.

13. To the extent Plaintiffs have suffered any damages, they have failed to mitigate those damages.

14. Any alleged misstatements or omissions alleged in the Complaint were in fact true, accurate, and complete, and/or were not material.

15. As regards any part of the registration statements not purporting to be made on the authority of an expert, and not purporting to be a copy of or extract from a report or valuation of an expert, and not purporting to be made on the authority of a public official, document or statement, Defendant is not liable because after reasonable investigation, Defendant had reasonable grounds to believe, and did believe, that the statements in the registration statement were true and that there was no omission of material fact required to be stated therein or necessary to make the statements therein not misleading.

16. As regards any part of the registration statements purporting to be made on the authority of an expert, or purporting to be a copy of or extract from a report or valuation of an expert, Defendant is not liable because after reasonable investigation, Defendant had reasonable grounds to believe, and did believe, that the statements in the registration statements were true, that there was no omission of material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statements fairly represented his or her statement as an expert or was a fair copy of or extract from his or her report or valuation as an expert.

17. As regards any part of the registration statements purporting to be a statement made by an official person or purporting to be a copy of or extract from a public official document or statement, Defendant is not liable because after reasonable investigation, Defendant had reasonable grounds to believe, and did believe, that the statements in the registration statements were true, that there was no omission of material fact required to be stated therein or necessary to make the statements therein not misleading, and that such part of the registration statements fairly represented the statement made by the official person or was a fair copy of or extract from the public official document.

18. Plaintiffs may not recover because they knew the true facts concerning the alleged misrepresentation or omission.

19. To the extent that the Complaint is based on any forward-looking statements, Defendant is not liable because any alleged misrepresentations were forward-looking or contained sufficient cautionary language and risk disclosure.

20. Defendant is not liable because some or all of the allegations in the Complaint which purport to be misrepresentations or omissions were publicly disclosed or were in the public domain and were thus available to Plaintiffs.

21. To the extent that Defendant is deemed a "controlling person" under Section 15, Defendant is not liable as a "controlling person," as Defendant had no knowledge or reason to know of any inaccuracies or omissions in the Registration Statement, did not induce any improper acts, and otherwise acted in good faith.

22. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

23. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

24. Should Plaintiffs recover any of its alleged losses through Advanta's bankruptcy process, Plaintiffs are not entitled to any double recovery in this litigation.

25. Plaintiffs are not entitled to collect any expenses, attorney fees, or expert fees.

26. Defendant adopts and incorporates by reference all defenses asserted by any other defendant to the extent such a defense may be available to Defendant.

27. Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in Defendant's favor and against Plaintiffs on Plaintiffs' Second Amended Class Action Complaint for Violation of the Securities Act of 1933, and award Defendant attorney fees, damages, costs, and all other relief to which Defendant is justly entitled.

Dated: August 29, 2012

Respectfully submitted,

*/s/ David W. Engstrom*

David W. Engstrom
Pa. I.D. No. 76178
LAW OFFICE OF DAVID W. ENGSTROM
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103
Telephone: (215) 375-7700
Facsimile: (215) 375-7882
dwe@dwengstromlaw.com

Thomas R. Ajamie
*Admitted Pro Hac Vice*
Wallace A. Showman
*Admitted Pro Hac Vice*
John S. "Jack" Edwards, Jr.
*Admitted Pro Hac Vice*
AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
wshowman@ajamie.com
jedwards@ajamie.com

ATTORNEYS FOR DEFENDANT
DAVID B. WEINSTOCK

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2012, I caused the foregoing Answer of Defendant David B. Weinstock to Plaintiff's Second Amended Class Action Complaint to be electronically filed and electronically served via the Court's CM/ECF system upon the following persons listed on attached Service List.

*/s/ David W. Engstrom*
David W. Engstrom

**SERVICE LIST**

Robert B. Weiser
Brett D. Stecker
Jeffrey J. Ciarlanto
THE WEISER LAW FIRM, P.C.
121 N. Wayne Avenue, Suite 1000
Wayne, PA 19087
Fax: (610) 225-2678

Thomas L. Laughlin IV
SCOTT + SCOTT LLP
500 Fifth Avenue, Floor 40
New York, NY 10110
Fax: (212) 223-6334

Geoffrey M. Johnson
SCOTT + SCOTT LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Fax: (216) 229-6092

Anne L. Box
SCOTT + SCOTT LLP
707 Broadway
Suite 1000
San Diego, CA 92101
Fax: (619) 233-0508

*Counsel for William E. Underland and Mark Schaller, and the proposed Class of similarly situated persons*

Geoffrey A. Kahn
Edward D. Rogers
Ruth S. Uselton
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Fax: (215) 864-9782

Stanley J. Parzen
James C. Schroeder
Justin A. McCarty
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Fax: (312) 706 8668

*Counsel for KPMG LLP*

Steven B. Feirson
Michael L. Kichline
Sarah L. Wyatt
Alexander R. Bilus
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 10104
Fax: (215) 994-2222

*Counsel for Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper*