IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. UNDERLAND and MARK SCHALLER, *on behalf of themselves and all others similarly situated,* <br> Plaintiffs, <br> v. <br> DENNIS ALTER, WILLIAM ROSOFF, PHILIP BROWNE, DAVID WEINSTOCK, ROBERT BLANK, MAX BOTEL, THOMAS COSTELLO, DANA BECKER DUNN, RONALD LUBNER, OLAF OLAFSSON, MICHAEL STOPLER, and KPMG LLP, <br> Defendants. | CIVIL ACTION <br> NO. 10-3621 |

## MEMORANDUM OPINION & ORDER

**Rufe, J.**                                                             **September 18, 2012**

By Memorandum Opinion and Order dated July 16, 2012, the Court denied motions to dismiss the Second Amended Complaint for failure to state a claim, which were filed by the officers and directors of Advanta ("the Advanta Defendants")[1] and KPMG LLP ("KPMG"). Defendant KPMG has filed a Motion to Reconsider that Opinion, again seeking dismissal of the single claim against it in Plaintiffs' Second Amended Complaint, brought pursuant to the Securities Act of 1933, § 11 ("§ 11"). KPMG's Motion will be denied.

---

[1] The Advanta Defendants are Dennis Alter, Chairman of the Board and Advanta's CEO; William A. Rosoff, Vice Chairman of the Board and Advanta's President; Philip M. Browne, Advanta's Senior Vice President and Chief Financial Officer; David Weinstock, Advanta's Vice President and Chief Accounting Officer; and directors Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stopler.

**LEGAL STANDARD**

Motions to reconsider are governed by Local Rule of Civil Procedure 7.1(g) and are considered motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[2]  Thus, a motion for reconsideration should be granted only if: 1) there is an intervening change in the controlling law; 2) new evidence not previously available to the movant emerges; or 3) there is a need to correct a clear error of law or fact or to prevent manifest injustice.[3]  The standard is a stringent one, and such motions must be granted sparingly.[4]

**DISCUSSION**

The Court assumes familiarity with prior opinions and will not recount the factual and procedural history beyond what is necessary to rule on the Motion to Reconsider.

In its September 9, 2011 opinion, which addressed Motions to Dismiss the First Amended Complaint, the Court held that the Advanta Defendants' statements about Advanta's loan loss reserves were material misstatements of fact, and not statements of opinion, and held that Plaintiff had adequately stated a § 11 claim against the Advanta Defendants.[5]  This holding was

---

[2] Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)

[3] Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

[4] Brunson Commc'ns, Inc. v. Arbitron, Inc., 246 F. Supp. 2d 446, 447 (E.D. Pa. 2003); Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002).

[5] "Because Plaintiffs have sufficiently alleged that Defendants departed from their claimed methodology to calculate the loan loss reserve, they have sufficiently alleged that Advanta's net income and loan loss reserves were misstated.  Unlike a subjective evaluation that a loan reserve is adequate or not, nonconformance to a stated methodology to arrive at a loan loss reserve amount is a measurable objective fact." September 9, 2011 Opinion at 25-26 (footnotes omitted).

affirmed without further discussion in the July 16, 2012 opinion.[6]

The Court's September 9, 2011 opinion also held that Plaintiffs had not adequately pled a § 11 violation by KPMG, the accounting firm that certified Advanta's registration statements as compliant with generally accepted accounting principles ("GAAP").[7]  The Court wrote:

> By their terms, the challenged statements are only "false" if Advanta's financial statements did not, as KPMG stated, conform to GAAP.  Thus, Plaintiffs' vague allegation that KPMG's statements "were not correct for the reasons set forth in the various FDIC orders and reports" is insufficient.  The FDIC reports do not conclude that Advanta's financial results were not prepared in conformity with GAAP or that its internal controls did not adhere to the criteria established in the Internal Control Integrated Framework.  Plaintiffs have neither alleged what GAAP standards KPMG violated nor how the statements in the audit report were false or misleading at the time they were made.  Indeed, Plaintiffs have not even alleged that the statements did not conform to GAAP.  In sum, Plaintiffs' allegations are entirely conclusory and do not contain factual matter sufficient to support a plausible claim for relief." [8]

Therefore, on September 9, 2011, the Court dismissed the claim against KPMG without prejudice.

