**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM E. UNDERLAND and MARK SCHALLER, *on behalf of themselves and all others similarly situated,*** **Plaintiffs,** **v.** **DENNIS ALTER, WILLIAM ROSOFF, PHILIP BROWNE, DAVID WEINSTOCK, ROBERT BLANK, MAX BOTEL, THOMAS COSTELLO, DANA BECKER DUNN, RONALD LUBNER, OLAF OLAFSSON, MICHAEL STOPLER, and KPMG LLP,** **Defendants.** | **CIVIL ACTION NO. 10-3621** |

FILED
SEP 19 2012
MICHAEL E. KUNZ, Clerk
By ________ Dep. Clerk

**AMENDED ORDER**

**AND NOW,** this 19th day of September 2012, upon review of the KPMG's Motion to Reconsider [Doc. No. 115], and Plaintiff's response thereto, and KPMG's reply,[1] and for the reasons set forth in the Memorandum Opinion entered this date, it is hereby **ORDERED** that KPMG's Motion to Reconsider is **DENIED.** KPMG's Alternative Motion to Certify Order Under 28 U.S.C. § 1292(b) is also denied.

It is so **ORDERED.**

**BY THE COURT:**

*Cynthia M. Rufe*

**HON. CYNTHIA M. RUFE**

---

[1] In its September 18, 2012 Order, the Court erroneously stated that KPMG's reply was filed out of time and without permission. Having now reviewed the Reply, the Court finds therein no grounds to modify the Memorandum Opinion filed on September 18, 2012. In the Reply, KPMG continues to argue that the Plaintiffs are required to plead subjective falsity to adequately state a claim against KPMG. As the Court has ruled that KPMG's *certifications* that Advanta's financial statements are GAAP compliant are statements of fact, not opinion, Plaintiffs are *not* required to plead subjective falsity. Therefore, the Court will not dismiss the claim against KPMG, nor will it certify the issue, as framed by KPMG, for interlocutory appeal.