**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM E. UNDERLAND and MARK SCHALLER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>DENNIS ALTER, WILLIAM A. ROSOFF, PHILIP M. BROWNE, DAVID B. WEINSTOCK, ROBERT S. BLANK, MAX BOTEL, THOMAS COSTELLO, DANA BECKER DUNN, ROBERT LUBNER, OLAF OLAFSSON, MICHAEL STOLPER, and KPMG LLP,<br><br>Defendants. | Case No. 10-cv-3621 (CMR) |

**ANSWER OF KPMG LLP TO**
**SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant KPMG LLP ("KPMG"), for its answer to Plaintiffs' Second Amended Class Action Complaint for Violation of the Securities Act of 1933 (Dkt. No. 61) (the "Complaint"), states as follows:

1. Denied, except that KPMG admits that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes.

2. Denied, except that KPMG admits that, for a certain period, Advanta was one of the nation's largest credit card issuers (through Advanta Bank Corp.) in the small business market and that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes

between February 28, 2008 and November 8, 2009. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

3. Denied, except that KPMG admits that Advanta sold RediReserve variable rate certificates and investment notes as identified in documents publicly filed with the SEC. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

4. KPMG denies the allegations of the first sentence of Paragraph 4 to the extent that the allegations are directed against KPMG. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, which are therefore deemed denied, except insofar as those allegations purport to quote from or describe public filings, in which case KPMG denies any characterizations of those documents and refers to the documents for their full and complete contents. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

5. Denied, except that KPMG admits that Advanta sold RediReserve variable rate certificates and investment notes as identified in documents publicly filed with the SEC and lacks knowledge or information sufficient to form a belief as to the truth of the allegations attributed to the FDIC, which are therefore deemed denied. In addition, Paragraph 5 purports to quote from public documents and, accordingly, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those filings for their full and complete contents. Further answering, KPMG specifically denies that its audit

report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

6. Denied, except that KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations based on the alleged actions or statements of the FDIC, which are therefore deemed denied. In addition, Paragraph 6 purports to quote from public documents and, accordingly, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

7. Denied. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

8. KPMG denies the allegations in the first two sentences of Paragraph 8, except admits that its audit report on the December 31, 2008 financial statements of Advanta was incorporated in the registration statement of Advanta. The remaining allegations in Paragraph 8 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations in this paragraph are deemed to be factual, KPMG denies them. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

9. Denied, except that KPMG admits that Advanta petitioned the Court for bankruptcy on November 8, 2009, and lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in the second sentence of Paragraph 9, which are therefore deemed denied.

10. Denied. The allegations in Paragraph 10 call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

11. Denied. The allegations in Paragraph 11 call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

12. The allegations in Paragraph 12 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual and directed to KPMG. KPMG denies them, except admits that it conducted business in this District. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

13. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, which are therefore deemed denied.

14. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, which are therefore deemed denied.

15. Denied, except that KPMG admits that Advanta was headquartered, at certain times, in Spring House, Pennsylvania, was, for a certain period, one of the nation's largest credit card issuers (through Advanta Bank Corp.) in the small business market, petitioned the Court for bankruptcy on November 8, 2009, and is not a defendant in this action.

16. KPMG denies the allegations in the first sentence of Paragraph 16, except admits that, at certain times, Mr. Alter was Chairman of the Board and CEO of Advanta and that he signed the August 18, 2006 registration statement. The remaining allegations in this paragraph

call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiff alleges Mr. Alter owned shares of Advanta's stock, KPMG refers to the Form 4s that were publicly filed by Mr. Alter with the SEC, which are in writing and speak for themselves. KPMG refers to those filings for their full and complete contents.

17. Denied, except that KPMG admits that Mr. Rosoff was, at certain times, Vice Chairman of the Board and President of Advanta and that he signed the August 18, 2006 registration statement.

18. Denied, except that KPMG admits that Mr. Browne was, at certain times, Senior Vice President and Chief Financial Officer of Advanta and that he signed the August 18, 2006 registration statement.

19. Denied, except that KPMG admits that Mr. Weinstock was, at certain times, Vice President and Chief Accounting Officer of Advanta and that he signed the August 18, 2006 registration statement.

20. Denied, except that KPMG admits that Mr. Botel was, at certain times, a Director of Advanta and that he signed the August 18, 2006 registration statement.

