UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------- X
                                :

| | |
|---|---|
| WILLIAM E. UNDERLAND and MARK SCHALLER, on Behalf of Themselves and All Others Similarly Situated, | : <br> : <br> : |
| Plaintiffs, | : Electronically Filed <br> : |
| - against- | : <br> : |
| DENNIS ALTER , WILLIAM A. ROSOFF, PHILIP M. BROWNE, DAVID B. WEINSTOCK, MAX BOTEL, THOMAS COSTELLO, DANA BECKER DUNN, ROBERT LUBNER, OLAF OLAFSSON, MICHAEL STOLPER, and KPMG LLP, | : 10-Civ.-3621 (CMR) <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

-------------------------------------------------------- :
                                X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR CLASS CERTIFICATION, TO APPOINT CLASS
REPRESENTATIVES, AND TO APPOINT CLASS COUNSEL**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.....................................................................3

A.  FACTUAL BACKGROUND....................................................................................................3

B.  PROCEDURAL BACKGROUND............................................................................................5

ARGUMENT ...............................................................................................................................6

I.   STANDARD...........................................................................................................................6

II.  THE REQUIREMENTS OF RULE 23(A) ARE SATISFIED..................................................7

   A.  The Class Is Sufficiently Numerous ................................................................... 7

   B.  There Are Questions of Law and Fact Common to the Class............................................ 7

   C.  Plaintiffs' Claims Are Typical of the Class ....................................................... 9

   D.  Plaintiffs Will Fairly and Adequately Protect the Class' Interests ................................... 10

III. THE CLASS MEETS THE PREDOMINANCE AND SUPERIORITY
     REQUIREMENTS OF RULE 23(B)(3) .................................................................................11

   A.  Common Questions of Law and Fact Predominate Over Individual Questions............... 11

   B.  A Class Action Is Superior to Alternative Methods for Resolving This Dispute............ 14

IV. THE COURT SHOULD APPOINT SCOTT+SCOTT AND THE WEISER LAW
     FIRM COUNSEL FOR THE CLASS .....................................................................................15

CONCLUSION............................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Banyai v. Mazur*,
   205 F.R.D. 160 (S.D.N.Y. 2002) ...............................................................7

*Brosious v. Children's Place Retail Stores*,
   189 F.R.D. 138 (D.N.J. 1999) ..............................................................13

*Chiang v. Veneman*,
   385 F.3d 256 (3d Cir. 2004)...................................................................7

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985)...................................................................7

*Hicks v. Morgan Stanley & Co.*,
   No. 01-10071, 2003 WL 21672085 (S.D.N.Y. July 16, 2003)................................11

*In re Bank One Sec. Litig./First Chicago S'holder Claims*,
   No. 00-0767, 2002 WL 989454 (N.D. Ill. May 14, 2002)......................................13

*In re Constar Int'l Inc. Sec. Litig.*,
   585 F.3d 774 (3d Cir. 2009)................................................................2, 3, 7, 12

*In re Constar Int'l Inc. Sec. Litig.*,
   No. 03-5020, 2008 WL 614551 (E.D. Pa. Mar. 4, 2008) ........................................8

*In re DVI Inc. Sec. Litig.*,
   249 F.R.D. 196 (E.D. Pa. 2008)...............................................................6

*In re DVI, Inc. Sec. Litig.*,
   639 F.3d 623 (3d Cir. 2011)...................................................................6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   574 F.3d 29 (2d Cir. 2009)...................................................................10

*In re Hydrogen Peroxide Antitrust Litig.*,
   552 F.3d 305 (3d Cir. 2008)................................................................6, 8, 11, 12

*In re IndyMac Mortgage-Backed Sec. Litig.*,
   No. 09-4583, 2012 WL 3553083 (S.D.N.Y. Aug. 17, 2012)........................................ *passim*

*In re Initial Pub. Offerings Sec. Litig.*,
   243 F.R.D. 79 (S.D.N.Y. 2007) ...............................................................8

*In re Monster Worldwide, Inc. Sec. Litig.*,
  251 F.R.D. 132 (S.D.N.Y. 2008) ...................................................................14

*In re Morgan Stanley Info. Fund Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010)...................................................................8, 13

*In re Revco Sec. Litig.*,
  142 F.R.D. 659 (N.D. Ohio 1992) ...........................................................14

