IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND,** v. **DENNIS ALTER, et al.** | : | **Civil Action No. 09-4730** |
| **In re ADVANTA CORP., ERISA LITIGATION** | : | **Civil Action No. 09-4974** |
| **WILLIAM UNDERLAND, et al.** v. **DENNIS ALTER, et al.** | : | **Civil Action No. 10-3621** |

FILED
MAR 28 2013
MICHAEL E. KUNZ, Clerk
By________Dep. Clerk

**ORDER**

AND NOW, this 28th day of March 2013, upon review of the Special Master's Third Report and Recommendation (attached), and after a telephone conference with the pertinent parties, and upon receipt and review of an objection from Dennis Alter (attached), and understanding that no other parties have objections to the Third Report and Recommendation, the Court adopts in major part the recommendations of the Special Master, modifying only Section B.1. Specifically, the Court hereby **ORDERS** as follows:

A. Stay Pending Mediation

1. Except as expressly set forth below, all motion practice and discovery proceedings shall be stayed until June 1, 2013.

2. No new interrogatories, documents requests or requests for admissions shall be served, and no depositions scheduled before June 1, 2013

except as set forth below.

3. All document production shall continue as previously scheduled, except as expressly set forth below.

In the interest of fairness, to enhance the prospects for successful mediation, and in recognition of the investments of time and expense already made, the documents -- particularly from FDIC and FTI -- shall be produced to Plaintiffs as soon as possible.

4. KPMG shall produce no later than April 25, 2013 all Advanta work papers for 2008 as requested by the '33 Act case plaintiffs. However, to reduce current expense, KPMG may reserve all claims of privilege, and work product without prejudice, notwithstanding that the documents will already have been produced.

B. Advanta Documents in the Possession of Defendant Alter

1. The 2.5 terabytes of documents recently disclosed to have been in Mr. Alter's possession shall be produced to plaintiffs on or before April 25, 2013. Defendant Alter may complete, within this deadline, a privilege, confidentiality, and responsiveness review.[1] Plaintiffs will share with Defendant's counsel the search terms they will apply to such documents.

2. Defendant Alter shall appear for his deposition on or before May 10, 2013. That deposition will be limited to four hours (exclusive of breaks, counsel discussions or objections, and recesses) and limited to matters relating to the existence, circumstances surrounding and contents of the documents referred to in B.1.

3. Any motion or proceedings relating to claims for sanctions in connection with B.1 and B.2 shall be deferred until June 1, 2013.

---

[1] This order should not be construed as a ruling on Defendant's interpretation of any relevant rules of law regarding privilege or confidentiality.

C. Market Efficiency Discovery

1. Plaintiffs have an expert on this subject whose report has been filed and whom defendants wish to depose. Defendants have retained no expert and have resisted plaintiffs' requests for any elaboration of the grounds on which they expect to contest the efficiency of the market for Advanta stock.

2. On or before April 15, 2013, Defendants shall consult their respective clients and inform plaintiffs in good faith in writing of all grounds known to Defendants for challenging the efficiency of the market for Advanta stock. Defendants will have the right to amend or supplement their grounds for challenge, if any, thereafter.

3. Upon Defendants' compliance with C2, Plaintiffs' shall produce their expert for deposition on or before May 10, 2013. That deposition will be limited to 4 hours (exclusive of breaks, counsel discussions or objections, and recesses) and limited to matters set forth in the expert's report and the defendants' grounds for challenge as per C.2.

It is so **ORDERED**.

**BY THE COURT:**

Cynthia M. Rufe

**Cynthia M. Rufe, J.**