UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on behalf of All Others Similarly Situated,

Plaintiffs,

vs.

DENNIS ALTER, et al.,

Defendants.

Civil Action No. 2:09-cv-04730-CMR

CLASS ACTION

---

WILLIAM E. UNDERLAND, et al., on behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

vs.

DENNIS ALTER, et al.,

Defendants.

Civil Action No. 2:10-cv-03621-CMR

CLASS ACTION

---

**SPECIAL MASTER'S REPORT AND RECOMMENDED ORDER No. 6**

I have reviewed the subpoena and notice of deposition, issued on behalf of the 1934 Act Defendants, to Denver Investment Advisors, a third party, and all other correspondence and exhibits submitted by the parties for consideration, including on the class certification issues, which I believe to be a related issue. Because the deposition, which Plaintiffs now seek to postpone, is scheduled for July 31, 2013 in Denver, Colorado, and in order to advise the parties as soon as possible given the time constraints, I sent an email decision to all parties on the morning of Saturday, July 27, 2013, a copy of which is attached as Exhibit A and made a part hereof. This Report and Recommendation elaborates on that email.

Defendants, in their Memorandum in Opposition to Lead Plaintiff's Motion for Entry of an Order Certifying the Proposed Class, state that they issued their first notice of deposition to Denver Investment Advisors four days after the December 10, 2012 Rule 30(b)(6) deposition of the Pension Fund's designated representative. (Def.'s Memo. at 4). Defendants also represent that they have been "negotiating the scope of their subpoena and discussing deposition dates with Denver Investment Advisors" since at least March 2013. On July 1, 2013, after again conferring with Denver Investment Advisors, Defendants noticed the deposition for July 31, 2013. Plaintiffs have now objected to that deposition going forward while their Motion for Class Certification is pending before the Court.

From December 2012 until last week, Plaintiffs did not challenge Defendants' right to depose Denver Investment or the scope of their planned deposition. Denver Investment Advisors also have not formally objected to the subpoena or the 30(b)(6) Notice of Deposition issued with the subpoena. Plaintiffs now assert, however, that in light of their pending Motion for Class Certification and Defendants alleged failure to timely file its brief opposing certification, the July 31 deposition should be postponed until after the Court's decision. Plaintiffs further suggest that, even though Defendants and the deponent have been in discussion for months, because Defendants also intend to explore issues related to class certification as previously planned, the deposition should not proceed until the Court has ruled since they contend Defendants have waived any objection to Plaintiffs' Motion for Class Certification by failing to object in a timely manner. This argument assumes that, if the Court certifies plaintiffs' class, Defendants would thereafter be precluded from questioning the deponent on matters relevant to class certification and limited to exploring merits based issues only, despite Denver being an essential witness in this action with the potential for offering relevant testimony as to both.

Because merits and certification issues are intertwined in this case, the parties have sought and already received considerable discovery on both concerns. It appears that Denver Investment Advisors has cooperated with Defendants' effort to schedule a deposition and has not objected to the subpoena. It would be unfair to this third party to require two depositions instead of one, especially when only one would normally be taken and the deposition would have occurred prior to any ruling on certification, but for the intervening mediation and stay of proceedings.

I respectfully believe it unlikely that the Court will accept Plaintiffs' waiver contention in light of applicable law governing class certification and securities class actions. Moreover, FRCP 23(c)(1)(C) clearly allows the Court to revisit certification rulings. Consequently, there is no reason to presume that, even if the Court were to grant Plaintiffs' Motion and certify the class immediately, Defendants would not be permitted to explore both merits and certification related lines of inquiry during the deposition. Denver Investment Advisors may indeed offer relevant testimony bearing upon class certification or reconsideration thereof.

For these reasons and those stated in my July 27 email, the deposition of Denver Investment Advisors scheduled for July 31, 2013 should proceed as scheduled.

Dated: July 29, 2013

/s/David H. Marion
DAVID H. MARION

* * *

**ORDER**

It is so ORDERED.

Dated: Aug. 22, 2013

Cynthia M. Rufe
Honorable Cynthia M. Rufe
United States District Judge

EXHIBIT “A”

Case 2:09-cv-04730-CMR Document 180 Filed 08/22/13 Page 5 of 6

Perkins, Linda D.

**From:** Marion, David H.
**Sent:** Saturday, July 27, 2013 10:10 AM
**To:** Lela Fulcher
**Cc:** Michael Kichline; Alexander Bilus; Perkins, Linda D.; David J. Stanoch (david.stanoch@dechert.com); dwe@dwengstromlaw.com; Debbie Gross; Anne Box; Thomas Laughlin; steven.feirson@dechert.com; Doug Britton; Jim Caputo; Ashley Price; Jill Kleinman
**Subject:** Re: W. Pa. Elec. Emps. Pension Fund v. Alter, et al. (Advanta Corp.)

To all counsel:

I have been traveling out of office but have reviewed all submissions re the July 31 deposition of Denver Investment Advisors. ("dia" hereafter)and the interrelated issues concerning class certification.

My recommended order will be formally sent on Monday, but I am informing all now that my decision is: the deposition of dia should proceed on July 31 as planned and scheduled.

Summary of reasons:

The deposition was first noticed on 12/10/12, and defendants have been negotiating the scope and schedule with dia for months.

Dia has not objected to the deposition. Plaintiffs' request for its postponement has come at the 11th hour. That request depends on its argument that defendants have waived their right to contest certification, an argument I believe is without merit.

Even were the Court to certify the class now (unlikely), that would be subject to reconsideration.

The class and merits issues are intertwined. Dia is an essential nonparty witness as to both . Dia should not be subjected to two depositions. The deposition should proceed on July 31 as arranged.

I ask that all parties cooperate and inform dia asap that the deposition can and will proceed on July 31.

David H Marion, Special Master
Sent from my iPhone

On Jul 25, 2013, at 6:15 PM, "Lela Fulcher" <LelaF@rgrdlaw.com> wrote:

<image001.jpg>

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

<Letter to Discovery Master Marion from JAC re Denver Investment depo 7-25-13.pdf>

**David H. Marion, Esq.**

One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
Direct Dial: 215-246-3131
Fax: 215-963-9999
dmarion@archerlaw.com
www.archerlaw.com

Archer&Greiner P.C.
ATTORNEYS AT LAW