UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on behalf of All Others Similarly Situated, | Civil Action No. 2:09-cv-04730-CMR |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| DENNIS ALTER, et al., | |
| Defendants. | |
| WILLIAM E. UNDERLAND, et al., on behalf of Themselves and All Others Similarly Situated, | Civil Action No. 2:10-cv-03621-CMR |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| DENNIS ALTER, et al., | |
| Defendants. | |

## SPECIAL DISCOVERY MASTER'S APPLICATION FOR APPROVAL OF FEES AND COSTS INCURRED FROM JULY 1, 2013 THROUGH DECEMBER 31, 2013

1.    Special Discovery Master David H. Marion, hereby files this Application for Approval of Fees and Costs incurred during the period from July 1, 2013 through December 31, 2013 ("Application").

2.    Fees and costs incurred by the Special Discovery Master and other counsel from assisting him from his law firm, during the period covered by this Application are described in paragraphs numbered 3 through 22 below and in the accompanying invoices ("Invoices"),

which describe all services perform and costs expended.  In support of this Application, the Special Discovery Master sets forth the following:

## A. **Background**

3.      The Special Discovery Master was appointed and his duties and authority confirmed by Order of this Court issued on November 6, 2012.  To fulfill the duties of this appointment, as authorized by the Court, the Special Discovery Master has utilized the services of other Archer & Greiner attorneys—primarily Linda Perkins—as he has deemed necessary and appropriate to carry out his responsibilities.

4.      On March 14, 2013, the Court approved and ordered payment of the fees and costs incurred by the Special Discovery Master for the period September 1, 2012 through January 31, 2013.  On August 22, 2013, the Court approved and ordered payment of the fees and costs incurred by the Special Discovery Master for the period February 1, 2013 through June 30, 2013.  Since then, the Special Discovery Master has continued to review and negotiate issues presented by the parties in response to requests for his assistance, and to prepare recommended orders for approval by the Court.

5.      On April 15, 2013, the parties in *In Re Advanta Corp. ERISA Litigation, ("the ERISA Case"),* notified the Court and the Special Discovery Master that they had agreed to a tentative settlement of the case, subject to the preparation of appropriate settlement documentation.  The ERISA plaintiffs withdrew from the Coordinated Discovery Group on May 15, 2013.  On August 12, 2013, the Settlement Agreement was fully executed, having been signed by all required parties, and ERISA Plaintiffs filed with the Court their Unopposed Motion for Preliminary Approval of Class Action Settlement.  *Declaration of Mark K.*

*Gyandoh in Support of Unopposed Motions for Final Approval of Class Action Settlement*, filed 11/27/13, at ¶¶ 16, 25. The Court granted Plaintiffs' Preliminary Approval Motion on October 9, 2013. *Id.* at ¶26. On December 24, 2013, Plaintiffs' counsel filed a Supplemental Memorandum in Support of Final Approval of Class Action Settlement, representing that there have been no objections to the proposed Class Action Settlement.

6.     On March 18, 2013, defendants in the 1933 Act and 1934 Act Cases notified the Court and Special Discovery Master that all parties as well as non-party FDIC-R had agreed to enter "global" mediation in an attempt to resolve all existing claims brought by plaintiffs against the defendants and any potential claims against the defendants anticipated by the FDIC-R. On October 24, 2013, lead counsel for Defendants, Michael Kichline, Esquire, notified the Court that the parties had reached agreements in principle to fully settle both the 1933 Act and 1934 Act Cases. See attached (Exhibit A).

7.     As of December 31, 2013, only two related actions—both filed on 6/17/12— remain: *Dennis Alter and William A. Rosoff v. FDIC-R* (2:13-cv-00456-BCW) and *FDIC-R v. Dennis Alter and William A. Rosoff* (2:13-cv-03361-CMR). The Special Discovery Master has not been asked to assist the parties in either action, but is available should the Court and/or the parties request his services.

### B. Summary of Special Master's Services During This Period

8.     During the period of this Application, the Special Discovery Master has assisted the parties to resolve in a fair and expeditious manner all discovery concerns and disputes submitted to him for consideration. The parties have submitted for his review lengthy letter

briefs and other correspondence and have participated in meetings and/or conference calls in a collective effort to promptly resolve all disputes.

9.      To date, the Special Discovery Master has filed with the Court a total of seven Reports and Recommendations outlining his proposed resolution of various concerns and disputes among the parties related to discovery. The Court has adopted and/or affirmed the Special Discovery Master's recommended resolutions filed during this Application period with only minimal revision.

10.      On July 15, 2013, Defendants filed a Motion to Vacate Recommended Order No. 2, seeking relief from the Court's February 6, 2013 Order approving and adopting the Special Master's Second Report and Recommendation. Given the importance of the "secret witnesses" issue involved, the Special Master diligently reviewed Defendants' Motion to Vacate in its entirety, including all exhibits, and related or supporting materials relevant to the arguments raised in the Motion to Vacate along with the arguments offered in opposition to the Motion. This review included a thorough re-examination of the legal foundation, fairness and efficacy of the Special Master's recommendation based on the challenges raised by Plaintiffs. After such review, the Special Master decided to stand by his recommendation, without further comment.

11.      On August 20, 2013, the Court denied Defendants' Motion, having found no grounds to vacate its prior Order adopting Recommendation No. 2. The Court also ordered Plaintiffs to comply with the February 6th Order by identifying all confidential witnesses within 7 days of the Court's August 20th Order.

12.     On July 29, 2013, the Special Discovery Master filed with the Court his Report and Recommended Order No. 6, explaining his intervention in a dispute between the parties concerning a subpoena and notice of deposition, issued on behalf of the 1934 Act Defendants, to Denver Investment Advisors, a third party.  On July 22, 2013, in a letter to the Special Discovery Master, Plaintiffs set forth their objections to proceeding with the deposition prior to the Court's decision on their Motion for Class Certification.  Defendants responded by letter on July 25, 2013, requesting an immediate decision thereby permitting the deposition to proceed as planned on July 31, 2013 in Denver, Colorado.  Due to the time constraints and impending travel to Denver by counsel as well as their clients if necessary, the Special Discovery Master issued a decision on July 27, 2013 via email to the parties directing counsel to proceed with the deposition as scheduled.  Attached hereto as Exhibit B is the Special Discovery Master's Report and Recommended Order No. 6.

13.     On September 11, 2013, Defendant Alter filed an Emergency Motion for Clarification of the Court's September 6, 2013 Order approving and adopting in substantial part the Special Master's Fifth Report and Recommendation.  The Court's Order, among other things, directed Defendant Alter to deliver the Alter Hard Drive to LDiscovery on or before September 13, 2013.  In his Emergency Motion, Defendant Alter requested permission to postpone delivery of the Alter Hard Drive until 3 days after a proposed meet and confer by the parties for the sole purpose of establishing procedures to address Mr. Alter's stated interest in protecting any privileged, private and/or confidential information found on the Alter Hard Drive.  In the event the parties could not reach an agreement, Defendant Alter further proposed that the parties return to the Special Discovery Master for additional discussion and review as to appropriate procedures related to LDiscovery's examination of the Alter Hard Drive and

5

subsequent report to the parties . After a thorough review of the Emergency Motion filed on behalf of Mr. Alter and all other correspondence from counsel regarding this issue as well as all other relevant pleadings, correspondence, orders et cetera, the Special Discovery Master responded to Mr. Alter's emergency motion by letter to the Court on September 12, 2013. Attached hereto as Exhibit C is the Special Master's 9/12/13 letter to the Court. Following that letter, Defendant Alter withdrew his Emergency Motion.

14.     On September 9, 2013, counsel for Defendants requested a status conference with the Court to discuss the three actions then before the court, including *FDIC-R v. Alter*, in an effort "to achieve a global resolution of all of the disputes still pending between the litigants." See letter from S. Feirson to Hon. Cynthia M. Rufe, 9/9/13. On September 11, 2013, Plaintiffs' counsel joined Defendants' request for a status conference, which was then ordered by the Court to occur on September 24, 2013.

15.     On September 24, 2013, the Special Discovery Master attended the status conference at the request of the Court. The Court subsequently directed the Special Discovery Master to immediately convene an additional meeting with all counsel in attendance at the status conference for the purpose of formulating a comprehensive discovery plan and schedule for all matters still pending before the Court. At the end of that meeting, the Special Discovery Master scheduled a follow-up meeting with counsel for September 26, 2013. All counsel were asked to participate in person or by teleconference and to be prepared to fully discuss any remaining discovery concerns or issues, including LDiscovery's pending forensic examination of the Alter Hard Drive. LDiscovery attended the September 26, 2013 meeting via telephone and fully addressed all questions, concerns and requests posed by the parties as well as the Special Discovery Master.