Plaintiffs filed a Second Amended Complaint, in which they alleged additional facts in support of their allegation that KMPG violated § 11.  In this complaint, Plaintiffs alleged that Advanta's financial statement, and in particular the loan loss reserve calculation, was not

---

[6] "In its September 9, 2011 Memorandum Opinion and Order, this Court found that the Plaintiffs adequately pled that the Advanta Defendants approved Registration Statements which contained material misstatements of fact with regard to loan loss reserves and net income.  Defendants have given the Court no grounds to disturb that finding here."  July 16, 2012 Opinion at 10-11.

[7] The Second Amended Complaint quotes KPMG as certifying: "In our opinion, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of the Company as of December 31, 2008 and 2007, and the results of its operations and its cash flows for each of the years in the three-year period ended December 31, 2008, in conformity with U.S. generally accepted accounting principles."

[8] September 9, 2011 Opinion at 27 (footnotes omitted).

calculated in conformity with GAAP, and yet KPMG had certified that the financial statement did comply with GAAP.

In its July 16, 2012 opinion, the Court found that the Second Amended Complaint addressed the pleading deficiencies identified in the Court's September 9, 2011 opinion and adequately stated a § 11 claim against KPMG.  The Second Amended Complaint added allegations that KPMG's endorsements of Advanta's financial statements contained materially misleading statements of fact, in that the financial statements KPMG certified as compliant with GAAP in fact violated an identified GAAP standard (Financial Accounting Standards Board Statement of Financial Accounting Concepts No. 5).  Specifically, Plaintiffs alleged that Advanta violated GAAP when it failed to consider all past and present information when determining loan loss reserves and that the GAAP violation should have been evident to KPMG during its audit. However, Plaintiffs alleged, KPMG failed to verify that Advanta had used accurate source data, had made reasonable assumptions, and had accounted for known or knowable past and present information, and therefore KPMG failed to ensure that Advanta's registration statements complied with GAAP.  Accordingly, the Court denied KPMG's Motion to Dismiss the Second Amended Complaint.

KPMG now argues that reconsideration of the Court's July 16, 2012 opinion is necessary "because there has been a clear error of law that needs to be corrected to prevent manifest injustice."[9]

First, KPMG argues that the Court's July 16, 2012 opinion was inconsistent with its

---

[9] Motion to Reconsider at 3.

September 9, 2011 opinion.  Specifically, KPMG argues that the pleading deficiencies the Court identified in the First Amended Complaint persisted in the Second Amended Complaint.  However, as noted above, the July 16, 2012 opinion addressed new factual allegations set forth for the first time in the Second Amended Complaint.  Because new factual allegations were before the Court, the July 16, 2012 opinion was not inconsistent with the Court's September 9, 2011 opinion, which ruled on the pleading adequacy of the First Amended Complaint.  The Court reaffirms its ruling that Plaintiff's Second Amended Complaint adequately alleges claims against KPMG under § 11.

KPMG also argues statements of opinion are only actionable under § 11 if they are subjectively false,[10] and argues that because Advanta's statements about the loan loss reserves are statements of opinion,[11] the Court erred in failing to require Plaintiffs to plead that KPMG's statements (certifying Advanta's statements) were subjectively false.  However, this argument cannot serve as a basis for reconsideration, because it completely misstates the issue upon which the Court ruled, with regard to KPMG, in its July 16, 2012 opinion.  Correctly stated, the question before the Court with regard to the adequacy of Plaintiffs' claims against KPMG, the *auditor*, was whether Plaintiff pled that KPMG certified Advanta's financial statement as GAAP compliant when in fact either Advanta's model or KPMG's auditing method failed to conform to

---

[10] KPMG repeatedly argues that statements of opinion are actionable under § 11 only if they are subjectively false. However, the Third Circuit has held that statements of opinion set forth in registration statements are actionable under § 11 if the company lacks a reasonable basis for that statement. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1428 (3d Cir. 1997) (citing Virginia Bankshares, Inc. v. Sandberg, 501 U.S. 1083, 1098 (1991)). The Court has applied the Third Circuit standard throughout its opinions.