21. Denied, except that KPMG admits that Mr. Costello was, at certain times, a Director of Advanta.

22. Denied, except that KPMG admits that Mr. Dunn was, at certain times, a Director of Advanta and that he signed the August 18, 2006 registration statement.

23. Denied, except that KPMG admits that Mr. Lubner was, at certain times, a Director of Advanta and that he signed the August 18, 2006 registration statement.

24. Denied, except that KPMG admits that Mr. Olafsson was, at certain times, a Director of Advanta.

25. Denied, except that KPMG admits that Mr. Stolper was, at certain times, a Director of Advanta and that he signed the August 18, 2006 registration statement.

26. KPMG admits that Plaintiffs collectively refer to Defendants Alter, Rosoff, Browne, Weinstock, Botel, Costello, Dunn, Lubner, Olafsson, and Stolper as the "Individual Defendants."

27. Denied, except that KPMG admits that, at certain times, it conducted audits of Advanta's consolidated year-end financial statements and issued reports containing its audit opinion based on those audits on those financial statements. KPMG refers to those reports for their full and complete contents. Further answering, KPMG states that the declaration of Colin A. Johns has been stricken by Order of the Court dated June 18, 2012.

28. Denied, except KPMG admits that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes between February 28, 2008 and November 8, 2009.

29. Denied, except that KPMG admits that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents.

30. Denied. The allegations in Paragraph 30 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents.

31. Denied. The allegations in Paragraph 31 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's Registration Statement, that document is in writing and speaks for itself. KPMG refers to the Registration Statement for its full and complete contents.

32. Denied. The allegations in Paragraph 32 call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

33. KPMG denies the allegations in the first sentence of Paragraph 33, except admits that Advanta filed a Form 10-K on February 28, 2008. KPMG denies any characterizations of the Form 10-K, which is in writing and speaks for itself. KPMG refers to that document for its full and complete contents. The remaining allegations call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

34. KPMG denies the allegations in the first sentence of Paragraph 34, except admits that Advanta filed a post-effective amendment on February 9, 2009. KPMG denies any characterizations of the post-effective amendment, which is in writing and speaks for itself. KPMG refers to that document for its full and complete contents. The remaining allegations call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

35. KPMG denies the allegations in the first sentence of Paragraph 35, except admits that Advanta filed an annual report on Form 10-K on March 13, 2009. KPMG denies any characterizations of the 2008 10-K, which is in writing and speaks for itself. KPMG refers to that document for its full and complete contents. The remaining allegations in Paragraph 35 call for legal conclusions, to which no responsive pleading is required, and are deemed denied.

36. KPMG admits that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the

extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. The remaining allegations in Paragraph 36 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore deemed denied.

37. KPMG admits that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. The remaining allegations in Paragraph 37 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore deemed denied.

38. KPMG admits that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. The remaining allegations in Paragraph 38 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore deemed denied.

39. KPMG admits that Advanta petitioned the Court for bankruptcy on November 8, 2009. The remaining allegations in Paragraph 39 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. To the extent the remaining allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore deemed denied.

40. KPMG denies the allegations in paragraph 40 to the extent they are directed against KPMG. To the extent the allegations are directed against other defendants, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied.

41. KPMG lacks knowledge or information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41, which are therefore deemed denied.

42. KPMG admits that Advanta sold RediReserve variable rate certificates and investment notes as specifically identified in documents publicly filed with the SEC. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. KPMG denies any remaining allegations in Paragraph 42. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

43. Denied.

44. Denied. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those filings for their full and complete contents. KPMG denies any remaining allegations in Paragraph 44.

45. Denied. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. KPMG denies any remaining allegations in Paragraph 45.

46. Denied, except that KPMG admits that the quoted language, without emphasis, appears in the Management Discussion of Advanta's 2007 Form 10-K and KPMG states that it has no responsibility for such statements under Section 11. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents.

47. Denied, except that KPMG states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations based on the alleged actions or statements of the FDIC, which are therefore deemed denied. Further answering, KPMG states that it has no responsibility under Section 11 for statements in Advanta's Management Discussion section of its Form 10-K.

48. Denied. The allegations in Paragraph 48 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations in this paragraph are deemed to be factual, KPMG denies them.