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004)....................................................................10

*Iowa Pub. Employees' Ret. Sys. v. MF Global, Ltd.*,
  620 F.3d 137 (2d Cir. 2010)......................................................................9

*Katz v. Image Innovations Holdings, Inc.*,
  No. 06-3707, 2010 WL 2926196 (S.D.N.Y. July 22, 2010) ....................9

*N.Y. Univ. v. Ariel Fund Ltd.*,
  No. 603803/08 (N.Y. Sup. Ct. Feb. 22, 2010) .......................................10

*Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.*,
  277 F.R.D. 97 (S.D.N.Y. 2011) ................................................................8

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993)......................................................................9

*Stewart v. Abraham*,
  275 F.3d 220 (3d Cir. 2001)......................................................................7

*Underland v. Alter*,
  No. 10-3621, 2011 WL 4017908 (E.D. Pa. Sept. 9, 2011) ......................3

*Underland v. Alter*,
  No. 10-3621, 2012 WL 2912330 (E.D. Pa. July 16, 2012) ......................3

*Yarger v. ING Bank, fsb*,
  No. 11-154, 2012 WL 3776012 (D. Del. Aug. 27, 2012) .........................9

*Zinberg v. Wash. Bancorp, Inc.*,
  138 F.R.D. 397 (D.N.J. 1990)..................................................................13

## STATUTES, RULES, AND REGULATIONS

15 U.S.C.
  §77k(a) ....................................................................................................13
  §77l(a)(2)
  §77o..................................................................................................1, 7, 9

Federal Rules of Civil Procedure

Rule 23 ................................................................................................................ *passim*
Rule 23(a) ..................................................................................................6, 7, 10
Rule 23(a)(1) ...............................................................................................................7
Rule 23(a)(2) ...............................................................................................................7
Rule 23(a)(3) ...............................................................................................................9
Rule 23(a)(4) .............................................................................................................10
Rule 23(b) .............................................................................................................3, 6
Rule 23(b)(3) ...............................................................................................6, 11, 14
Rule 23(g) .................................................................................................................15

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 23 ("Rule 23"), and Local Rule 23.1, Lead Plaintiffs William Underland and Mark Schaller ("Plaintiffs") respectfully move to certify a class of plaintiffs in this action defined as:

> All individuals and entities who, between February 28, 2008, and November 8, 2009, purchased or otherwise acquired Advanta Corp. ("Advanta") RediReserve variable rate certificates and investment notes ("RediReserve Notes") issued pursuant to, or traceable to, the Company's Registration Statement/Prospectus filed on August 18, 2006, as amended on February 28, 2008, February 9, 2009, and March 12, 2009 (as amended, the "Registration Statement"), and who were injured thereby.[1]

Plaintiffs also move the Court to appoint them as Class representatives and to appoint Scott+Scott, Attorneys at Law, LLP ("Scott+Scott") and The Weiser Law Firm as Class Counsel.

This is a putative securities class action alleging claims under §§11, 12(a)(2), and 15 of the Securities Act of 1933 (the "1933 Act"). 15 U.S.C. §§77k, 77l(a)(2), and 77o.  Plaintiffs allege that they, and the other members of the Class, were harmed because Defendants made false and misleading statements and omissions in the Registration Statement filed in connection with the Company's public offering of RediReserve Notes.  Specifically, Plaintiffs allege that (i) the Advanta Defendants falsely asserted Advanta was in compliance with capital adequacy requirements, and (ii) that the Advanta Defendants did not follow their own disclosed method for calculating the adequacy of the loan loss reserve by failing to adjust for changes in customer behavior driven by repricing and/or the economic downturn, so that investors were misled regarding the adequacy of Advanta's loan loss reserve and net income. Plaintiffs also allege that Advanta's accounting firm, KPMG, improperly certified that the loan loss reserve calculations

---

[1] Excluded from the Class are Defendants and members of their immediate families.  The Defendants to the Action are: Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker Dunn, Robert Lubner, Olaf Olafsson, Michael Stolper (the "Advanta Defendants"), and KPMG LLP ("KPMG").

accurately reflected Advanta's financial health, ignoring significant adverse credit data in violation of general auditing standards. Finally, Plaintiffs allege that the Advanta Defendants violated their duty to disclose material trends as required by 17 C.F.R. §229.303(a)(3)(ii) ("Item 303") by failing to disclose the fact that Advanta had repriced 68% of its credit card portfolio without regard to the customers' credit histories, causing a significant increase in payment delinquencies.