6

16.     On October 1, 2013, the parties notified the Court as ordered that they had reached a Stipulated agreement for a Scheduling Plan and Order.  See attached (Exhibit D).  In light of the Stipulated Scheduling proposal executed and filed with the Court by the parties on October 2, 2013, the Special Discovery Master did not issue a separate Report and Recommendation.

17.     On October 7, 2013, the parties in the 1933 Act and 1934 Act Cases filed with the Court a Joint Status Report of the Parties, informing the Court that on October 4, 2013 LDiscovery had furnished a preliminary report to counsel regarding its analysis of the Alter Hard Drive.  See attached (Exhibit E).  The Joint Report further indicated the parties intention to convene a follow-up conference with the Special Discovery Master within two weeks to discuss any concerns or issues with the findings reported by LDiscovery.

18.     On October 11, 2013, the Special Discovery Master filed with the Court his Decision and Recommended Order No. 7, resolving a dispute between the parties over the release of sworn statements and/or affidavits by the confidential witnesses relied upon by Plaintiffs in their cause of action against Defendants in the 1934 Act Case.  Attached hereto as Exhibit F is the Special Discovery Master's Report and Recommendation No. 7.  Following an *in camera* review, the Special Discovery Master directed Plaintiffs to provide immediately to Defendants all sworn statements and/or affidavits obtained from the confidential witnesses at issue.

19.     As of October 24, 2013, all remaining discovery issues concerning the 1933 Act and 1934 Act Cases were deemed moot in light of the parties' notice to the Court and the Special Discovery Master that they had reached a settlement agreement in both cases.

20.     Throughout his appointment, the Special Discovery Master has used his best efforts to assist the Court in resolving all discovery related issues and concerns and to aid in moving the cases forward. Several of the disputes were vigorously and hotly contested, and the Special Discovery Master took pains to underpin his recommendations with applicable legal standards and precedents, and to find creative solutions, to achieve fundamental fairness to all parties.

## REQUEST FOR APPROVAL OF PAYMENT OF PROFESSIONAL FEES AND COSTS FOR THE PERIOD FROM JULY 1, 2013 THROUGH DECEMBER 31, 2013

21.     The Special Discovery Master has incurred fees and costs on behalf of the parties in fulfilling his duties and responsibilities as ordered by the Court. His fees are billed at a discount from the rates normally charged to clients of the firm, as agreed to by the parties and incorporated in the Court's appointment Order. As authorized by that Order, the Special Discovery Master has also utilized the services of other counsel from Archer & Greiner, P.C., at lower hourly rates, to review, research and assist with resolution of issues and disputes presented to him by the parties.

22.     Attached hereto as Exhibit G are true and correct copies of Invoices issued by Archer & Greiner, P.C. for professional services rendered by David H. Marion and other attorneys assigned to work on these matters during the period covered by this Application.

## ALLOCATION OF PAYMENT OF PROFESSIONAL FEES AND COSTS

23.     The Special Discovery Master recommends allocation of payment for all fees and costs consistent with the Court's Orders of May 31, 2012 (FTI Consulting/Allocation of Costs) and November 6, 2012 (Appointment of Special Discovery Master). As noted in our prior Application for Approval of Fees and Costs, filed with the Court on July 30, 2013, parties

in the settled *ERISA* action should no longer be subject to any orders directing payment and allocation of costs for services performed on or after April 15, 2013. Accordingly, all costs and fees in this Application should be evenly divided among the parties in *Underland* and the *Pension Fund* actions. Special allocation of certain fees and costs to a single action is appropriate as indicated on the Invoices. Otherwise, all remaining costs and fees should be evenly divided among the parties in each action.

24.     As of this filing, $24,705.74 in fees and costs apportioned to Defendants in the Special Discovery Master's July 2013 Application remain outstanding *plus* $166.63 for photocopy, travel and delivery expenses that were itemized on the July 2013 invoice, but inadvertently omitted from the fees and costs allocated to the parties.

25.     The special allocations noted on the attached Invoices relate to discussions with the parties in *W. Pa. Elec. Employees Pension Fund v. Alter, et al., ("the 1934 Act Case")* concerning resolution of disputes resulting from (a) Plaintiffs' objection to proceeding with the deposition of a third party prior to the Court's decision on class certification (7/22/13 thru 7/27/13) and (b) production of statements and/or affidavits by confidential witnesses relied upon by Plaintiffs (10/3/13 thru 10/11/13). Attached hereto as Exhibit H is a summary of proposed allocation of payment for fees and costs incurred during the period of this Application.

## CONCLUSION

The Special Discovery Master respectfully requests that the allocation and payment of the Professional Fees and Costs described in this Application be approved, and the parties be ordered to pay all outstanding fees and costs within 30 days of Court approval.

9

Respectfully submitted,

Dated: January 16, 2014

**OF COUNSEL:**
ARCHER & GREINER, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-3300
dmarion@archerlaw.com

DAVID H. MARION
Special Discovery Master
Atty. I.D. No. 3590

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on behalf of All Others Similarly Situated, | Civil Action No. 2:09-cv-04730-CMR |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| DENNIS ALTER, et al., | |
| Defendants. | |
| WILLIAM E. UNDERLAND, et al., on behalf of Themselves and All Others Similarly Situated, | Civil Action No. 2:10-cv-03621-CMR |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| DENNIS ALTER, et al., | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF SPECIAL DISCOVERY MASTER'S APPLICATION FOR APPROVAL OF FEES AND COSTS FROM JULY 1, 2013 THROUGH DECEMBER 31, 2013

Special Discovery Master David H. Marion, Esquire, respectfully requests approval of his

Application for Approval of Fees and Costs incurred from July 1, 2013 through December 31,

2013 ("Application"). The invoices, attached to the Application, describe the services rendered

and expenses incurred for the benefit of the parties in these matters.

WHERFORE, for the reasons set forth herein and described in more detail in the

Application, the special Discovery Master requests that the Court grant the Special Master's

application for Approval of Fees and Costs and Order payment by the parties as allocated in the

Application within 30 days of Court approval.

Respectfully submitted,

Dated: January 16, 2014

DAVID H. MARION
Special Discovery Master
Atty. I.D. No. 3590

**OF COUNSEL:**
ARCHER & GREINER, P.C.
One Liberty Place, 32nd Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
(215) 963-3300
dmarion@archerlaw.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on behalf of All Others Similarly Situated, | Civil Action No. 2:09-cv-04730-CMR |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| DENNIS ALTER, et al., | |
| Defendants. | |
| WILLIAM E. UNDERLAND, et al., on behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | Civil Action No. 2:10-cv-03621-CMR |
| vs. | CLASS ACTION |
| DENNIS ALTER, et al., | |
| Defendants. | |

## ORDER

AND NOW, this _____ day of January, 2014, upon consideration of the

Application of Special Discovery Master David H. Marion, Esquire, for Approval of Fees and

Costs incurred from July 1, 2013 through December 31, 2013 ("Application"), and supporting

summaries and exhibits, filed with the Clerk of Court, it is hereby ORDERED that the

Application is Granted and payment of the invoices submitted with the Application is approved

consistent with the Special Master's Recommendation for Allocation of payment. The parties

are ORDERED to make payment directly to the Special Discovery Master within 30 days of this

Order.

BY THE COURT:

_____

Cynthia M. Rufe, J.

**EXHIBIT A**


Dechert
LLP

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

October 24, 2013

**MICHAEL L. KICHLINE**

michael.kichline@dechert.com
+1 215 994 2439 Direct
+1 215 655 2439 Fax

**VIA FAX (267.299.5077)**

The Honorable Cynthia M. Rufe
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, Pennsylvania 19106-1797

Re:     *Western Pennsylvania Electrical Employees Pension Fund v. Alter, et al.*, No. 09-cv-
        4730-CMR (the "1934 Act Case"); *Underland, et al. v. Alter, et al.*, No. 2:10-cv-3621
        (the "1933 Act Case"); *FDIC v. Alter, et al.*, No. 2:13-cv-3361 (the "FDIC case")

Dear Judge Rufe:

Following the September 24, 2013, status conference, the parties worked diligently to
reinvigorate the mediation process before the Hon. Layn Phillips. We are pleased to report that,
subject to appropriate documentation, the parties have reached agreements in principle to fully
settle both the 1934 Act Case and the 1933 Act Case.