[11] As noted above, in both the September 9, 2011 opinion and the July 16, 2012 opinion the Court found that Advanta's statements about its loan loss reserves were misstatements of fact, not opinion, and Advanta has not asked the Court to reconsider those rulings.

GAAP.[12]  In addressing *that* question, the Court wrote:

> In the Second Amended Complaint, Plaintiffs allege that KPMG certified financial statements about Advanta's loan loss reserves that did not comply with Financial Accounting Standards Board Statement of Financial Accounting Concepts Number 5 ("FASB No. 5"). Specifically, Plaintiffs allege that Advanta failed to consider all material factors ("past and present information") when determining necessary loan loss reserves, and KPMG failed to verify that Advanta had used accurate source data, made reasonable assumptions, and accounted for known or knowable factors such as changes in its business and in the industry as a whole.  In short, Plaintiffs allege that KPMG certified Advanta's financial statements without verifying that Advanta had considered all relevant internal and external factors and risks.[13]

The Court's July 16, 2012 opinion held that "Plaintiffs have adequately alleged that KPMG certified that Advanta's loan loss reserve calculations conformed to GAAP when in fact they failed to incorporate past and present adverse credit trends and thus did not comply with FASB No. 5."[14]  The Court also found that Plaintiff had adequately alleged that KPMG should have been aware of GAAP violations, and therefore had adequately pled that KPMG's statements endorsing the adequacy of Advanta's loan loss reserves were false, misleading, and/or lacking a reasonable basis.[15]  The Motion to Reconsider presents no basis for concluding that the Court's July 16, 2012 opinion denying KPMG's Motion to Dismiss the Second Amended Complaint was clearly erroneous or manifestly unjust.

In the alternative, KPMG asks the Court to certify its July 16, 2012 opinion for interlocutory review under 28 U.S.C. § 1292(b).  Specifically, KPMG would like the Third

---

[12] See 17 C.F.R. § 210.4-01(a)(1).

[13] July 16, 2012 Memorandum Opinion at 11-12 (footnote omitted).

[14] Id. at 12-13.

[15] Id. at 12.

Circuit to issue an interlocutory opinion as to whether loan loss reserves are a matter of opinion requiring allegations of subjective falsity in order to state a § 11 claim. The Court may, at its discretion, grant such a request if it finds there is: 1) a controlling question of law; 2) substantial grounds for difference of opinion; and 3) a likelihood that an immediate appeal will materially advance the termination of the litigation.[16] The Court will deny KPMG's request for two reasons.

First, as noted above, the Court's denial of KPMG's Motion to Dismiss the Second Amended Complaint was not based on a finding that loan loss reserve calculations are a matter of fact, not opinion. Rather, the Court focused on whether Plaintiff sufficiently alleged that KPMG's certification of Advanta's registration statements as GAAP compliant was a material misstatement. Therefore, the question of whether statements about the adequacy of loan loss reserves are opinions was not the controlling question of law with regard to the claims against KPMG, and will not be certified for appellate review.

Second, an immediate appeal would not materially advance the ultimate termination of the litigation, and instead would delay the progress of this case, which includes only one § 11 claim against moving defendant KPMG, but three claims, pursuant to §§ 11, 12(a)(2) and 15, against the Advanta Defendants, who have not moved for reconsideration or interlocutory review. Therefore, even a ruling favorable to KPMG would not obviate the need for discovery and trial in this case, and it would not simplify the trial, as § 11 claims will remain before the Court.[17] In addition, an interlocutory appeal in this case is likely to delay progress in two related

---

[16] 28 U.S.C. § 1292(b).

[17] See Knipe v. SmithKline Beecham, 583 F.Supp.2d 553, 600 (E.D. Pa. 2008).

cases against the Advanta Defendants.[18]

An appropriate Order follows.

---

[18] <u>Western Pa. Electrical Employees Pension Fund, et al. v. Dennis Alter, et al.</u>, Civ. A. 09-4730; <u>Matthew Ragan v. Dennis Alter</u>, Civ. A. 09-4974.