49. Denied. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. KPMG denies any remaining allegations in Paragraph 45.

50. Denied, except that KPMG admits that the quoted language, without emphasis, appears in the Management Discussion of Advanta's 2007 Form 10-K and KPMG states that it has no responsibility for such statements under Section 11. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those filings for their full and complete contents. KPMG denies any remaining allegations in Paragraph 50.

51. Denied. The allegations in Paragraph 51 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, KPMG denies them. Further answering, KPMG denies that Item 303 places any obligation on KPMG in this case and KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

52. Denied. The allegations in Paragraph 52 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, KPMG denies them. Further answering, KPMG denies that Item 303 places any obligation on KPMG in this case and KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

53. Denied. The allegations in Paragraph 53 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. Further answering, KPMG denies that Item 303 places any obligation on KPMG in this case and KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

54. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, which are therefore deemed denied. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

55. The allegations in Paragraph 55 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

56. The allegations in Paragraph 56 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

57. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations based on the alleged actions or statements of the FDIC, which are

therefore deemed denied. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

58. The allegations in Paragraph 58 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. Further, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations based on the alleged actions or statements of the FDIC, which are therefore deemed denied. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

59. The allegations in Paragraph 59 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. In addition, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations based on the alleged actions or statements of the FDIC, which are therefore deemed denied. To the extent the remaining allegations are deemed to be factual, KPMG denies them. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

60. The allegations in Paragraph 60 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. In addition, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations based on the alleged actions or statements of the FDIC, which are therefore deemed denied. To the extent the

remaining allegations are deemed to be factual, KPMG denies them. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

61. The allegations in Paragraph 61 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied, except that KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

62. With respect to the allegations in Paragraph 62, KPMG denies any characterizations of its audit report dated March 12, 2009, which is in writing and speaks for itself. KPMG refers to the audit report for its full and complete contents.

63. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 63 is required. To the extent an answer is required, KPMG states that the allegations in this paragraph call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations in Paragraph 63 are deemed to be factual and requiring a response, KPMG denies them.

64. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 64 is required. To the extent an answer is required, KPMG states that the allegations in Paragraph 64 call for legal conclusions, to which no responsive pleading is required, and are

deemed denied. To the extent that the allegations in Paragraph 64 are deemed to be factual and requiring a response, KPMG denies them.

65. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 65 is required. To the extent an answer is required, KPMG states that the first sentence of Paragraph 65 quotes a portion of a public filing by Advanta, and denies any characterizations of that document, which is in writing and speaks for itself. KPMG refers to that document for its full and complete contents. KPMG denies the remaining allegations.

66. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 66 is required. To the extent an answer is required, KPMG states that the allegations in Paragraph 66 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations in this paragraph quote or refer to statements made in publicly available documents, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents.

67. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 67 is required. To the extent an answer is required, KPMG denies the allegations in Paragraph 67. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

68. Denied.

69. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 69 is required. To the extent an answer is required, KPMG states that the allegations in this paragraph quote or refer to statements made in publicly available documents and KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents.

70. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012, and without such declaration attached to the Complaint, no answer to the allegations in Paragraph 70 is required. To the extent an answer is required, KPMG states that the allegations in this paragraph quote or refer to statements made in publicly available documents and KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents.

71. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 71 is required. To the extent an answer is required, KPMG denies the allegations, except that KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations based on the alleged actions or statements of the FDIC, which are therefore deemed denied. KPMG denies that any such information supports Plaintiffs' claims. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statement of Advanta was materially false or misleading in any fashion.

72. The Johns Declaration has been stricken by Order of the Court dated June 18, 2012 and, without such declaration attached to the Complaint, no answer to the allegations in Paragraph 72 is required. To the extent an answer is required, KPMG denies the allegations.

73. Denied, except that KPMG admits that Plaintiffs do not allege that KPMG sought to defraud Plaintiffs and other investors in RediReserve notes and Plaintiffs do not claim that KPMG made any false statement with fraudulent intent.

74. KPMG admits that Advanta filed a Form 8-K on July 1, 2009, and denies any characterizations of that document, which is in writing and speaks for itself. KPMG refers to that document for its full and complete contents. The remaining allegations in Paragraph 74 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, KPMG denies them.

75. KPMG admits that Advanta petitioned the Court for bankruptcy on November 8, 2009. The remaining allegations in Paragraph 75 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the remaining allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore deemed denied.