Contrary to the materially false statements and omissions in the Registration Statement, by the start of the Class Period, Advanta's credit losses were spiraling out of control. The relevant truth regarding the false statements and omissions in the Registration Statement was disclosed in the second half of 2009 as the Company entered bankruptcy.  When Advanta entered bankruptcy in November 2009, $138 million in unpaid RediReserve Notes were left outstanding. On July 16, 2012, the Court denied Defendants' motions to dismiss in this case in full.  See ECF Nos. 111 and 112.

Plaintiffs now seek to certify a class of similarly situated RediReserve Notes investors. Class treatment is the best, most efficient way, for the claims of Plaintiffs and the Class to be litigated. All of the requirements of Rule 23 are met in this case.  Further, and as the Third Circuit has made clear, 1933 Act claims – the very claims alleged in this action – are ideally suited for class treatment.  *See In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774, 784-85 (3d Cir. 2009) (discussing many reasons why §11 claims are appropriate for class treatment and upholding certification order).  The proposed Class has several thousand members; far too many for joinder.  There are many common issues of fact and law, including whether: (i) Defendants violated the 1933 Act; (ii) the Registration Statement contained misleading statements and omissions; and (iii) those misstatements and omitted facts were material.  Plaintiffs also satisfy

the typicality and adequacy requirements of Rule 23 because their claims are typical of the Class, they have ample incentive to prosecute the claims of the Class, and Plaintiffs have retained experienced and able counsel to represent them. The predominance requirement of Rule 23(b), too, is satisfied because common issues of fact and law predominate over any other potential questions. *See generally Constar*, 585 F.3d 774.

As such, and for the reasons set forth herein, the Court should grant Plaintiffs' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    FACTUAL BACKGROUND

This proposed class action arises out of the sale of hundreds of millions of RediReserve Notes to individual retail investors through a Registration Statement that seriously misrepresented Advanta's financial health and compliance with the law.[2]

Advanta was a monoline credit card issuer that primarily marketed its card to small businesses. ¶2. By the start of the Class Period, February 28, 2008, Advanta was in the midst of a catastrophic downturn, largely as the result of what were later revealed to be unsafe, unsound, and illegal business practices. *Id.* Seeking to stave off collapse, Advanta sought to raise money by marketing RediReserve Notes directly to small investors, primarily through newspaper advertisements. ¶4. Pursuant to the 1933 Act, the Advanta Defendants filed a Registration Statement, and amendments thereto, in order to register and sell the RediReserve Notes. ¶¶28-29. The amendments to the Registration Statement were filed on February 28, 2008 (the "2008

---

[2] The Court has discussed the factual background of this case at length in its two decisions addressing Defendants' motions to dismiss. *See Underland v. Alter*, No. 10-3621, 2011 WL 4017908, at*1-*3 and *8-*9 (E.D. Pa. Sept. 9, 2011); *Underland v. Alter*, No. 10-3621, 2012 WL 2912330, at *1 (E.D. Pa. July 16, 2012). Accordingly, Plaintiffs confine themselves to a brief discussion of the facts relevant to their motion for class certification. In addition, a more fulsome factual background to Plaintiffs' claims is set forth in their Second Amended Class Action Complaint, dated October 7, 2011 (the "SAC"). Plaintiffs incorporate the SAC by reference into this brief. Citations to paragraphs of the SAC are denoted as ¶__ or ¶¶__.

Amendment"), February 9, 2009 (the "February 2009 Amendment"), and March 12, 2009 (the "March 2009 Amendment") (collectively, the "Amendments"). ¶28.