In the coming weeks, the parties will negotiate stipulations of settlement and supporting exhibits,
which the lead plaintiffs will file with the Court in connection with their motions for preliminary
approval. The parties expect the process of documenting these settlements to take several weeks.
The settling parties have agreed to stay all further proceedings in the 1934 Act and 1933 Act
Cases, including any outstanding motions and discovery matters, except for proceedings relating
to the approval of the settlements.

Now that the parties have reached agreements to resolve the 1934 Act Case, the 1933 Act Case,
and the Advanta ERISA Litigation, that leaves only the very recently-filed FDIC Case pending
before Your Honor.

Respectfully,

Michael L. Kichline

cc:     David Marion, Esq. (via e-mail)
        All Counsel (via e-mail)

US Austin Boston Charlotte Hartford New York Orange County Philadelphia Princeton San Francisco Silicon Valley Washington DC
EUROPE Brussels Dublin London Luxembourg Moscow Munich Paris ASIA Beijing Hong Kong

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>DENNIS ALTER, et al.,<br><br>                              Defendants. | Civil Action No. 2:09-cv-04730-CMR<br><br>CLASS ACTION |
| WILLIAM E. UNDERLAND, et al., on behalf of Themselves and All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>DENNIS ALTER, et al.,<br><br>                              Defendants. | Civil Action No. 2:10-cv-03621-CMR<br><br>CLASS ACTION |

**SPECIAL MASTER'S REPORT AND RECOMMENDED ORDER No. 6**

I have reviewed the subpoena and notice of deposition, issued on behalf of the 1934 Act

Defendants, to Denver Investment Advisors, a third party, and all other correspondence and

exhibits submitted by the parties for consideration, including on the class certification issues,

which I believe to be a related issue. Because the deposition, which Plaintiffs now seek to

postpone, is scheduled for July 31, 2013 in Denver, Colorado, and in order to advise the parties

as soon as possible given the time constraints, I sent an email decision to all parties on the

morning of Saturday, July 27, 2013, a copy of which is attached as Exhibit A and made a part

hereof. This Report and Recommendation elaborates on that email.

1

Defendants, in their Memorandum in Opposition to Lead Plaintiff's Motion for Entry of an Order Certifying the Proposed Class, state that they issued their first notice of deposition to Denver Investment Advisors four days after the December 10, 2012 Rule 30(b)(6) deposition of the Pension Fund's designated representative. (Def.'s Memo. at 4). Defendants also represent that they have been "negotiating the scope of their subpoena and discussing deposition dates with Denver Investment Advisors" since at least March 2013. On July 1, 2013, after again conferring with Denver Investment Advisors, Defendants noticed the deposition for July 31, 2013. Plaintiffs have now objected to that deposition going forward while their Motion for Class Certification is pending before the Court.

From December 2012 until last week, Plaintiffs did not challenge Defendants' right to depose Denver Investment or the scope of their planned deposition. Denver Investment Advisors also have not formally objected to the subpoena or the 30(b)(6) Notice of Deposition issued with the subpoena. Plaintiffs now assert, however, that in light of their pending Motion for Class Certification and Defendants alleged failure to timely file its brief opposing certification, the July 31 deposition should be postponed until after the Court's decision. Plaintiffs further suggest that, even though Defendants and the deponent have been in discussion for months, because Defendants also intend to explore issues related to class certification as previously planned, the deposition should not proceed until the Court has ruled since they contend Defendants have waived any objection to Plaintiffs' Motion for Class Certification by failing to object in a timely manner. This argument assumes that, if the Court certifies plaintiffs' class, Defendants would thereafter be precluded from questioning the deponent on matters relevant to class certification and limited to exploring merits based issues only, despite Denver being an essential witness in this action with the potential for offering relevant testimony as to both.

2

Because merits and certification issues are intertwined in this case, the parties have sought and already received considerable discovery on both concerns. It appears that Denver Investment Advisors has cooperated with Defendants' effort to schedule a deposition and has not objected to the subpoena. It would be unfair to this third party to require two depositions instead of one, especially when only one would normally be taken and the deposition would have occurred prior to any ruling on certification, but for the intervening mediation and stay of proceedings.

I respectfully believe it unlikely that the Court will accept Plaintiffs' waiver contention in light of applicable law governing class certification and securities class actions. Moreover, FRCP 23(c)(1)(C) clearly allows the Court to revisit certification rulings. Consequently, there is no reason to presume that, even if the Court were to grant Plaintiffs' Motion and certify the class immediately, Defendants would not be permitted to explore both merits and certification related lines of inquiry during the deposition. Denver Investment Advisors may indeed offer relevant testimony bearing upon class certification or reconsideration thereof.

For these reasons and those stated in my July 27 email, the deposition of Denver Investment Advisors scheduled for July 31, 2013 should proceed as scheduled.

/s/David H. Marion

Dated: July 29, 2013                           DAVID H. MARION

\*       \*       \*

**ORDER**

It is so ORDERED.

Dated: _____          _____

                                                Honorable Cynthia M. Rufe
                                                United States District Judge

3

EXHIBIT "A"

Perkins, Linda D.

| | |
|---|---|
| **From:** | Marion, David H. |
| **Sent:** | Saturday, July 27, 2013 10:10 AM |
| **To:** | Lela Fulcher |
| **Cc:** | Michael Kichline; Alexander Bilus; Perkins, Linda D.; David J. Stanoch (david.stanoch@dechert.com); dwe@dwengstromlaw.com; Debbie Gross; Anne Box; Thomas Laughlin; steven.feirson@dechert.com; Doug Britton; Jim Caputo; Ashley Price; Jill Kleinman |
| **Subject:** | Re: W. Pa. Elec. Emps. Pension Fund v. Alter, et al. (Advanta Corp.) |

To all counsel:

I have been traveling out of office but have reviewed all submissions re the July 31 deposition of Denver Investment Advisors. ("dia" hereafter)and the interrelated issues concerning class certification.

My recommended order will be formally sent on Monday, but I am informing all now that my decision is: the deposition of dia should proceed on July 31 as planned and scheduled.

Summary of reasons:

The deposition was first noticed on 12/10/12, and defendants have been negotiating the scope and schedule with dia for months.

Dia has not objected to the deposition. Plaintiffs' request for its postponement has come at the 11th hour. That request depends on its argument that defendants have waived their right to contest certification, an argument I believe is without merit.

Even were the Court to certify the class now (unlikely), that would be subject to reconsideration.

The class and merits issues are intertwined. Dia is an essential nonparty witness as to both . Dia should not be subjected to two depositions. The deposition should proceed on July 31 as arranged.

I ask that all parties cooperate and inform dia asap that the deposition can and will proceed on July 31.

David H Marion, Special Master
Sent from my iPhone

On Jul 25, 2013, at 6:15 PM, "Lela Fulcher" <LelaF@rgrdlaw.com> wrote:


<image001.jpg>


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

<Letter to Discovery Master Marion from JAC re Denver Investment depo 7-25-13.pdf>

1

**David H. Marion, Esq.**

One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103-7383
Direct Dial: 215-246-3131
Fax: 215-963-9999
dmarion@archerlaw.com
www.archerlaw.com

**Archer&Greiner** P.C.
ATTORNEYS AT LAW

2

**EXHIBIT C**

# Archer&Greiner P.C.
## ATTORNEYS AT LAW

**David H. Marion**

*dmarion@archerlaw.com*
215-246-3131 Direct

One Liberty Place - 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393
(215) 963-3300 Main
(215) 963-9999 Fax
**www.archerlaw.com**

September 12, 2013

**Via E-mail and First-class Mail**

Honorable Cynthia M. Rufe
United States District Court for the
 Eastern District of Pennsylvania
12614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> **Re:** W. Pa. Elec. Employees Pension Fund v. Alter, et al., Civil Action No. 2:09-cv-04730-CMR ("the 1934 Act Case")
>
> Underland, et al. v. Alter, et al., Civil Action No. 2:10-cv-03621-CMR ("the 1933 Act Case")
>
> Our File No. RUF012.00801

Dear Judge Rufe:

I have reviewed Defendant Alter's Emergency Motion for Clarification filed yesterday with the Court, in which counsel requests the opportunity for the parties to meet and confer in an effort to establish appropriate procedures to address Mr. Alter's interest in protecting any privileged, private and/or confidential information on the Alter Hard Drive. Counsel then suggests that in the event the parties are unable to reach an agreement on such procedures, then the matter should be referred back to the Special Discovery Master for resolution.