76. Denied. The allegations in Paragraph 76 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

77. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, which are therefore deemed denied.

78. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, which are therefore deemed denied.

79. Denied. The allegations in Paragraph 79 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. To the extent the remaining allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, which are therefore deemed denied.

80. The allegations in Paragraph 80 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations are deemed to be factual, KPMG admits that Plaintiffs purport to bring this action on behalf of a class of persons who purchased or otherwise acquired RediReserve variable rate certificates and investment notes between February 28, 2008 and November 8, 2009. To the extent that Plaintiffs refer to Advanta's SEC filings, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, which are therefore deemed denied. Further answering, KPMG denies that this action can or should be certified as a class action.

81. Denied. The allegations in Paragraph 81 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied. Further answering, KPMG denies that this action can or should be certified as a class action.

82. Denied. The allegations in Paragraph 82 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied. Further answering, KPMG denies that this action can or should be certified as a class action.

83. Denied. The allegations in Paragraph 83 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore denied. Further answering, KPMG denies that this action can or should be certified as a class action.

84. Denied. The allegations in Paragraph 84 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied. Further answering, KPMG denies that this action can or should be certified as a class action.

85. Denied. The allegations in Paragraph 85 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent that the allegations are deemed to be factual, KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which are therefore deemed denied. Further answering, KPMG denies that this action can or should be certified as a class action.

**FIRST CAUSE OF ACTION**

86. KPMG incorporates by reference its responses to Paragraphs 1 through 85.

87. The allegations in Paragraph 87 call for legal conclusions, to which no responsive pleading is required, and are deemed denied, except that KPMG admits that plaintiffs purport to bring this count pursuant to § 11 of the 1933 Act, 15 U.S.C. § 77k on behalf of a putative class. To the extent the remaining allegations are deemed to be factual and directed against KPMG, KPMG denies them.

88. Denied. The allegations in paragraph 88 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual and directed against KPMG, KPMG denies them. To the extent that the allegations refer to publicly filed documents, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

89. Denied. The allegations in Paragraph 89 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual and directed against KPMG, KPMG denies them. To the extent that the allegations refer to publicly filed documents, KPMG denies any characterizations of those documents, which are in writing and speak for themselves. KPMG refers to those documents for their full and complete contents. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

90. Denied. The allegations in Paragraph 90 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations

are deemed to be factual and directed against KPMG, KPMG denies them. Further answering, KPMG specifically denies that its audit report on the December 31, 2008 financial statements of Advanta was materially false or misleading in any fashion.

91. KPMG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, which are therefore deemed denied.

92. The allegations in Paragraph 92 call for legal conclusions, to which no responsive pleading is required, and are deemed denied. To the extent the allegations are deemed to be factual, KPMG denies them.

**SECOND CAUSE OF ACTION**

93. KPMG incorporates by reference its responses to Paragraphs 1 through 92. Further answering, KPMG states that this cause of action is not directed against KPMG and, accordingly, no response to Paragraph 93 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

94. This cause of action is not directed against KPMG and, accordingly, no response to Paragraph 94 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

95. This cause of action is not directed against KPMG and, accordingly, no response to Paragraph 95 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

96. This cause of action is not directed against KPMG and, accordingly, no response to Paragraph 96 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

97. This cause of action is not directed against KPMG and, accordingly, no response to Paragraph 97 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

## THIRD CAUSE OF ACTION

98. KPMG incorporates by reference its responses to Paragraphs 1 through 97. Further answering, KPMG states that this cause of action is not directed against KPMG and, accordingly, no response to Paragraph 98 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

99. This cause of action is not directed against KPMG and, accordingly, no response to Paragraph 99 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

100. This cause of action is not directed against KPMG and, accordingly, no response to Paragraph 100 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

101. This cause of action is not directed against KPMG and, accordingly, no response to Paragraph 101 is required. To the extent this paragraph makes any allegations against KPMG, the allegations are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs’ putative class does not satisfy the requirements of Federal Rule of Civil Procedure 23.

3. KPMG is not responsible for any statements contained in the registration statement other than its audit report.

4. KPMG did not make any material misstatements or omissions.

5. KPMG's audit report does not contain an opinion that was subjectively false.

6. The loan loss reserve provision of Advanta's financial statements was not subjectively false.

7. KPMG had, after reasonable investigation, a reasonable belief, at the time the registration statement became effective, that any statements it made were true and that it did not omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

8. Plaintiffs cannot trace their purchases of a security to a registration statement which had a material misstatement or omission at the time that it became effective.