The Registration Statement, as amended, used to sell the RediReserve Notes contained numerous material misstatements and omissions. Among other things, the Registration Statement misleadingly represented that (1) Advanta was in compliance with capital adequacy requirements, and that (2) the Advanta Defendants followed their own disclosed method for calculating the adequacy of the loan loss reserve. ¶¶44-50. These statements were false and misleading because, at the time, Advanta was suffering a marked increase in loan losses driven by the economic downturn and its own illegal business practices that was not disclosed and was not being incorporated into Advanta's reported loan loss reserve. *See id.* Further, in violation of Item 303, the Registration Statement failed to disclose that Advanta had repriced 68% of its credit card portfolio without regard to the customers' credit histories and in violation of applicable consumer protection laws, causing a significant increase in payment delinquencies. ¶¶51-61. The Advanta Defendants signed these false and misleading Amendments and are liable for misstatements and omissions therein. *See* ¶¶33-35. Advanta's accounting firm, KPMG, improperly certified that the loan loss reserve calculations accurately reflected Advanta's financial health, ignoring significant adverse credit data in violation of general auditing standards. ¶¶62-73.

Plaintiffs and the Class acquired RediReserve Notes pursuant and/or traceable to the Registration Statement, as amended, for the offering. ¶¶82, 91, 94. The truth was gradually revealed in the second half of 2009 as Advanta was hit with two cease and desist orders from the Federal Deposit Insurance Corporation ("FDIC"), and ultimately entered bankruptcy without warning on November 8, 2009. ¶¶74-75. At that time, Advanta represented that approximately

$138 million in notes were outstanding. ¶75. In light of Advanta's bankruptcy, it is unclear whether the Class members will be able to recoup the principal and interest owed to them in connection with the RediReserve Notes. ¶78. In October 2010, the FDIC made available its Material Loss Review for Advanta. ¶77. The FDIC's Material Loss Review provided a detailed explanation of the deterioration at Advanta during the Class Period and further demonstrated that many of Defendants' statements in the Registration Statement were false and/or misleading. *See generally* Material Loss Review of Advanta Bank Corp. (filed with this Court as ECF No. 38-2).

**B.     PROCEDURAL BACKGROUND**

Plaintiffs filed an Amended Class Action Complaint on January 13, 2011, alleging violations of the 1933 Act against the Advanta Defendants and KMPG. ECF No. 33. Both sets of Defendants moved to dismiss. ECF Nos. 37 and 38. On September 9, 2011, the Court found that Plaintiffs had adequately stated certain claims against the Advanta Defendants, dismissed Plaintiffs' claims against KPMG, and granted leave to amend. *See* ECF Nos. 59 and 60. On October 7, 2011, pursuant to the Court's order, Plaintiffs filed the SAC. ECF No. 61. The SAC renewed Plaintiffs' claims against KPMG, maintained the claims previously sustained by the Court against the Advanta Defendants, and added a new claim alleging that the Advanta Defendants violated Item 303. *See id.* On November 18, 2011, the Advanta Defendants and KPMG moved to dismiss the SAC. ECF Nos. 69 and 70. On July 16, 2012, the Court denied Defendants' motions. ECF Nos. 111 and 112. KPMG moved for reconsideration and the Court denied that motion on September 18, 2012. *See* ECF Nos. 138 and 139.

Under Local Rule 23.1(c), plaintiffs asserting putative class claims must move for class certification within 90 days of filing their complaint, unless the Court extends that deadline for good cause. The Court extended Plaintiffs' deadline to a date 90 days from the Court's ruling on

KPMG's motion for reconsideration, which is December 17, 2012.  See ECF Nos. 135, 138, and 139.

## ARGUMENT

### I.    STANDARD

A court considering class certification must conduct a "rigorous analysis" to determine that Rule 23's requirements are met.  *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 323 (3d Cir. 2008).[3]  This analysis requires a thorough examination of the factual and legal allegations and the resolution of all legal or factual disputes relevant to Rule 23 by a preponderance of the evidence.  However, any inquiry into the merits of the action is required only if there is an "unavoidable overlap with class certification issues."  *In re DVI Inc. Sec. Litig.*, 249 F.R.D. 196, 200 (E.D. Pa. 2008) ("*DVI I*").

To certify a class, "the proposed class representative must satisfy each of the four requirements in Rule 23(a) – numerosity, commonality, typicality, and adequacy – and the putative class action must meet the requirements of one of the subsections of Rule 23(b)." *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 629 (3d Cir. 2011) ("*DVI II*").  Here, Plaintiffs seek class certification under Rule 23(b)(3), which requires a finding that "questions of law or fact common to the class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Federal securities claims are well-suited for class treatment.  *DVI I*, 249 F.R.D. at 200 ("[T]he Third Circuit has observed that '[c]lass actions are a particularly appropriate and desirable means to resolve claims based on the securities laws, since the effectiveness of the securities laws may depend in large measure on the application of the class action device.'")