I thought it might be helpful to state my view that counsel's concerns are fully addressed in section IV, paragraph 5 (page 12) of my Fifth Report and Amended Recommended Order, which was approved and adopted by the Court with two modifications unrelated to this portion of my recommended order.

Respectfully yours,

DAVID H. MARION

Cc: All Counsel

Haddonfield, NJ ● Philadelphia, PA ● Hackensack, NJ ● Princeton, NJ
Flemington, NJ ● Wilmington, DE ● Shrewsbury, NJ ●Georgetown, DE ● New York, NY

**EXHIBIT D**

Perkins, Linda D.
_____

| From: | Marion, David H. |
| Sent: | Tuesday, October 01, 2013 10:05 PM |
| To: | debbie@bernardmgross.com |
| Cc: | Judge Cynthia Rufe (chambers_of_Judge_Cynthia_M_Rufe@paed.uscourts.gov); Perkins, Linda D.; Feirson, Steven; Doug Britton; Geoffrey M. Johnson; Steinberg, Stuart; David Mullin; Deborah Clark-Weintraub; Stanoch, David; Bilus, Sandy; Jim Caputo; Thomas Laughlin; Anne Box; christopher nelson; Edward Rogers; Kahn, Geoffrey A. (Phila); John Edwards; David W Engstrom; Wallace Showman; Thomas Ajamie; Susannah Conn; michael.kichline@dechert.com; Ashley Price |
| Subject: | Re: Advanta |

Dear Judge Rufe,

I just want to add to Debbie's letter that -- because we were able to achieve an agreed
schedule and process after my meetings with counsel-- I concluded there was no need for a
recommended order from me. Hence I suggested they submit the agreement as a stipulated order
with a "So ordered" line. Of course if you are not satisfied with all or any part of the
stipulation, we assume you will so advise us.

I do commend and appreciate all counsels' effort and cooperation which produced the
stipulation and hopefully will enhance the prospects for the next round with the mediator.

Respectfully yours,

David



David H. Marion, Esq.

One Liberty Place
Thirty-Second Floor
1650 Market Street
Philadelphia, PA 19103-7393
Direct Dial: 215-246-3131
Fax: 215-963-9999
dmarion@archerlaw.com
www.archerlaw.com

Archer & Greiner, P.C.
Attorneys at Law
On Oct 1, 2013, at 9:33 PM, "debbie@bernardmgross.com" <debbie@bernardmgross.com> wrote:

> Judge Rufe,
>
> I am attaching herewith a Stipulated Order concerning discovery and the schedule in these
cases which the parties presented to Mr. Marion.  While all agree to the Stipulated Order, we
do not have signatures from all the parties.  In light of the hour, and the Court's directive
to present your Honor with an Order by October 1, we thought it best to forward this to you.
I am sure we will have the missing signatures or authorizations tomorrow. As soon as we have
them, we can file the stipulated order by ECF.  Thank you for your understanding.
>
> Respectfully,
>

> Deborah R. Gross, Esq.
>
> 100 Penn Square East, Suite 450
> Philadelphia, PA  19107
> 215-561-3600 work
> 215-561-3000 fax
>
> The information contained in this email and any attachments may be legally privileged and
confidential.  If you are not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this email and any attachments is strictly
prohibited.  If you received this email in error, please notify the sender and permanently
delete the email and any attachments immediately.  You should not retain, copy or use this
email or any attachment for any purpose, nor disclose all or any part of the contents to any
other person.
>
> <stipulatedorderreschedule1012013.pdf>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on Behalf of All Others Similarly Situated, ) | Civil Action No. 2:09-cv-04730-CMR<br><br>CLASS ACTION |
| Plaintiff, ) | |
| vs. ) | |
| DENNIS ALTER, et al., ) | |
| Defendants. ) | |
| WILLIAM E. UNDERLAND, et al., Individually and on Behalf of All Others Similarly Situated, ) | Civil Action No. 10-3621<br><br>CLASS ACTION |
| Plaintiff, ) | |
| vs. ) | |
| DENNIS ALTER, et al., ) | |
| Defendants. ) | |
| FEDERAL DEPOSIT INSUR. CORP., as Receiver for the Advanta Bank Corp., ) | Civil Action No. 13-3361<br><br>CLASS ACTION |
| Plaintiff, ) | |
| vs. ) | |
| DENNIS ALTER, et al., ) | |
| Defendants. ) | |

SCHEDULING STIPULATION AND [PROPOSED] ORDER

On September 24, 2013, following the status conference with the Court, counsel for all parties in the above-captioned cases met with the Special Discovery Master to discuss a protocol for the production of certain documents by the FDIC and other discovery issues. On September 26, 2013, counsel for all parties and the Special Discovery Master had a meeting/conference call with LDiscovery to discuss how LDiscovery intends to perform, document, and report on the comparison of the Alter hard drive with a defined set of data provided by FTI to LDiscovery.

As a result of the aforementioned meetings, the parties agree to the following:

**1.     The Alter Hard Drive**

LDiscovery will compare the data on the Alter hard drive with the entire universe of Advanta data delivered to LDiscovery by FTI (*i.e.*, Option No. 2 in the September 26, 2013 letter from Michael Kichline to the Special Discovery Master). As a first step, LDiscovery will use hash values to compare the two sets of data, and will hash out individually any email container files before undertaking the comparison. LDiscovery will document every step of its analysis. If, at any step of the analysis, LDiscovery must choose between or among options as to how to proceed, it will identify all such options and explain why it chose the option it did.

LDiscovery will prepare a written report explaining how it performed the analysis and documenting the results. As requested in the September 20, 2013 letter from counsel for the 1934 Act Plaintiff to LDiscovery, the report will include: (1) the number of files and megabytes that are the same and different; (2) for the files that are the same, a breakdown of the file extensions with file count and number of megabytes, and the files' create date, last modified date, last accessed date, folder paths and file names; and (3) for the files that are different, a breakdown of the file extension with the file count and number of megabytes, and the files' folder paths. The report will also specify in detail the data included in the FTI-provided universe that will form the basis of the comparison.

by third parties, such as consultants to Advanta Bank Corp., which may have been produced pursuant to a protective order or confidentiality agreement. Those third parties will be contacted to see if they object. If they object, the FDIC will advise the parties. The FDIC has a right to claw back inadvertently produced materials that are subject to confidentiality agreements or protective orders with third parties, or that are subject to applicable privileges or work product immunity. The production will be subject to the confidentiality order and amendments existing in these cases.

By **November 15, 2013**, the FDIC will identify the discovery that it is not producing, such as interview notes, based on to work product, deliberative process, or other applicable privilege or immunity. All parties simultaneously will brief whether any such privilege or immunity from discovery should or should not apply by **November 22**. All parties will simultaneously file a reply brief on **November 27**. No party shall file a brief longer than 12 pages in connection with these issues.

By **January 15, 2014**, the parties may identify tailored requests for additional discovery to the FDIC as a result of their review of the discovery produced. This agreement does not foreclose any party from requesting further documents/ESI directly from the FDIC necessary to support any claims or defenses – regardless of subject-matter. The requests referenced in the preceding paragraph shall not preclude any party from requesting further discovery under this paragraph relating to topics other than re-pricing.

## 3. Confidential Witnesses

With respect to the discovery related to confidential witnesses identified by the 1934 Act plaintiff, defendants will issue subpoenas directly to the confidential witnesses and/or their lawyers. There will be no ex parte contacts by any party, except for scheduling purposes, with those confidential witnesses who are not represented by counsel. Counsel for the 1934 Act plaintiff will inform defendants' counsel by **October 2, 2013**, whether it will voluntarily produce any of the

- 3 -

879982_1

"sworn statements or affidavits" referenced in the Special Master's Decision and Recommendation Order No. 2, if they exist, from the identified confidential witnesses. Nothing herein shall limit any party's rights to seek additional discovery relating to the confidential witnesses, including, but not limited to, from the confidential witnesses, the 1934 Act Plaintiff, or any third-party.