9. Plaintiffs do not have standing to bring this action.

10. The alleged misrepresentations and omissions in the Complaint could not and did not cause any of the alleged harm, and Plaintiffs have suffered no legally cognizable damages.

11. No conduct of KPMG was either the legal cause or the cause in fact of any damages Plaintiffs have suffered.

12. To the extent Plaintiffs have suffered any damages, they have failed to mitigate those damages.

13. Plaintiffs or all or some of the members of the alleged class cannot prove reliance, which is required to the extent they acquired their securities after the issuer had made generally available to its security holders an earning statement covering a period of twelve months after the effective date of the registration statement.

14. Plaintiffs may not recover because, at the time of their acquisition of the securities, they knew the true facts concerning any alleged misrepresentation or omission.

15. KPMG is not liable because some or all of the allegations in the Complaint which purport to be misrepresentations or omissions were publicly disclosed or were in the public domain and were, thus, available to Plaintiffs.

16. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations or repose.

17. Some or all of Plaintiffs' claims are barred by the doctrine of laches.

18. Should Plaintiffs recover any of their alleged losses through Advanta's bankruptcy process, Plaintiffs are not entitled to any double recovery in this litigation.

19. KPMG adopts and incorporates by reference all defenses asserted by any other defendant to the extent such a defense may be available to KPMG.

20. KPMG reserves the right to assert additional affirmative defenses.

WHEREFORE, KPMG LLP respectfully requests that the Court enter judgment in KPMG LLP's favor and against Plaintiffs on Plaintiffs' Second Amended Class Action Complaint, and award KPMG LLP attorneys' fees, damages, costs, and all other relief to which KPMG LLP is justly entitled.

*/s/ Geoffrey A. Kahn*______
Geoffrey A. Kahn
Attorney I.D. No. 32905
Edward D. Rogers
Attorney I.D. No. 69337
Ruth S. Uselton
Attorney I.D. No. 208089
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999

**CERTIFICATE OF SERVICE**

I, Evan Krick, do hereby certify that on October 25, 2012, I caused the foregoing Answer of KPMG LLP to Second Amended Class Action Complaint to be served via the Court's ECF system upon the following:

Robert B. Weiser
Brett D. Stecker
Jeffrey J. Ciarlanto
Patricia C. Weiser
THE WEISER LAW FIRM, P.C.
121 North Wayne Avenue, Suite 1000
Wayne, PA 19087
Tel: (610) 225-2677
Fax: (610) 225-2678

Christopher L. Nelson
THE WEISER LAW FIRM, P.C.
22 Cassatt Avenue
Berwyn, PA 19312
Tel: (610) 225-2677

Steven B. Feirson
Michael L. Kichline
Sarah L. Wyatt
Alexander R. Bilus
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222

*Counsel for Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper*

Thomas L. Laughlin IV
SCOTT & SCOTT LLP
500 Fifth Avenue, Floor 40
New York, NY 10110
Tel: (212) 223-6444
Fax: (212) 223-6334

David W. Engstrom
THORP REED & ARMSTRONG, LLP
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Tel: (215) 640-8500
Fax: (215) 640-8501

Geoffrey M. Johnson
SCOTT & SCOTT LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Tel: (216) 229-6088
Fax: (216) 229-6092

Thomas R. Ajamie
John S. Edwards, Jr.
AJAMIE LLP
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Tel: (713) 860-1600
Fax: (713) 860-1699

Anne L. Box
SCOTT & SCOTT LLP
707 Broadway
Suite 1000
San Diego, CA 92101
Tel: (619) 233-4565

Deborah Clark-Weintraub
WHATLEY DRAKE & KALLAS LLC
1540 Broadway, 37th Floor
New York, NY 10036
Tel: (212) 447-7070

*Counsel for William E. Underland and Mark Schaller, and the proposed Class of similarly situated persons*

Wallace A. Showman
AJAMIE LLP
200 Cabrini Boulevard
#43
New York, NY 10033
Tel: (212) 928-7591

*Counsel for David B. Weinstock*

__/s/ Evan Krick______________________
Evan Krick