---

[3] Unless otherwise noted, all emphasis is added and internal citations omitted.

(citing *Yang v. Odom*, 392 F.3d 97, 109 (3d Cir. 2004)); *see also Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985) ("Class actions are a particularly appropriate and desirable means to resolve claims based on the securities laws. . . ."). Class treatment is especially favored for 1933 Act claims. *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-4583, 2012 WL 3553083, at *2 (S.D.N.Y. Aug. 17, 2012) ("courts in this and other districts have held that suits alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act are 'especially amenable' to class action certification and resolution"). The Third Circuit has similarly explained that the "formulaic nature of § 11 leaves defendants with little room to maneuver" at the class certification stage. *Constar*, 585 F.3d at 785.

## II.   THE REQUIREMENTS OF RULE 23(A) ARE SATISFIED

### A.   The Class Is Sufficiently Numerous

The requirement of numerosity is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Certification is appropriate when "the number of class members is sufficiently large so that joinder of all members would make litigation needlessly complicated and inefficient." *Banyai v. Mazur*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). Filings in the Advanta bankruptcy indicate that there are approximately 3,400 members of the Class; easily satisfying the numerosity requirement. *See* Declaration of Thomas L. Laughlin IV ("Laughlin Decl."), Ex. A at 5.

### B.   There Are Questions of Law and Fact Common to the Class

Rule 23(a)(2) requires the movant to demonstrate that there are "questions of law or fact common to the class." The commonality requirement "is not a high bar." *Chiang v. Veneman*,

385 F.3d 256, 265 (3d Cir. 2004), *abrog. on other grounds by Hydrogen Peroxide*, 552 F.3d at 318 n.18.  It "will be satisfied if the named plaintiffs share at least one question of law or fact with the grievances of the prospective class." *Id*. (quoting *Johnston v. HBO Film Mgmt*., 265 F.3d 178, 184 (3d Cir. 2001)).  In securities actions, the commonality requirement is typically satisfied "where putative class members have been injured by similar material misrepresentations and omissions."  *In re Initial Pub. Offerings Sec. Litig.*, 243 F.R.D. 79, 85 (S.D.N.Y. 2007); *Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277 F.R.D. 97, 105 (S.D.N.Y. 2011) (finding the commonality requirement to be "plainly satisfied [where] the alleged misrepresentations in the prospectus relate to all investors, [as the] existence and materiality of such misrepresentations obviously present important common issues.").

Here, there are numerous common issues of law and fact that satisfy the commonality requirement.  Plaintiffs and the Class were injured by the same set of misrepresentations and omissions, which are contained in three amendments to the Registration Statement at issue in this case.  *See, e.g*., ¶¶28, 43-73.  For this reason, the Class has many common issues, such as whether: (i) Defendants violated the 1933 Act; (ii) the Registration Statement, as amended, made misleading statements and omitted facts; and (iii) those misstatements and omissions were material.  ¶84.  These common issues satisfy the commonality requirement.  *Initial Pub. Offering*, 243 F.R.D. at 85; *Pub. Employees'*, 277 F.R.D. at 105; *In re Constar Int'l Inc. Sec. Litig.*, No. 03-5020, 2008 WL 614551, at *1 (E.D. Pa. Mar. 4, 2008) (holding that commonality had been satisfied for §11 class because for such claims, "the central liability issue in the case [was] the existence and materiality of misrepresentations and omissions in the Registrations Statement.").[4]

---

[4] This reasoning applies with equal force to the Class' §§12(a)(2) and 15 claims.  Claims under §§11 and 12(a)(2) of the Securities Act have "roughly parallel elements." *In re Morgan Stanley*

## C.      Plaintiffs' Claims Are Typical of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  The Third Circuit has identified three factors for courts to consider in assessing typicality:

> (1) [T]he claims of the class representative must be generally the same as those of the class in terms of both (a) the legal theory advanced and (b) the factual circumstances underlying the theory; (2) the class representative must not be subject to a defense that is both inapplicable to many members of the class and likely to become a major force of the litigation; and (3) the interests and incentives of the representative must be sufficiently aligned with those of the class.