**4.     Mediation and Future Rule 26(f) Conference**

On **December 2, 2013**, after the parties have obtained and reviewed discovery from the FDIC and have a better picture of their additional discovery needs, including any requests for additional discovery from the FDIC, the parties will meet with the Special Discovery Master to discuss respective deadlines in each of the consolidated cases for completing fact discovery.

On **February 20-21, 2014**, or as soon as possible thereafter, the parties will return to Judge Layn Philips for a further attempt at mediation.

DATED:  October 1, 2013              ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                        DOUGLAS R. BRITTON
                                        JAMES A. CAPUTO
                                        ASHLEY M. PRICE
                                        SUSANNAH R. CONN

                                                   ASHLEY M. PRICE

                                      655 West Broadway, Suite 1900
                                      San Diego, CA  92101-3301
                                      Telephone: 619/231-1058
                                      619/231-7423 (fax)

                                      Lead Counsel for Plaintiff

LAW OFFICES OF BERNARD M.
  GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107
Telephone: 215/561-3600
215/561-3000 (fax)

Liaison Counsel

DATED: October 1, 2013

SCOTT + SCOTT LLP
DEBORAH CLARK-WEINTRAUB
THOMAS L. LAUGHLIN IV

*Geoffrey Johnson w/permission* AP
    [ATTORNEY SIGNATURE]

The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: 212/233-6444
212/233-6334 (fax)

SCOTT + SCOTT LLP
ANNE L. BOX
JOHN JASNOCH
707 Broadway, 10th Floor
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)

SCOTT + SCOTT LLP
GEOFFREY M JOHNSON
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: 216/229-6088
216/229-6092 (fax)

Attorneys for Plaintiff

879982_1

DATED: October 1, 2013                    MULLIN HOARD & BROWN, LLP
                                          DAVID MULLIN


                                          _____
                                          [ATTORNEY SIGNATURE]

                                          500 S. Taylor, Suite 800
                                          Amarillo National Bank Plaza II
                                          Amarillo, TX 79101
                                          Telephone: 806/372-5050
                                          806/372-5086 (fax)

                                          Attorneys for the FDIC

DATED: October 1, 2013                    DECHERT LLP
                                          STEVEN B. FIERSON
                                          MICHAEL L. KICHLINE
                                          STUART T. STEINBERG
                                          DAVID J. STANOCH
                                          ALEXANDER R. BILUS


                                          _____  w/ permission
                                          [ATTORNEY SIGNATURE]
                                          Cira Centre
                                          2929 Arch Street
                                          Philadelphia, PA 19104-2808
                                          Telephone: 215/561-3600
                                          215/561-3000 (fax)

                                          Attorneys for Defendants

DATED: October 1, 2013                    LAW OFFICE OF DAVID W. ENGSTROM
                                          DAVID W. ENGSTROM


                                          _____  w/ permission
                                          [ATTORNEY SIGNATURE]

                                          2001 Market Street
                                          Philadelphia, PA 19103
                                          Telephone: 215/375-7700
                                          215/375-7882 (fax)

- 6 -

AJAMIE LLP
THOMAS R. AJAMIE
WALLACE A. SHOWMAN
JOHN S. EDWARDS
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: 713/860-1600
713/860-1699 (fax)

Attorneys for Defendants

DATED: October 1, 2013                    BALLARD SPAHR LLP
                                          GEOFFREY A. KAHN
                                          PHILIP N. YANNELLA
                                          EDWARD D. ROGERS
                                          RUTH S. USELTON

_____

[ATTORNEY SIGNATURE]

1735 Market Street, 51st floor
Philadelphia, PA 19103
Telephone: 215/665-8500
215/864-8999 (fax)

Attorneys for Defendants

*          *          *

**ORDER**

IT IS SO ORDERED.

DATED: _____          _____
                                THE HONORABLE CYNTHIA M. RUFE
                                UNITED STATES DISTRICT JUDGE

- 7 -

**EXHIBIT E**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**WESTERN PENNSYLVANIA ELECTRICAL** :
**EMPLOYEES PENSION FUND, Individually** :
**and on Behalf of All Others Similarly Situated,** :
                                  :
              **Plaintiff,** :
                                  :
       v.                          :     **Civ. No. 09-4730**
                                  :
**DENNIS ALTER, et al.,** :
                                  :
             **Defendants.** :

---

**WILLIAM E. UNDERLAND and MARK** :
**SCHALLER, on behalf of themselves and** :
**all others similarly situated,** :
                                  :
            **Plaintiffs,** :
                                  :     **Civ. No. 10-3621**
       v.                          :
                                  :
**DENNIS ALTER, et al.,** :
                                  :
             **Defendants.** :

---

### JOINT STATUS REPORT OF THE PARTIES

Pursuant to the Court's September 6, 2013 Order (Doc. 165), the parties hereby submit this update on the status of LDiscovery's analysis of the Alter Hard Drive.

On September 26, 2013, the Special Master held a conference with counsel for the parties, and representatives of LDiscovery, to discuss how LDiscovery intends to perform, document, and report on the comparison analysis. The parties reached certain agreements regarding the analysis, which they documented in a Scheduling Stipulation filed with the Court

on October 2, 2013 (Doc. 173). The Stipulation was entered as an Order of the Court on October

7, 2013 (Doc. 175).

On Friday, October 4, 2013, LDiscovery furnished a preliminary report to counsel for the

parties. The parties are reviewing the report to determine what additional analysis needs to be

done, and will convene a follow-up conference with the Special Discovery Master in

approximately two weeks regarding the parties' respective views of the LDiscovery report.


Dated: October 7, 2013                        Respectfully submitted,


*/s/ James A. Caputo (with permission)*       */s/ Stuart T. Steinberg*
Douglas R. Britton                            Steven B. Feirson
James A. Caputo                               Michael L. Kichline
Ashley M. Price                               Stuart T. Steinberg
Susannah R. Conn                              David J. Stanoch
 ROBBINS GELLER                               DECHERT LLP
  RUDMAN & DOWD                               Cira Centre, 2929 Arch Street
  LLP                                         Philadelphia, PA 19104
655 West Broadway, Suite                      Tel: 215.994.4000
1900 San Diego, CA 92101-                     Fax: 215.655.4000
3301
Tel: 619.231.1058                             *Attorneys for Dennis Alter, William A. Rosoff,*
Fax: 619.231-7423                             *Philip M. Browne, Robert S. Blank, Max Botel,*
                                              *Thomas Costello, Dana Becker Dunn, Robert*
                                              *Lubner, Olaf Olafsson, and Michael Stolper*
Deborah R. Gross
LAW OFFICES OF BERNARD M. GROSS,
P.C.
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107
Tel: 215.561.3600
Fax: 215.561.3000

*Attorneys for The Western Pennsylvania*
*Electrical Employees Pension Fund*

2

## **CERTIFICATE OF SERVICE**

I certify that on October 7, 2013, I caused a true and correct copy of the Joint Status

Report of the Parties to be filed and served upon all parties and counsel of record via operation of

the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania.

*/s/ David J. Stanoch*
David J. Stanoch
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-994-4000
Fax: 215-994-2222

**EXHIBIT F**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on behalf of All Others Similarly Situated, | Civil Action No. 2:09-cv-04730-CMR |
| Plaintiffs, | CLASS ACTION |
| vs. | |
| DENNIS ALTER, et al., | |
| Defendants. | |

**SPECIAL MASTER'S DECISION AND RECOMMENDED ORDER No. 7**

This Decision and Recommendation concerns a dispute between the parties over the release of all sworn statements and/or affidavits by the confidential witnesses relied upon by plaintiffs in their cause of action against defendants in the 1934 Act Case. The sworn statements and/or affidavits at issue were obtained by plaintiffs' counsel and referred to in my Decision and Recommendation No. 2, which was subsequently approved and adopted by the Court on February 6, 2013 and later affirmed by the Court on August 20, 2013, following a motion to vacate filed by the defense.

Among other recommendations in my decision, and in an effort to be fair to both sides, I included a period prior to disclosure of the identity of the confidential witnesses to the defense which would afford "plaintiffs the opportunity to obtain sworn statements or affidavits from such witnesses and to inform such witnesses that their identities will be disclosed and that they will, no doubt, be deposed by defendants." (Special Master's Decision and Recommendation No. 2 at §C.1.) This provision was in response to concerns raised by plaintiffs over a potential for

witness intimidation. Plaintiffs' counsel were not directed or ordered to obtain sworn statements

or affidavits, but were merely afforded an opportunity to do so to minimize the possibility of

intimidation and protect the integrity of any previous information or assertions from those

particular individuals in advance of their depositions. It was not my intention or expectation that

such statements or affidavits would be immunized from otherwise appropriate discovery.