*Yarger v. ING Bank, fsb*, No. 11-154, 2012 WL 3776012, at *6 (D. Del. Aug. 27, 2012) (citing *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 (3d Cir. 2009)).  "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims."  *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993).

Applying this law, Plaintiffs' claims are typical.  Plaintiffs' claims and the claims of the proposed Class are functionally identical: all claims arise out of the same set of misstatements and omissions in the Registration Statement, and all claims are brought under the same three sections of the 1933 Act.  ¶¶28, 43-73, 86-101; *Katz v. Image Innovations Holdings, Inc.*, No. 06-3707, 2010 WL 2926196, at *4 (S.D.N.Y. July 22, 2010).  Lead Plaintiffs are members

---

*Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010); *see also Iowa Pub. Employees' Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 141 (2d Cir. 2010) ("To prevail on a § 11 or § 12(a)(2) claim, a plaintiff must show that the relevant communication either misstated or omitted a material fact."). Section 15 provides for "control person" liability where a primary violation of §11 has been alleged.  Plaintiffs' §§12(a)(2) and 15 claims, thus, satisfy the commonality requirement for the same reason that Plaintiffs' §11 claims do: all three sets of claims arise out of the same set of misrepresentations and omissions.  *See IndyMac*, 2012 WL 3553083, at *4-*5 (finding commonality requirement satisfied for class asserting §§11, 12(a)(2), and 15 claims arising out of nine offerings).

of the proposed Class, having purchased RediReserve Notes pursuant to the materially false and misleading Registration Statements and prospectuses at issue in this case.  *See* ECF Nos. 20-4 and 20-5; Declaration of Mark Schaller ("Schaller Decl.), ¶2. Plaintiffs are not subject to any unique defenses that could become a major focus of the litigation.  Any defense to liability that Defendants proffer against Plaintiffs will apply equally to the claims brought by all members of the putative Class.  Plaintiffs also share with the Class a common interest in obtaining a recovery from Defendants for the damages they suffered based on their purchases of the RediReserve Notes.  As a result, Plaintiffs' interests and incentives are wholly aligned with those of the Class.

### D.      Plaintiffs Will Fairly and Adequately Protect the Class' Interests

Rule 23(a) requires parties seeking class certification to establish that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). "First, the adequacy inquiry 'tests the qualifications of the counsel to represent the class.' Second, it seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *In re Warfarin Sodium Antitrust Litig*., 391 F.3d 516, 532 (3d Cir. 2004) "In order to defeat a motion for [class] certification, however, the conflict 'must be fundamental.'"  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009).

The first inquiry is satisfied because counsel is well-qualified to represent the Class in this action.  Scott+Scott and The Weiser Law Firm have extensive experience prosecuting securities class actions, and have a proven record of success in various state and federal courts throughout the United States.  *See* Laughlin Decl. Ex. B, *N.Y. Univ. v. Ariel Fund Ltd.*, No. 603803/08, at 9-10 (N.Y. Sup. Ct. Feb. 22, 2010) ("It is this Court's position that Scott+Scott did a superlative job in its representation. . . . For the record, it should be noted that Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. . . . They have possessed a knowledge of the issues presented and this knowledge has

always been used to the benefit of all investors."); *see also* Laughlin Decl. Exs. C and D (firm résumés of Scott+Scott and The Weiser Law Firm). Counsel has ably represented the interests of the Class through two rounds of motions to dismiss and ongoing discovery, and remain committed to vigorously prosecuting the claims of the Class.

The second factor is satisfied because the interests of the Plaintiffs and the Class are aligned. Plaintiffs' interests are directly aligned with the interests of the Class members in that they all purchased RediReserve Notes pursuant to the same material, untrue statements and omissions in the Registration Statement.   ¶¶28, 43-73; ECF Nos. 20-4 and 20-5; Schaller Decl., ¶2; *Hicks v. Morgan Stanley & Co.*, No. 01-10071, 2003 WL 21672085, at *3 (S.D.N.Y. July 16, 2003) (finding proposed class representative adequate where the complaint alleged "a common course of conduct and a unitary legal theory for the entire class period – that is, Defendants issued prospectuses and registration statements that contained false statements"). Plaintiffs have also demonstrated their commitment to monitor and supervise the prosecution of this Action on behalf of the interests of the Class. Plaintiffs have retained experienced counsel, received regular status updates, and actively participated in the litigation of this case, and stand ready to participate in discovery and to testify at trial as needed. *See, e.g.*, Schaller Decl., ¶4.