Defendants have now requested copies of any and all such sworn statements. In

response, plaintiffs have refused to provide any sworn statements and/or affidavits unless and

until defendants agree to their proposal, ultimately based on an assertion of attorney work

product privilege, that:

> (1) any such sworn statements or affidavits will be treated as confidential under
> the applicable protective orders, and (2) our disclosure of any such sworn
> statements or affidavits will not be considered (or argued) to be a waiver of any
> applicable privileges or protections concerning any other communications
> plaintiffs may have had or will have with witnesses or potential witnesses.

(D. Britton letter to D. Marion, October 7, 2013 at 1, reciting October 2-3, 2013 email string

between D. Britton and M. Kichline). Defendants object to any assertion of privilege based on

attorney work product as well as plaintiffs' generalized request that the sworn statements and/or

affidavits at issue be deemed confidential and *not* as evidence of waiver of privilege as to *any*

*other* communications plaintiffs may have had or will have with these or other witnesses.

In order to fully consider plaintiffs' assertion of attorney work product as to the sworn

statements and/or affidavits at issue, I requested a copy of any and all statements that are the

subject of this dispute for *in camera* review. On October 10, 2013, plaintiffs promptly provided

the relevant document(s). I have since considered the content of the statement(s) provided and

the letter briefs of counsel regarding this dispute. I recommend the following resolution of this

dispute:

2

1.       Plaintiffs are directed to provide immediately to defendants all sworn statements and/or affidavits obtained from the confidential witnesses which were the subject of the Special Master's Decision and Recommendation No. 2. Based on my *in camera* review of counsel's October 10 submission, there are no grounds for an assertion of work product privilege since the content is factual rather than any substantive legal analysis of counsel or their agents. The mere fact that a document may have been drafted by counsel does not justify invocation of a privilege based on attorney work product. Nor can I discern any basis for protection thereof as confidential.

2.       Release of sworn statements or affidavits obtained from the confidential witnesses referred to in the Special Master's Decision and Recommendation No. 2 does not constitute a waiver of any applicable privileges or protections concerning *any other* communications plaintiffs may have had or will have with *these or other* witnesses or potential witnesses. Defendants have a right to full and complete discovery of all responsive, non-privileged materials. Plaintiffs retain the right to object on the grounds of privilege as to all other communications with witnesses or potential witnesses.

Dated: October 11, 2013                    DAVID H. MARION

\*        \*        \*

**ORDER**

It is so ORDERED.

Dated: _____         _____
                                           Honorable Cynthia M. Rufe
                                           United States District Judge

3

**EXHIBIT G**

# ARCHER & GREINER

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
ONE CENTENNIAL SQUARE
HADDONFIELD, NEW JERSEY 08033-0968
(856-795-2121)

C/O DAVID H. MARION, ESQ.
ARCHER & GREINER, P.C.
ONE LIBERTY PLACE
1650 MARKET ST., 32ND FLOOR
PHILADELPHIA, PA 19103-7393

Invoice Number: 1552184
Invoice Date: 01/15/14

Matter Number: RUF012.00801

ADVANTA CLASS ACTIONS - SPECIAL MASTER

D.H. Marion

Re: ADVANTA LITIGATION

FOR PROFESSIONAL SERVICES RENDERED THROUGH 12/31/2013 :

| Date | Tkpr | | Hours |
|------|------|---|-------|
| 07/08/13 | LDP | Edit and revise periodic report for court and expense application | 0.70 |
| 07/09/13 | LDP | Complete periodic court report preparation | 0.90 |
| 07/11/13 | DHM | Review Alter's opposition to Recommended Order #5 and confer with L. Perkins | 0.40 |
| 07/11/13 | LDP | Read and analyze defendant Alter's objections to Special Master's Report No. 5 and confer with D. Marion | 1.20 |
| 07/11/13 | PGD | Obtained and reviewed civil docket report 2:10-cv-03621 for L. Perkins | 0.50 |
| 07/16/13 | DHM | Review and analyze Defendant Alter's objections to Recommended Order #5 and Alter's Motion to Vacate Recommended Order #2; confer and emails with L. Perkins re same | 0.90 |
| 07/16/13 | LDP | Review Defendants' motion to vacate Reccommended order #2 and related documents/materials; emails to/from D. Marion re same | 2.60 |
| 07/16/13 | PGD | Obtained court filed copy of motion to vacate and exhibits for L. Perkins | 0.50 |
| 07/17/13 | LDP | Review and analyze bills for reccommended allocation of costs; draft allocation exhibit to court report with corresponding cost/fee adjustments by entry | 2.30 |
| 07/17/13 | LDP | Research and review case law cited on motion to vacate and related materials | 3.20 |
| 07/18/13 | LDP | Review motion to vacate; research and analyze arguments and cases cited by defendants' motion to vacate; email to D. Marion re same; review related materials and file | 6.90 |

Invoice Number:    1552184

RUF012.00801    ADVANTA LITIGATION                                        Page 2
01/15/14

| Date | Tkpr | | Hours |
|------|------|---|-------|
| 07/22/13 | DHM | Review Dechert filings re Recommendations #2 and 5; review Plaintiff's request for Order re Denver Investment depositions (1934 Act Case: 0.2) | 0.80 |
| 07/23/13 | DHM | Review exhibits to plaintiff's request for protective order; prepare response e-mail to defense counsel (1934 Act Case) | 1.20 |
| 07/23/13 | LDP | Review correspondence and pleadings from counsel to D. Marion re Denver Investment subpoena; read plaintiff's response to defendant's motion to vacate and review related pleadings/correspondence (1934 Act Case: 0.2) | 1.90 |
| 07/24/13 | DHM | Confer with L. Perkins re current pending issues | 0.60 |
| 07/25/13 | DHM | Prepare and revise summary report to J. Rufe for 2/1/13 - 6/30/13 | 2.00 |
| 07/25/13 | DHM | Begin review of submissions re Denver Investment depositions (1934 Act Case) | 0.50 |
| 07/26/13 | DHM | Review all parties' submissions re defendants' noticed deposition of Denver Investments; confer with L. Perkins re same; review related points in class certification papers; plan Recommended Order allowing deposition to proceed (1934 Act Case) | 2.20 |
| 07/26/13 | DHM | Review and revise Recommended Order #6; prepare emergency e-mail to parties authorizing Denver Investment deposition to proceed (1934 Act Case) | 1.80 |
| 07/26/13 | LDP | Review correspondence from counsel to D. Marion re Denver Investment deposition and all related correspondence/motions/pleadings relevant to issue; review FRCP 23(c)(1)(C) and amendment/comments; analyze issue and plan response; emails and telephone calls with D. Marion re same  (1934 Act Case) | 2.60 |
| 07/26/13 | LDP | Draft letter to all counsel re plaintiff's objection to scheduled depositions (1934 Act Case) | 2.80 |
| 07/26/13 | PGD | Prepared copy of motion for leave to file reply for D. Marion | 0.40 |
| 07/27/13 | LDP | Revise and edit draft letter to counsel; forward to D. Marion for review and comment; review file and all correspondence relevant to decision (1934 Act Case) | 1.80 |
| 07/27/13 | LDP | Telephone calls with D. Marion re recommendation no. 6 re Denver Investment depositions; telephone call with D. Marion re final revisions to draft recommendation no. 6; email same to counsel and J. Rufe (1934 Act Case) | 1.60 |
| 07/27/13 | LDP | Final revision to text of Recommendation No. 6; email to D. Marion re same (1934 Act Case) | 0.30 |
| 07/29/13 | DHM | Review Plaintiffs' response to Alter Objections to Recommended Order #5 | 0.30 |