## III.   THE CLASS MEETS THE PREDOMINANCE AND SUPERIORITY REQUIREMENTS OF RULE 23(B)(3)

### A.   Common Questions of Law and Fact Predominate Over Individual Questions

Plaintiffs seek class certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).   "Predominance 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Hydrogen Peroxide*, 552 F.3d

at 310-11.  Class treatment is appropriate where the "essential elements" of a claim predominate over individual issues.  *Id.*

The Third Circuit has held that for §§11 and 15 claims, common issues typically predominate over individual issues because such claims are fairly simple and can be proven through common proof.  *Constar*, 552 F.3d at 782 ("A prima facie case under § 11 is straightforward, requiring only a showing of a material misrepresentation or omission from a defendant's registration statement."); *see id.* at 778 (observing that the putative class examined by the Third Circuit asserted §§11 and 15 claims).   Because §11 claims focus on the contents of the registration statement – with no requirement to show reliance, materiality, knowledge, or loss causation – they are particularly suited for class treatment.   As the Third Circuit held in certifying a class in an action alleging violations of §11:

> The crucial questions are: "[W]as there a misrepresentation?  And, if so, was it objectively material?"  Since reliance is irrelevant in a § 11 case, a § 11 case will never demand individualized proof as to an investor's reliance or knowledge….  Further, because a misrepresentation is material if a reasonable investor would have considered a fact important, the effect of a material misrepresentation is felt uniformly across the class of investors, regardless of whether the market is efficient.  Since this is an objective standard, materiality is not determined . . . by the "mix of information" available to each individual plaintiff.
>
> * * *
>
> We also note that, although loss causation is an affirmative defense in a § 11 case, this defense would not defeat predominance….  Any affirmative defense on this ground would present a ***common*** issue – not an individual one.

*Constar*, 585 F.3d at 784-85. [Emphasis in orginal].

The reasoning of the Third Circuit in *Constar* is applicable to the instant case.  As in *Constar*, common issues predominate because Plaintiffs and the Class will prove their *prima facie* §11 claims through common proof that the Registration Statement contained false

statements and omissions.[5]   Indeed, consistent with *Constar*, courts have held that 1933 Act claims are "especially amenable" to class treatment.  *See, e.g.*, *IndyMac*, 2012 WL 3553083, at *2; *Brosious v. Children's Place Retail Stores*, 189 F.R.D. 138, 147 (D.N.J. 1999).  This is true because §11 claims require "only a material misstatement or omission in a Registration Statement to prove liability."  *In re Bank One Sec. Litig./First Chicago S'holder Claims*, No. 00-0767, 2002 WL 989454, at *4 (N.D. Ill. May 14, 2002).  Defendants' liability arises out of written misrepresentations or omissions contained in a document, or documents, publicly disseminated by Defendants.  These written misrepresentations or omissions create the core of issues common to all Class members, and, thus, predominate in the Action.  *See Zinberg v. Wash. Bancorp, Inc.*, 138 F.R.D. 397, 409 (D.N.J. 1990).

The same logic applies with respect to Plaintiffs' §12(a)(2) claims.  "The elements of a §12 claim are that: (1) the defendant is a 'statutory seller'; (2) the sale was effectuated 'by means of a prospectus or oral communication'; and (3) the prospectus or oral communication 'include[s] an untrue statement of a material fact or omit[s] to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.'"  *IndyMac*, 2012 WL 3553083, at *5.  "[P]laintiffs bringing claims under sections 11 and 12(a)(2) need not allege scienter, reliance, or loss causation."  *In re Morgan Stanley*, 592 F.3d at 359.  Thus, as with Plaintiffs' §11 claims, the Class will prove its claims through common proof that Defendants[6] made false and misleading statements and omissions, so that

---

[5] Reliance is presumed unless a plaintiff "acquired the security after the issuer has made generally available to its security holders an earnings statement covering a period of at least twelve months beginning after the effective date of the registration statement."  15 U.S.C. §77k(a).  In this case, all of the members of the proposed Class purchased their RediReserve Notes within 12 months of one of the false and misleading amendments to the Registration Statement.  *See* ¶¶28, 79.