Invoice Number:    1552184

RUF012.00801      ADVANTA LITIGATION                                    Page 3

01/15/14

| Date | Tkpr | | Hours |
|------|------|------|------|
| 07/29/13 | DHM | Final review for filing Recommended Order #6 | 0.40 |
| 07/29/13 | LDP | Format Recommendation No. 6 for filing with instructions to P. Dadario re same (1934 Act Case) | 0.60 |
| 07/29/13 | LDP | Revise and edit report to court with D. Marion changes; draft new allocation of costs document by matter | 2.30 |
| 07/29/13 | PGD | Obtained and reviewed civil docket reports, reviewed, prepared exhibit, scanned and efiled Special Master's Report No 06 concerning Underland and Western matters (1934 Act Case) | 1.10 |
| 07/30/13 | DHM | Revise 5-month report to Court and application; confer with L. Perkins re recommended fee allocations | 0.80 |
| 07/30/13 | DHM | Review Plaintiff's Response to Alter's Objection to Recommended Order #5; analyze defense motion to vacate Recommended Order #2; review defendant's rebuttal on Order #5 | 1.90 |
| 07/30/13 | LDP | Final revision to court report and attachment of exhibits; draft and finalize letter to J. Rufe; final preparation for filing; email to D. Marion re same | 1.00 |
| 07/30/13 | PGD | Reviewed report to court and Application, prepared all exhibits, scanned and efiled in three consolidated matters, forwarded courtesy copy to Judge and emailed copy to L. Perkins | 1.50 |
| 07/31/13 | DHM | Confer with L. Perkins re filings and review Plaintiffs' Opposition to Motion to Vacate Recommended Order #2 | 0.70 |
| 07/31/13 | LDP | Emails to/from D. Marion re recent filings by parties; obtain copy of sealed response | 0.20 |
| 07/31/13 | PGD | Obtained and reviewed docket reports, obtained copy of reply memorandum in Underland matter for L. Perkins | 0.50 |
| 08/13/13 | DHM | Review various recent briefs and documents | 0.40 |
| 08/21/13 | DHM | Review Court Order denying Motion to Vacate Rec Order #2; email L. Perkins re impact on plaintiffs' identifying secret witnesses | 0.60 |
| 08/22/13 | DHM | Review court orders re allocation of fees, Rec Order No. 6, etc.; e-mails to L. Perkins re same | 0.60 |
| 09/04/13 | DHM | Telephone calls with D. Gross and M. Kichline re status, etc. | 0.40 |
| 09/09/13 | DHM | Analyze Judge Rufe's Order re Rec Order #5; review for background | 0.70 |
| 09/09/13 | LDP | Read Judge Rufe order re: Review #5, read defendant's correspondence to J. Rufe re: request for status conference; email and confer with D. Marion re: same. | 1.20 |
| 09/10/13 | DHM | Review Dechert's 9/9 letter to Judge Rufe re request for conference, overview and proposed involvement of judge with mediator | 0.40 |

Invoice Number:    1552184

RUF012.00801      ADVANTA LITIGATION                                      Page 4
01/15/14

| Date | Tkpr | | Hours |
|------|------|---|-------|
| 09/11/13 | DHM | Conference with L. Marks re status; conference with K. Chewning re scheduling conference; review file | 0.50 |
| 09/11/13 | LDP | Read all new correspondence from parties to J. Rufe/D. Marion re: pending request for status conference; conference with D. Marion re: same. | 0.60 |
| 09/12/13 | DHM | Review Motion of Dechert for "clarification"; conference with L. Perkins re possible response; revise brief letter to the court | 0.40 |
| 09/12/13 | LDP | Read and review correspondence/emails to J. Rufe and D. Marion re: defense emergency motion for clarification Alters; email to D. Marion re: same; draft, prepare and email letter to J. Rufe and parties re: same; confer with D. Marion re: same. | 2.30 |
| 09/13/13 | DHM | Review parties' submission to J. Rufe re emergency motion (alter hard drive) and request for status conference | 0.60 |
| 09/13/13 | DHM | Review Alter's letter re withdrawal of emergency motion | 0.20 |
| 09/13/13 | LDP | Read correspondence to J. Rufe/D. Marion from parties re: emergency motion for clarification; email to/from D. Marion re: same. | 0.20 |
| 09/17/13 | DHM | Telephone call from Judge Rufe's class re correspondence and response, conference and emails with L. Perkins re same | 0.40 |
| 09/18/13 | LDP | Prepare review materials for D. Marion in advance of status conference with Judge Rufe and parties. | 1.30 |
| 09/19/13 | PGD | Obtained copies of recently filed orders, scanned and forwarded to L. Perkins, Esquire. | 0.50 |
| 09/22/13 | LDP | Review Advanta correspondence and emails to parties and D. Marion re: forensic exam of Alter hard drive; email to D. Marion re: same. | 0.30 |
| 09/23/13 | DHM | Review e-mails from counsel on both sides re L-Discovery's examination of Alter hard drive; review files and prior orders in preparation for Court Status Conference on 9/24 | 1.00 |
| 09/24/13 | DHM | Additional review of files in preparation for Court Status Conference; travel to USDC ED PA for Conference and participate in same; conduct conference among counsel in courtroom re FDIC document production, schedule, etc. | 3.80 |
| 09/25/13 | DHM | Meeting with L.P. re issues raised at Court conference and counsel meeting; prepare for L-Discovery meeting on 9/26 re Alter Hard Drive issues | 1.60 |
| 09/25/13 | DHM | Review Court Order denying stay, consolidating FDIC case for discovery, proposed discovery schedule; review L-Discovery letter from Dechert; prepare for L-Discovery meeting/conference call tomorrow | 1.30 |

Invoice Number: 1552184

RUF012.00801     ADVANTA LITIGATION                                    Page 5

01/15/14

| Date | Tkpr | | Hours |
|------|------|---|-------|
| 09/25/13 | LDP | Confer with D. Marion re: status Advanta litigation; issue - going forward and status conference with Judge Rufe on 9/24/13. | 1.50 |
| 09/25/13 | LDP | Review bills, fee petition payments; create spreadsheet re: allocations and payments by parties and matter; email and hard copies to D. Marion re: same; amounts due by parties/firms. | 1.50 |
| 09/26/13 | DHM | Review letters from both sides re L-Discovery/Alter Drive; conduct meeting/conference call of counsel re L-Discovery/Alter Drive; and re discovery schedule per Court Order | 1.80 |
| 09/26/13 | LDP | Review materials and correspondence in preparation for meeting with parties and D. Marion. | 1.70 |
| 09/26/13 | LDP | Meeting and conference call with parties and D. Marion. | 1.50 |
| 09/27/13 | DHM | E-mail exchange with D. Gross re drafting stipulated discovery schedule | 0.40 |
| 09/30/13 | LDP | Emails to/from D. Marion re: draft proposed scheduling order to be filed with court on 10/1/13; email and telephone calls to/from D. Gross assistant re: same; review proposed draft order for Robbins Geller. | 0.90 |
| 10/01/13 | DHM | Conference with L. Perkins and review draft report/schedule for submission to Judge Rufe | 0.70 |
| 10/01/13 | DHM | Telephone call with A. Price (Robins) and D. Gross re status of Stipulated Discovery Schedule; telephone call with Judge Rufe's secretary to leave message for Judge; telephone call with S. Steinberg (Dechert) re finalizing stipulation for Court | 1.10 |
| 10/01/13 | DHM | Email from D. Gross and D. Mullin and respond to Judge Rufe re stipulated Order | 0.50 |
| 10/03/13 | LDP | Read/review emails exchanged among parties concerning release of sworn statements by CW; discuss same with D. Marion (1934 Act Case) | 0.80 |
| 10/07/13 | DHM | Review e-mails re dispute over "confidential witnesses"; L-Discovery (1934 Act Case) | 0.70 |
| 10/07/13 | LDP | Read emails and correspondence from parties re: all outstanding issues/concerns; email to D. Marion outlining same. | 1.70 |
| 10/07/13 | PGD | Obtained copy of docket report and order concerning request for hearing transcripts for L. Perkins, Esquire. | 0.40 |
| 10/08/13 | DHM | Review Joint Status Report of the Parties and emails re follow-up date with Special Master (re Alter Hard Drive and L-Disc report) | 0.80 |
| 10/08/13 | LDP | Read/review letter briefs from parties re: request for disclosure of sworn statement/affidavits from CW; review Recommendation No. 2 and all related correspondence relevant to Rec. No. 2 and prior decision concerning identification of CWs (1934 Act Case) | 2.30 |