[6] Plaintiffs do not allege §12(a)(2) claims against KPMG.

13

common issues predominate.   *IndyMac*, 2012 WL 3553083, at *5-*9 (holding that common issues predominated for class of §12(a)(2) plaintiffs).[7]

### B.    A Class Action Is Superior to Alternative Methods for Resolving This Dispute

Rule 23(b)(3) also requires that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy."  To determine that a class action is superior, the Court must consider the following four factors: (1) the interest of each member in "individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members"; (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and (4) "the likely difficulties in managing a class action."  Fed. R. Civ. P. 23(b)(3). In general, "securities [cases] … 'easily satisfy the superiority requirement.'"  *In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132, 139 (S.D.N.Y. 2008).

Each of these factors and the purpose of Rule 23 weigh in favor of certifying the Class. To Plaintiffs' knowledge, no absent Class member has brought an individual action alleging 1933 Act claims arising out of the Registration Statement, which shows that "the class members have no great interest in controlling the prosecution of the litigation."  *In re Revco Sec. Litig.,* 142 F.R.D. 659, 669 (N.D. Ohio 1992).  This makes sense because multiple actions would be costly and inefficient, and could significantly reduce the prospects for recovery. It is also desirable to concentrate this litigation in this forum.  This Action has been pending in this forum since July 2010.  The Court has ruled on motions to dismiss, is familiar with the claims and defenses, and has appointed a Special Discovery Master.  Further, this Court is unlikely to face manageability difficulties with the class action "apart from those inherent in any hard fought

---

[7] As mentioned above, Plaintiffs' §15 claims are derivative of their §§11 and 12(a)(2) claims.

battle where substantial sums are at issue and all active parties are represented by able counsel."

*IndyMac*, 2012 WL 3553083, at *10.   A number of courts have recognized that §§11 and

12(a)(2) class actions are relatively easy to manage because §11 includes a statutory damages

formula and does not require a plaintiff to establish scienter, reliance, or loss cauation.  *See, e.g.*,

*id.*, at *2.

## IV.   THE COURT SHOULD APPOINT SCOTT+SCOTT AND THE WEISER LAW FIRM COUNSEL FOR THE CLASS

Pursuant to Rule 23(g), Plaintiffs ask the Court to appoint Scott+Scott and The Weiser

Law Firm counsel for the Class.  Rule 23(g) sets forth four criteria for the Court to consider: (1)

the work counsel has done prosecuting the action; (2) counsel's experience in handling complex

litigation and the type of claims being asserted; (3) counsel's knowledge of the applicable law;

and (4) the resources that counsel will commit to representing the class.  All four of these factors

favor appointment of Scott+Scott and The Weiser Law Firm as counsel for the Class.  These two

firms have ably represented the claims of the Class through two rounds of motions to dismiss and

have worked for months to advance the ongoing discovery process.   Moreover, Scott+Scott and

The Weiser Law Firm are well-established firms with ample experience in complex litigation

and the type of claims asserted herein.  *See* Laughlin Decl., Exs. C and D.

### CONCLUSION

For all the above reasons, this Motion should be granted in full.

DATED: December 17, 2012            Respectfully submitted,

SCOTT+SCOTT LLP

 /s/ Thomas L. Laughlin IV
THOMAS L. LAUGHLIN IV (admitted *pro hac vice*)
The Chrsyler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

    -and-
Geoffrey M. Johnson (admitted *pro hac vice*)
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092
    -and-
Anne L. Box (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508

THE WEISER LAW FIRM, P.C.
Robert B. Weiser (PA #81575)
Brett D. Stecker (PA #86242)
Christopher L. Nelson (PA #85609)
Jeffrey J. Ciarlanto (PA #205838)
22 Cassatt Ave.
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062

*Counsel for Lead Plaintiffs*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2012, the foregoing was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system.  Notice of this filing will be sent to all parties by operation of the CM/ECF system.  Parties may access this filing through the CM/ECF system.

     /s/ Thomas L. Laughlin IV
THOMAS L. LAUGHLIN IV (admitted *pro hac vice*)
SCOTT+SCOTT, Attorneys at Law, LLP
The Chrsyler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

*Counsel for Lead Plaintiffs*

17