Invoice Number: 1552184

RUF012.00801 ADVANTA LITIGATION Page 6

01/15/14

| Date | Tkpr | | Hours |
|------|------|---|-------|
| 10/09/13 | LDP | Review additional (new) correspondence from counsel re: request for affidavits; confer with D. Marion re: same; review prior correspondence and discuss need for in camera review (1934 Act Case) | 1.70 |
| 10/10/13 | DHM | "In camera" review of witness declarations; review of parties' briefs re conference with witnesses (1934 Act Case) | 0.80 |
| 10/10/13 | LDP | Review sworn statement(s) and related correspondence (1934 Act Case) | 1.60 |
| 10/11/13 | DHM | Analyze arguments from both sides and prepare and edit Recommendation Order #7 re statements from confidential witnesses; conference with L. Perkins re same (1934 Act Case) | 1.30 |
| 10/11/13 | LDP | Draft and prepare Recommendation No. 7; confer with D. Marion re: same; prepare case letters, emails to D. Marion; instructions to Thacker and P. Dadario re: filing; follow up emails re: same (1934 Act Case) | 2.80 |
| 10/11/13 | PGD | Reviewed, scanned and efiled Special Master's Decision and Recommended Order No. 7 for L. Perkins, Esquire, and prepared copies for service via email and regular mail (1934 Act Case) | 0.60 |
| 10/14/13 | DHM | E-mails re FDIC access to documents; conference with Linda Perkins re issues open | 0.40 |
| 10/23/13 | DHM | Telephone call from D. Gross re settlement status | 0.20 |
| 10/24/13 | DHM | Review status with L. Perkins; review correspondence re settlement of two cases | 0.40 |
| 10/24/13 | DHM | Telephone conversations with counsel (Kichline and Gross) re settlement of 10(b)(5) and noteholder's correspondence | 0.40 |
| 11/12/13 | DHM | Telephone call with M. Kichline re scheduled meeting on 12/2, FDIC status | 0.20 |
| 11/14/13 | DHM | Telephone call with D. Gross re status | 0.20 |
| 12/02/13 | PGD | Obtained copy of Gyandoh Declaration and extensive exhibits, saved to filed and prepared copies for L Perkins and D Marion, Esquires. | 1.10 |

TOTAL HOURS 101.20

TIMEKEEPER TIME SUMMARY:

| Timekeeper | Hours | Value |
|------------|-------|-------|
| P G Dadario | 7.10 Hrs | 1,405.50 |
| L. D. Perkins | 56.80 Hrs | 15,620.00 |
| D.H. Marion | 37.30 Hrs | 20,515.00 |
| | | CURRENT FEES      $37,540.50 |

|  |  | Invoice Number: | 1552184 |
|---|---|---|---|
| RUF012.00801 | ADVANTA LITIGATION | | Page 7 |
| 01/15/14 | | | |

FOR COSTS ADVANCED AND EXPENSES INCURRED

| | | |
|---|---|---|
| Photocopying | | 35.60 |
| Delivery service | | 3.10 |
| | CURRENT EXPENSES | $38.70 |

| | | |
|---|---|---|
| | TOTAL AMOUNT OF THIS INVOICE | $37,579.20 |

Invoice Number: 1552184

RUF012.00801   ADVANTA LITIGATION                                    Page 8
01/15/14

PRIOR UNPAID INVOICES:

| DATE | INV # | AMOUNT | CREDITS | BALANCE |
|------|-------|--------|---------|---------|
| 07/30/13 | 1519579 | $50,701.13 | ($25,828.76) | $24,872.37 |
| | | | | $24,872.37 |

TOTAL PRIOR BALANCE DUE      24,872.37

Invoice Number: 1552184

RUF012.00801    ADVANTA LITIGATION

01/15/14

Page 9

### *Archer & Greiner P.C.*

As an added convenience to our valued clients, we will now be accepting Visa/Master Card and American Express payments.

**Type of Card: Visa, Master Card, Discover or American Express (Amex)**          Payment Amount: _____

Credit card Member Name: _____

Card Billing Address: _____ City, State, Zip: _____

Credit Card Number: _____          Expiration date: _____

CVV2/CVC2/CID# _____ (3 digit number on reverse side of card. For Amex, 4 digit number on the front of the card)

Client Id#: _____ Matter # _____ Attorney _____ Paying Invoice(s) _____

Card member acknowledges receipt of goods and/or services in the amount of the total shown hereon and agrees to perform the obligations set forth by the card member's agreement with the issuer.

Card member signature: _____ Date: _____ Daytime Phone # (___)_____

**Office use only**   Date Received: _____ by: _____ Date Entered: _____ by: _____ Approval # _____

**EXHIBIT H**

## EXHIBIT H

### Allocation of Costs and Fees

**Matter:** *Underland ("the 1933 Act Case"); W. Pa. Elect. Employees Pension ("the 1934 Act Case")")( total costs to be apportioned equally among the 2 matters and remitted 50% by plaintiffs and 50% by defendants)*

7/1/13 – 12/31/13
    Total Fees and Costs as described on Invoice
    (excluding all costs and fees identified for special allocation)     **27,204.20**

**Matter:** *W. Pa. Elect. Employees Pension only ("the 1934 Act Case")( total costs to be remitted 50% by plaintiffs and 50% by defendants)*

7/22/13 – 7/27/13
    Total Fees and Costs as described on Invoice
    (see below chart)     **6,182.00**

10/3/13 – 10/11/13
    Total Fees and Costs as described on Invoice
    (see below chart)     **4,193.00**

**Unpaid Fees and Costs**—July 2013 Application:
allocated to Defendants *(excluding KPMG)*     **24,705.74**
allocated to Defendants and Plaintiffs     **166.63**

### Special Allocation of Costs and Fees
*(Total costs to be apportioned 50% to plaintiffs and 50% to defendants)*

**Matter:** *W. Pa. Elect. Employees Pension ("1934 Act Case")*

| Date | Hrs. Worked | % Allocated | Timekeeper Name | Time Value/% Allocated |
|------|-------------|-------------|-----------------|------------------------|
| 07/22/13 | 0.20 | 100 | D.H. Marion | 110.00 |
| 07/23/13 | 1.20 | 100 | D.H. Marion | 660.00 |
| 07/23/13 | 0.20 | 100 | L.D. Perkins | 55.00 |
| 07/25/13 | 0.50 | 100 | D.H. Marion | 275.00 |
| 07/26/13 | 2.60 | 100 | L.D. Perkins | 715.00 |

1

| 07/26/13 | 2.80 | 100 | L.D. Perkins | 770.00 |
| 07/26/13 | 2.20 | 100 | D.H. Marion | 1210.00 |
| 07/26/13 | 1.80 | 100 | D.H. Marion | 990.00 |
| 07/27/13 | 1.80 | 100 | L.D. Perkins | 495.00 |
| 07/27/13 | 1.60 | 100 | L.D. Perkins | 440.00 |
| 07/27/13 | 0.30 | 100 | L.D. Perkins | 82.50 |
| 07/29/13 | 1.10 | 100 | P.G. Dadario | 214.50 |
| 07/29/13 | 0.60 | 100 | L.D. Perkins | 165.00 |
| 10/03/13 | 0.80 | 100 | L.D. Perkins | 220.00 |
| 10/07/13 | 2.30 | 100 | D.H. Marion | 385.00 |
| 10/08/13 | 0.80 | 100 | L.D. Perkins | 632.50 |
| 10/09/13 | 1.70 | 100 | L.D. Perkins | 467.50 |
| 10/10/13 | 0.80 | 100 | D.H. Marion | 440.00 |
| 10/10/13 | 1.60 | 100 | L.D. Perkins | 440.00 |
| 10/11/13 | 0.60 | 100 | P.G. Dadario | 123.00 |
| 10/11/13 | 1.30 | 100 | D.H. Marion | 715.00 |
| 10/11/13 | 2.80 | 100 | L.D. Perkins | 770.00 |

**Totals:**     **29.60**                                           **$10,375.00**

2

## Allocation by Matter

*1933 Act Case*                    *1934 Act Case*

**Total Due**

| | | |
|---|---|---|
| **27,204.20** | $13,602.10<br>&bull;  Plaintiffs—$6801.05<br>&bull;  Defendants—$6801.05 | $13,602.10<br>&bull;  Plaintiffs—$6801.05<br>&bull;  Defendants—$6801.05 |
| **10,375.00** | | $10,375.00<br>&bull;  Plaintiffs—$5187.50<br>&bull;  Defendants—$5187.50 |
| **24,705.74 +**<br>**166.63**<br>*(unpaid*<br>*balance due)* | $12,436.19<br>&bull;  Plaintiffs—$41.66<br>&bull;  Defendants—$12,394.53<br>     *(excl. KPMG)* | $12,436.18<br>&bull;  Plaintiffs—$41.66<br>&bull;  Defendants—$12,394.52<br>     *(excl. KPMG)* |

3