UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------- X

WILLIAM E. UNDERLAND and MARK
SCHALLER, on Behalf of Themselves and All
Others Similarly Situated,

                         Plaintiffs,

      - against-

DENNIS ALTER , WILLIAM A. ROSOFF,
PHILIP M. BROWNE, DAVID B.
WEINSTOCK, MAX BOTEL, THOMAS
COSTELLO, DANA BECKER DUNN,
ROBERT LUBNER, OLAF OLAFSSON,
MICHAEL STOLPER, and KPMG LLP,

                         Defendants.

-------------------------------------------------------- X

Electronically Filed

Case No. 2:10-cv-03621-CMR

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   SUMMARY OF CLAIMS AND PROCEDURAL HISTORY ............................ 1

III.  THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED .............. 4

      A.   The Settlement Meets the Standards for Preliminary Approval ................... 4

      B.   The Class Should Be Certified for Settlement Purposes ............................. 7

           1.   Rule 23(a)(1) – Numerosity .............................................................. 7

           2.   Rule 23(a)(2) – Commonality ........................................................... 8

           3.   Rule 23(a)(3) – Typicality ................................................................ 9

           4.   Rule 23(a)(4) – Adequacy of Representation .................................... 9

           5.   Rule 23(b)(3) – Common Questions of Law and Fact Predominate over
                Individual Questions ....................................................................... 10

      C.   Notice to the Class Should Be Approved .................................................. 13

IV.   PROPOSED SCHEDULE .................................................................................. 14

V.    CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alves v. Main*,
No. 01-789 (DMC), 2012 WL 6043272 (D.N.J. Dec. 4, 2012)...........................................6, 7

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997)..........................................................................................................11, 12

*Barnes v. Am. Tobacco Co.*,
161 F.3d 127 (3d Cir. 1998).....................................................................................................10

*Brosious v. Children's Place Retail Stores*,
189 F.R.D. 138 (D.N.J. 1999)..................................................................................................11

*Curiale v. Lenox Group, Inc.*,
Civ. A. 07-1432, 2008 WL 4899474 (E.D. Pa. Nov. 14, 2008) ................................................5

*Ehrheart v. Verizon Wireless*,
609 F.3d 590 (3d Cir. 2010)........................................................................................................4

*Endo v. Albertine*,
147 F.R.D. 164 (N.D. Ill. 1993)................................................................................................12

*Gates v. Rohm & Haas Co.*,
248 F.R.D. 434 (E.D. Pa. 2008)..................................................................................................5

*Hicks v. Morgan Stanley & Co.*,
No. 01-10071, 2003 WL 21672085 (S.D.N.Y. July 16, 2003)................................................10

*In re Arakis Energy Corp. Sec. Litig.*,
No. 95-CV-3431, 1999 WL 1021819 (E.D.N.Y. Apr. 27, 1999) ...........................................11

*In re Auto. Refinishing Paint Antitrust Litig.*,
MDL No. 1426, 2004 WL 1068807 (E.D. Pa. May 11, 2004) ..................................................5

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001).........................................................................................................5

*In re Cigna Corp. Sec. Litig.*,
No. 02–8088, 2007 WL 2071898 (E.D. Pa. July 13, 2007).......................................................6

*In re Cmty. Bank of N. Virginia*,
418 F.3d 277 (3d Cir. 2005).......................................................................................................12

*In re Constar Int'l Inc. Sec. Litig.*,
No. 03-5020, 2008 WL 614551 (E.D. Pa. Mar. 4, 2008) ..........................................................8

*In re IndyMac Mortgage-Backed Sec. Litig.*,
    286 F.R.D. 226 (S.D.N.Y. 2012) ........................................12

*In re Initial Pub. Offerings Sec. Litig.*,
    243 F.R.D. 79 (S.D.N.Y. 2007) .......................................8, 9

*In re Linerboard Antitrust Litig.*,
    292 F. Supp. 2d 631 (E.D. Pa. 2003) ..................................9

*In re Lucent Technologies, Inc., Sec. Litig.*,
    307 F. Supp. 2d 633 (D.N.J. 2004) ...................................11

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
    148 F.3d 283 (3d Cir. 1998)...........................................14

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
    962 F. Supp. 450 (D.N.J. 1997) .......................................7

*In re Schering-Plough/Merck Merger Litig.*,
    No. 09-CV-1099 (DMC), 2010 WL 1257722 (D. N.J. Mar. 26, 2010)...................6

*In re Sys. Software Assocs., Inc. Sec. Litig.*,
    No. 97 C 177, 2000 WL 1810085 (N.D. Ill. Dec. 8, 2000) ................9, 12

*In re Towers Fin. Corp. Noteholders Litig.*,
    177 F.R.D. 167 (S.D.N.Y. 1997) ......................................12

*In re Warfarin Sodium Antitrust Litig.*,
    *391 F.3d 516, 535 (3d Cir. 2004)*  ...................................4

*In re WorldCom, Inc. Sec. Litig.*,
    219 F.R.D. 267 (S.D.N.Y. 2003) ......................................12

*Inmates of Northumberland Cnty. Prison v. Reish*,
    No. 08-CV-345, 2009 WL 8670860 (M.D. Pa. Mar. 17, 2009) ...........................9, 10

*Jones v. Commerce Bancorp, Inc.*,
    No. 05-5600, 2007 WL 2085357 (D.N.J. July 16, 2007) ......................14

*Katz v. Image Innovations Holdings, Inc.*,
    No. 06-3707, 2010 WL 2926196 (S.D.N.Y. July 22, 2010)......................9, 11

*Mehling v. New York Life Ins. Co.*,
    246 F.R.D. 467 (E.D. Pa. 2007)........................................5

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001)...........................................9

*Parks v. Portnoff Law Assoc.*,
  243 F. Supp. 2d 244 (E.D. Pa. 2003) ......................................................................14

*Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*,
  277 F.R.D. 97 (S.D.N.Y. 2011) ......................................................................8, 9, 12

*Safran v. United Steelworkers of Am., AFL-CIO*,
  132 F.R.D. 397 (W.D. Pa. 1989) ......................................................................11

*Samuel v. Equicredit Corp.*,
  No. Civ. A. 00-6196, 2002 WL 970396 (E.D. Pa. May 6, 2002) ...........................5

*Smith v. Prof'l Billing & Mgmt. Servs., Inc.*,
  No. 06-4453, 2007 WL 4191749 (D.N.J. Nov. 21, 2007) ....................................14

*Stewart v. Abraham*,
  275 F.3d 220 (3d Cir. 2001)......................................................................................8

*Sullivan v. DB Investments, Inc.*,
  667 F.3d 273 (3d Cir. 2011)....................................................................................12

*Thomas v. NCO Fin. Sys., Inc.*,
  Civ. A. 00-5118, 2002 WL 1773035 (E.D. Pa. July 31, 2002)................................5

*Underland v. Alter*,
  No. 10-3621, 2011 WL 4017908 (E.D. Pa. Sept. 9, 2011) ......................................2

*Underland v. Alter*,
  No. 10-3621, 2012 WL 2912330 (E.D. Pa. July 16, 2012) .....................................3

*Underland v. Alter*,
  No. 10-3621, 2012 WL 4108998 (E.D. Pa. Sept. 18, 2012).....................................3

**STATUTES, RULES & REGULATIONS**

United States Statutes
  15 U.S.C. § 77z-1(a)(7)...........................................................................................14
  15 U.S.C. § 78u-4(a)(7) ....................................................................................13, 14

Code of Federal Regulations
  17 C.F.R. § 229.303 ("Item 303") ...........................................................................3

Federal Rules of Civil Procedure

Rule 23 ................................................................................................................7, 13, 14
Rule 23(a)..........................................................................................................7, 8, 9, 10
Rule 23(a)(1)...........................................................................................................7, 13
Rule 23(a)(2)................................................................................................................8
Rule 23(a)(3)................................................................................................................9
Rule 23(a)(4)................................................................................................................9
Rule 23(b) .............................................................................................................7, 11
Rule 23(b)(3)..................................................................................................11, 12, 13
Rules 23(c)(2)(B) ......................................................................................................13
Rule 23(e)....................................................................................................................4
Rule 23(e)(1).............................................................................................................13
Rule 23(e)(2)................................................................................................................5

## I.    INTRODUCTION

Plaintiffs William Underland and Mark Schaller ("Plaintiffs")[1] submit this memorandum in support of their motion for preliminary approval of the proposed $3,550,000 all cash settlement (the "Settlement") of the above-captioned action (the "Action") between Plaintiffs and Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner (misnamed as Robert Lubner in the Second Amended Complaint ("SAC")), Olaf Olafsson, Michael Stolper (the "Advanta Defendants"), and KPMG LLP ("KPMG") (the Advanta Defendants, collectively with KPMG, are referred to as "Defendants").[2]   The Settlement was achieved only after arm's-length negotiations with the assistance of U.S. District Court Judge Layn Phillips (Ret.) and more than three years of litigation, which included, among other things, Plaintiffs overcoming multiple dispositive motions, commencing discovery, and engaging experts to further assist them in prosecuting the Action.   Plaintiffs believe that the Settlement represents an excellent result, especially in light of the risks of continued litigation.   Accordingly, for the reasons set forth herein, Plaintiffs respectfully request that the Court:   (1) grant preliminary approval of the Settlement; (2) certify, for settlement purposes only, the Class specified therein; (3) approve the proposed form and plan of notice; (4) establish a schedule for the dissemination of notice to Class Members, as well as deadlines for Class Members to object to, or opt out of, the Settlement; and (5) schedule a final approval hearing.

## II.    SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

On June 24, 2010, Plaintiffs commenced this putative class action against the Defendants

---

[1]    Unless otherwise defined herein, all capitalized terms have the meaning ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation").

[2]    The Court previously dismissed all claims against former director Robert Blank.  Consequently, Mr. Blank is no longer a defendant in this Action.

for violations of the Securities Act of 1933 ("1933 Act"), with respect to the dissemination of allegedly false and misleading statements in the Registration Statements filed with the Securities and Exchange Commission ("SEC") in connection with Advanta Corp.'s ("Advanta" or the "Company") sale of RediReserve variable rate certificates and investment notes ("RediReserve Notes").  This Action was initiated in the Court of Common Pleas of Montgomery County, Pennsylvania.  On July 23, 2010, Defendants removed the case to the United States District Court for the Eastern District of Pennsylvania.  Plaintiffs moved for their appointment as co-lead plaintiffs on October 8, 2010, and they were appointed by the Court on December 13, 2010. Plaintiffs filed an Amended Class Action Complaint on January 13, 2011, asserting claims against the Advanta Defendants and KMPG.  Both sets of Defendants filed motions to dismiss. On September 9, 2011, the Court issued an opinion holding that Plaintiffs had adequately stated certain claims against the Advanta Defendants, but had not adequately pled claims against KPMG.  *Underland v. Alter*, No. 10-3621, 2011 WL 4017908 (E.D. Pa. Sept. 9, 2011) ("*Underland I*").

On October 7, 2011, pursuant to *Underland I*, which granted Plaintiffs leave to file an amended complaint, Plaintiffs filed the operative complaint in the Action, the Second Amended Complaint ("SAC"), along with the Declaration of Colin A. Johns, CPA, who performed an analysis for Plaintiffs and arrived at certain opinions concerning the conduct of KPMG.  In the SAC, Plaintiffs renewed their claims against KPMG, buttressed by the analysis provided by Mr. Johns, maintained the 1933 Act claims which had previously been sustained by the Court against the Advanta Defendants, and added a new claim which asserted that the Advanta Defendants violated 17 C.F.R. §229.303 ("Item 303") for failing to disclose that Advanta was illegally re-pricing up to 68% of its credit card customers.

2

On November 18, 2011, the Advanta Defendants and KPMG filed motions to dismiss the SAC.  On July 16, 2012, the Court denied Defendants' motions to dismiss in full.  *Underland v. Alter*, No. 10-3621, 2012 WL 2912330 (E.D. Pa. July 16, 2012).  KPMG subsequently filed a motion for reconsideration, which the Court denied on September 18, 2012. *Underland v. Alter*, No. 10-3621, 2012 WL 4108998 (E.D. Pa. Sept. 18, 2012).

Beginning in early 2012, the Parties engaged in extensive discovery.  Among other things, Plaintiffs: (i) served document requests on all Defendants; (ii) served discovery on eight (8) third parties, including the Federal Deposit Insurance Corporation ("FDIC"), the Utah Department of Financial Institutions, and FTI Consulting Inc. ("FTI"); (iii) participated in weekly calls for over a year with counsel for all Parties in the related cases, and with relevant third parties, to coordinate the production of millions of pages of documents from FTI and the FDIC; (iv) sent a team of lawyers to review hundreds of boxes of Advanta documents warehoused after Advanta's bankruptcy; (v) collected and commenced review on well over six million pages of documents; (vi) responded to document requests directed at Plaintiffs; (vii) raised multiple issues with Special Discovery Master David Marion; and (viii) were deposed in connection with class certification proceedings.  Concomitantly, Defendants: (i) deposed Plaintiffs William Underland and Mark Schaller; (ii) participated in weekly conference calls with counsel for all Parties concerning the production of millions of pages of documents by FTI and the FDIC; (iii) served and responded to document requests; and (iv) raised multiple issues with Special Discovery Master David Marion.  The Parties also litigated a motion concerning how the costs of FTI's production would be divided between FTI and the parties.  The motion was heard by Magistrate Judge Carol Sandra Moore on May 30, 2012.  In short, the discovery taken in this Litigation was substantial and hard-fought by both sides.

On December 17, 2012, Plaintiffs moved for class certification.  That motion was fully briefed at the time the Parties reached an agreement to settle the Action.  On May 23 and 24, 2013, the Parties participated in mediation with Judge Phillips (Ret.).  The Parties were unable to reach a settlement at that time.  On October 15, 2013, Judge Phillips (Ret.) made a "mediator's recommendation," setting forth recommended settlement terms.  The Parties agreed to accept the "mediator's recommendation" on October 23, 2013 and, the next day, asked the Court to stay all proceedings.  The Parties subsequently negotiated the details of the Settlement, which are set forth in the Stipulation.

## III.   THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.   The Settlement Meets the Standards for Preliminary Approval

It is well established within the Third Circuit that the settlement of class action litigation is favored and encouraged.  *See Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010) ("Settlement agreements are to be encouraged because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts."); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("there is an overriding public interest in settling class action litigation, and it should therefore be encouraged.").  Pursuant to Rule 23(e), any such settlement must, however, be judicially approved.  This determination is left to the sound discretion of the Court.  *Id.*

Approval of a class action settlement pursuant to Rule 23(e) is a two-step process.  First, the court conducts a preliminary analysis of the settlement terms to determine if the settlement and its related processes (such as notice, the claim form, and the schedule for a final fairness hearing) appear to be sufficiently fair and reasonable to allow for class member input on its terms after notice.  Second, the court analyzes the settlement's fairness after such an opportunity has

been afforded at a fairness hearing.  *See Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008); *Curiale v. Lenox Group, Inc.*, Civ. A. 07-1432, 2008 WL 4899474, at *4 (E.D. Pa. Nov. 14, 2008).

A class action settlement warrants final approval if it is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2).  At the preliminary approval stage, however, a court does not have to reach a final conclusion as to the fairness of the settlement.  It only has to make a preliminary evaluation as to whether the proposed settlement is within the range of possible approval and free of obvious deficiencies or reasons to doubt its fairness.  *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007); *Curiale*, 2008 WL 4899474, at *4; *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2004 WL 1068807, at *2 (E.D. Pa. May 11, 2004); *Thomas v. NCO Fin. Sys., Inc.*, Civ. A. 00-5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002).  If a settlement falls within the range of possible approval, preliminary approval should be granted, and notice should be given to class members to allow them the opportunity to learn about and comment on the proposed settlement.  *See Samuel v. Equicredit Corp.*, No. Civ. A. 00-6196, 2002 WL 970396, at *1 n.l (E.D. Pa. May 6, 2002).

In considering whether to grant preliminary approval, a district court reviewing a proposed class action settlement should "'consider whether (1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.'"[3]  *Gates*, 248 F.R.D. at 439 (citing *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003)); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 233 n.18 (3d Cir. 2001).  Application of these factors to the proposed Settlement demonstrates that preliminarily approval is warranted.

---

[3]     The last factor is actually more aptly applied at final approval, after the time for Class Members to object has expired.

First, the Settlement is the product of extensive arm's-length negotiations between counsel for the Parties, including a two-day mediation session with the Hon. Layn R. Phillips, U.S. District Court Judge (Ret.).  Negotiations were hard-fought and non-collusive as evidenced by the fact that the Parties were unable to reach a settlement during mediation, and the Settlement was only reached months later as the result of a "mediator's recommendation." Accordingly, this factor supports preliminary approval.  *See Alves v. Main*, No. 01-789 (DMC), 2012 WL 6043272, at *22 (D.N.J. Dec. 4, 2012) ("The participation of an independent mediator in settlement negotiations 'virtually insures that the negotiations were conducted at arm's-length and without collusion between the parties.'")[4]; *In re Cigna Corp. Sec. Litig.,* No. 02–8088, 2007 WL 2071898, *3 (E.D. Pa. July 13, 2007) ("Concerning the presumption of fairness, it is clear that negotiations for the settlement occurred at arm's length, as the parties were assisted by a retired federal district judge who was privately retained and served as a mediator.").

Second, the Settlement was only reached following extensive briefing on multiple motions to dismiss, the completion of briefing on Plaintiffs' motion for class certification and, as discussed above, the exchange of voluminous discovery.  *See supra* §II.  Plaintiffs' Counsel was, therefore, fully informed of the merits of the case during negotiations.  Consequently, this factor supports preliminary approval.  *See In re Schering-Plough/Merck Merger Litig.*, No. 09-CV-1099 (DMC), 2010 WL 1257722, at *10 (D. N.J. Mar. 26, 2010).

Finally, counsel for both Parties in this case are highly experienced class action securities litigators.  As such, they are well-versed in the issues involved in litigating a securities class action and fully capable of determining the strengths and weaknesses of a particular case.  Their decision to settle this case on the aforementioned terms after more than three years of vigorous

---

[4]        Unless otherwise noted, all internal citations are omitted and emphasis is added.

litigation and fact finding weighs in favor of the Court granting preliminary and final approval. *See Alves*, 2012 WL 6043272, at *22 (". . . courts in this Circuit traditionally 'attribute significant weight to the belief of experienced counsel that settlement is in the best interest of the class.'"); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 543 (D.N.J. 1997) ("the Court credits the judgment of Plaintiffs' Counsel, all of whom are active, respected, and accomplished in this type of litigation.").

In sum, the fact that the Settlement is the result of Judge Phillips's recommendation, the extensive discovery undertaken in this litigation, and the informed decision-making of experienced counsel, militates in favor of preliminary approval.

### B.   The Class Should Be Certified for Settlement Purposes

In accordance with the Stipulation, Plaintiffs respectfully request that the Court certify the following class (the "Class") for the purposes of settlement:

> All Persons who, between February 28, 2008 and November 8, 2009, purchased or otherwise acquired Advanta RediReserve Notes issued pursuant to, or traceable to, Advanta's Registration Statement/Prospectus filed on August 18, 2006, as amended (including by operation of law) (collectively, the "Registration Statement"), and who were allegedly injured thereby.

Stipulation, Definitions, (d).[5]

Rule 23(a) establishes four prerequisites to class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  In addition, the class must meet one of the three requirements of Rule 23(b).  Fed. R. Civ. P. 23.

### 1.   Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "No minimum number of plaintiffs is required to

---

[5]      Excluded from the Class are Defendants; the officers and directors of Advanta, at all relevant times; members of their immediate family; their legal representatives, heirs, successors or assigns; any entity in which Defendants have or had a controlling interest; and partners of KPMG.  *Id.*

maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001).  Filings in the Advanta bankruptcy indicate that there are approximately 3,400 members of the Class which easily satisfies the numerosity requirement.  *See* ECF No. 149-3 at 6.

### 2. Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that there are "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  In the context of securities class actions, the commonality requirement is typically satisfied "where putative class members have been injured by similar material misrepresentations and omissions . . . ."  *In re Initial Pub. Offerings Sec. Litig.*, 243 F.R.D. 79, 85 (S.D.N.Y. 2007); *Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*, 277 F.R.D. 97, 105 (S.D.N.Y. 2011) (finding the commonality requirement to be "'plainly satisfied [where] the alleged misrepresentations in the prospectus relate to all investors, [as the] existence and materiality of such misrepresentations obviously present important common issues.'").

Here, Plaintiffs and the Class were injured by the same set of misrepresentations and omissions, which are contained in three amendments to the Registration Statement at issue in this case.  *See, e.g.*, SAC ¶¶28, 43-73.  Common questions include whether: (i) Defendants violated the 1933 Act; (ii) the Registration Statement, as amended, made misleading statements and omitted facts; and (iii) those misstatements and omissions were material.  *Id.* ¶84.  These common issues satisfy the commonality requirement.  *See In re Constar Int'l Inc. Sec. Litig.*, No. 03-5020, 2008 WL 614551, at *1 (E.D. Pa. Mar. 4, 2008) (holding that commonality had been satisfied for §11 class because for such claims, "the central liability issue in the case [was] the existence and materiality of misrepresentations and omissions in the Registrations Statement.")

(internal citation omitted); *Initial Pub. Offering*, 243 F.R.D. at 85; *Pub. Employees' Ret. Sys. of Miss.*, 277 F.R.D. at 105.

### 3.  Rule 23(a)(3) – Typicality

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members.  Fed. R. Civ. P. 23(a)(3).  "'If the claims of the named plaintiffs and class members involve the same conduct by the defendant, typicality is established.'"  *Inmates of Northumberland Cnty. Prison v. Reish*, No. 08-CV-345, 2009 WL 8670860, at *19 (M.D. Pa. Mar. 17, 2009) (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-84 (3d Cir. 2001)).

Here, Plaintiffs' claims and the claims of the proposed Class are functionally identical; all claims arise out of the same set of misstatements and omissions in the Registration Statement, and all claims are brought under the same three sections of the 1933 Act.  SAC ¶¶28, 43-73, 86-101.  The typicality requirement is, therefore, satisfied.  *See In re Sys. Software Assocs., Inc. Sec. Litig.*, No. 97 C 177, 2000 WL 1810085, at *2 (N.D. Ill. Dec. 8, 2000) (granting class certification where plaintiffs' claims arose from the same "course of action that g[ave] rise to the claims of other class members and . . . [we]re based on the same legal theory"); *Katz v. Image Innovations Holdings, Inc.*, No. 06-3707, 2010 WL 2926196, at *4 (S.D.N.Y. July 22, 2010).

### 4.  Rule 23(a)(4) – Adequacy of Representation

The final condition of Rule 23(a) is that "the representative part[y] will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "The adequacy requirement entails two inquiries: (1) whether the attorneys retained by the named Plaintiffs are qualified, experienced, and generally able to conduct the litigation; and (2) whether the named Plaintiffs themselves have interests that are antagonistic to or in conflict with those they seek to

represent." *Reish*, 2009 WL 8670860, at *20 (citing *Barnes v. Am. Tobacco Co.,* 161 F.3d 127, 141 (3d Cir. 1998)).

In this case, there is simply no question that Plaintiffs and their Counsel will adequately represent the Class.   With respect to counsel, Scott+Scott, Attorneys at Law, LLP ("Scott+Scott") and the Weiser Law Firm have extensive experience prosecuting securities class actions and have a proven record of success in various state and federal courts throughout the United States.  *See* ECF Nos. 149-5 and 149-6 (firm résumés of Scott+Scott and the Weiser Law Firm).  Moreover, the Court has personally witnessed Counsel's litigation abilities, as well as their commitment to vigorously prosecuting the claims of the Class.

The second inquiry is likewise satisfied because the interests of the Plaintiffs and the Class are aligned.   Plaintiffs' interests are directly aligned with the interests of the Class members in that they all purchased RediReserve Notes pursuant to the same material, untrue statements and omissions in the Registration Statement.  SAC ¶¶28, 43-73; ECF Nos. 20-4 and 20-5; *Hicks v. Morgan Stanley & Co.*, No. 01-10071, 2003 WL 21672085, at *3 (S.D.N.Y. July 16, 2003) (finding proposed class representative adequate where the complaint alleged "a common course of conduct and a unitary legal theory for the entire class period-that is, Defendants issued prospectuses and registration statements that contained false statements . . ."). Plaintiffs have further demonstrated their commitment to prosecuting this Action on behalf of the Class by, among other things, retaining experienced counsel, producing documents in response to Defendants' document requests, and being deposed.  Under such circumstances, the adequacy requirement has clearly been met.

### 5.   Rule 23(b)(3) – Common Questions of Law and Fact Predominate over Individual Questions

In addition to satisfying all of the criteria of Rule 23(a), a party seeking class certification

must also satisfy one of the requirements of Rule 23(b).  Certification of a class under Rule 23(b)(3) requires that: (i) common issues predominate over individual issues; and (ii) the class action mechanism be superior to other methods of adjudicating the controversy.  Fed. R. Civ. P. 23(b)(3).

As the Supreme Court recognized in *Amchem*: "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  This is because "[c]ommon issues of law and fact generally predominate in actions . . . alleging that materially false representations were made to large grounds of investors." *Katz v. Image Innovations Holdings, Inc.,* No. 06 CIV. 3707, 2010 WL 2926196, at *5 (S.D.N.Y. July 22, 2010); *In re Arakis Energy Corp. Sec. Litig.,* No. 95-CV-3431, 1999 WL 1021819, at *10 (E.D.N.Y. Apr. 27, 1999) ("In securities fraud class actions in which the fraud is alleged to have been carried out through public communications to a wide variety of market participants, common issues of law and fact will generally predominate over individual issues.").  To determine whether common questions predominate, courts look to whether there is a "common nucleus of operative facts" [*In re Lucent Technologies, Inc., Sec. Litig.,* 307 F. Supp. 2d 633, 640 (D.N.J. 2004) (citing *Safran v. United Steelworkers of Am., AFL-CIO*, 132 F.R.D. 397, 401 (W.D. Pa. 1989))] or whether "significant legal issues are common to each class member's cause of action or to the defense of such claims." *Brosious v. Children's Place Retail Stores*, 189 F.R.D. 138, 147 (D.N.J. 1999).

Here, each of the claims arise out of the same set of misstatements and omissions in the Registration Statement, and all claims are brought under the same three sections of the 1933 Act (*i.e.*, §§11, 12(a)(2), and 15).  SAC ¶¶28, 43-73, 86-101.  Since there is a complete overlap of operative facts, and the legal theories are identical, the predominance requirement is easily met.

11

*See In re IndyMac Mortgage-Backed Sec. Litig.*, 286 F.R.D. 226, 232 (S.D.N.Y. 2012) (certifying 1933 Act claims and stating: "courts in this and other districts have held that suits alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act are 'especially amenable' to class action certification and resolution."); *In re Towers Fin. Corp. Noteholders Litig.,* 177 F.R.D. 167, 171 (S.D.N.Y. 1997) (finding predominance where defendants "misrepresented Towers' business and financial health in the Offering Memoranda for the Notes, Annual Reports, and similar documents given to members of the plaintiff class.").[6]

The second prong of Rule 23(b)(3) – that a class action be superior to other available methods for the fair and efficient adjudication of the controversy – is also readily satisfied. Fed. R. Civ. P. 23(b)(3). Certification of a settlement class provides class members with the ability to obtain prompt, predictable, and certain relief, and the Settlement contains well-defined administrative procedures to assure due process. This includes the right of any Class Members who are dissatisfied with the Settlement to object to it or to exclude themselves. Class certification also eliminates the substantial judicial burdens that would be caused by repeated adjudication of the same issues in thousands of individualized trials against Defendants if this case was to proceed on an individualized basis. Finally, because the parties seek to resolve this case through a settlement, the Court "need not examine issues of manageability." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 306 (3d Cir. 2005) (citing *Amchem*, 521 U.S. at 620); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 302-03 (3d Cir. 2011).

In sum, the Class meets all of the requirements of Rule 23(a) and 23(b)(3) and should be certified in conjunction with the Settlement.

---

[6]  *See also Software Assocs.*, 2000 WL 1810085, at *4 ("The principal issues of law and fact relate to defendants' alleged misrepresentations. These issues are common to the members of the class and predominate over any questions affecting only individual members."); *Endo v. Albertine*, 147 F.R.D. 164 (N.D. Ill. 1993) (certifying plaintiff class under §11 of the 1933 Act); *Pub. Emps.' Ret. Sys. of Miss.*, 277 F.R.D. at 101 (citing *Amchem*, 521 U.S. 591, 625); *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267 (S.D.N.Y. 2003).

C.     **Notice to the Class Should Be Approved**

As outlined in the proposed Order for Notice and Hearing ("Preliminary Approval Order" or "Prelim. Order"), Plaintiffs will notify Class Members of the Settlement by mailing the Notice of Proposed Settlement of Class Action ("Notice") and the Claim Form to all Class Members who can be identified with reasonable effort, including all Class Members who can be identified from the books and records regularly maintained by Advanta.  Consistent with Rules 23(c)(2)(B) and 23(e)(1), the Settlement Notice advises Class Members of: (i) the essential terms of the Settlement; (ii) their rights with respect to the Settlement, including their right to request exclusion from or to "opt out" of the Class; and (iii) information regarding the Fee and Expense Application.  The Notice concomitantly provides the specifics on the date, time, and place of the Settlement Fairness Hearing and sets forth the procedures, as well as deadlines, for objecting to the Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and payment of litigation expenses, and for submitting a Claim Form.

In addition to meeting the requirement of Rule 23, the Settlement Notice also satisfies the Private Litigation Reform Act of 1995's ("PSLRA") separate disclosure requirements by, *inter alia*, stating the amount of the Settlement on both an aggregate and average per share basis; providing a brief statement explaining the reasons why the Parties are proposing the Settlement; stating the amount of attorneys' fees and maximum amount of litigation expenses (both on an aggregate and average per share basis) that Lead Counsel will seek; and providing the names, addresses, and telephone numbers of representatives of the Claims Administrator and Lead Counsel who will be available to answer questions from Class Members.  *See* 15 U.S.C. §78u-4(a)(7).  The proposed Preliminary Approval Order further requires Lead Counsel to cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and

once over the *PR Newswire,* within ten (l0) calendar days after the mailing of the Notice.  Lead Counsel will also post a copy of the Settlement Notice on the settlement website, *www.advantasecuritieslitigation.com*, and on their own websites.

Finally, the form and manner of providing notice to the Class satisfy the requirements of due process, Rule 23, and the PSLRA, 15 U.S.C. §§77z-1(a)(7), 78u-4(a)(7).  The Settlement Notice and Summary Settlement Notice "provide[] all of the required information concerning the class members' right[s] and obligations under the settlement."  *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 328 (3d Cir. 1998).  The manner of providing notice, which includes individual notice by mail to all Class Members who can be reasonably identified, represents the best notice practicable under the circumstances, and satisfies the requirements of due process and Rule 23.  *See Jones v. Commerce Bancorp, Inc*., No. 05-5600, 2007 WL 2085357, at *5 (D.N.J. July 16, 2007) ("the proposed distribution of notice to class members by first class mail is reasonable because no alternative method of distribution is more likely to notify class members . . ."); *Parks v. Portnoff Law Assoc*., 243 F. Supp. 2d 244, 250 (E.D. Pa. 2003) ("[N]otices . . . sent via first class mail to the last known address in defendant's records of the 2,391 potential class members...was a reasonable effort as well as the most efficient and effective means for reaching individual members of the class."); *Smith v. Prof'l Billing & Mgmt. Servs., Inc.*, No. 06-4453, 2007 WL 4191749, at *5 (D.N.J. Nov. 21, 2007) (". . . first-class mail . . . is unquestionably the best notice practicable under the circumstances.").

## IV.    PROPOSED SCHEDULE

If the Court grants preliminary approval to the Settlement, the Parties respectfully submit the following proposed timetable to help the Court establish the necessary deadlines in the Preliminary Approval Order ("Prelim. Order"):

| Event | Timing |
|---|---|
| Preliminary Approval Order Signed | TBD |
| Mailing of Notice and Proof of Claim (*See* Prelim. Order ¶8(a)) | To be mailed within 45 calendar days after entry of the Preliminary Approval Order |
| Publication of Summary Notice (*See* Prelim. Order ¶8(b)) | To be published within 10 calendar days after mailing of Notice and Proof of Claim |
| Filing of Papers in Support of Settlement and Fee and Expense Application (*See* Prelim. Order ¶14) | Filed 44 calendar days prior to the Settlement Fairness Hearing |
| Filing and Service of Objections (*See* Prelim. Order ¶12) | Filed and received by attorneys 30 calendar days before the Final Approval Hearing |
| Filing Requests for Exclusion (*See* Prelim. Order ¶11) | Postmarked 30 calendar days before the Final Approval Hearing |
| Filing of Reply Briefs (*See* Prelim. Order ¶14) | Filed 7 calendar days before the Final Approval Hearing |
| Copies of Requests for Exclusion to be Provided to Defense Counsel | No later than 14 calendar days before the Final Approval Hearing |
| Proof of Publication and Mailing of Notice (*See* Prelim. Order ¶8(b)) | At or before the Final Approval Hearing |
| Settlement Fairness Hearing (*See* Prelim. Order ¶5) | At least 135 calendar days from entry of the Preliminary Approval Order |
| Deadline for Mailing Proofs of Claim (*See* Prelim. Order ¶10(a)) | Postmarked 155 calendar days from the Preliminary Approval Order |

If this schedule is not convenient for the Court, Lead Plaintiffs respectfully request that the Court use at least the same or greater intervals between each event listed in the proposed schedule to provide all Parties sufficient time to comply with the proposed Preliminary Approval Order.

**V.      CONCLUSION**

For all the above reasons, this motion should be granted in full.


DATED: February 6, 2014                    Respectfully submitted,
                                           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

                                            /s/ Thomas L. Laughlin IV
                                           THOMAS L. LAUGHLIN IV
                                           (admitted *pro hac vice*)
                                           The Chrysler Building
                                           405 Lexington Avenue, 40th Floor
                                           New York, NY 10174

15

Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com

Geoffrey M. Johnson (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092
gjohnson@scott-scott.com

Anne L. Box (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
abox@scott-scott.com


THE WEISER LAW FIRM, P.C.
Robert B. Weiser (PA #81575)
Brett D. Stecker (PA #86242)
Christopher L. Nelson (PA #85609)
Jeffrey J. Ciarlanto (PA #205838)
22 Cassatt Ave.
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062

*Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2014, the foregoing was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system.  Notice of this filing will be sent to all parties by operation of the CM/ECF system.  Parties may access this filing through the CM/ECF system.

  /s/ Thomas L. Laughlin IV
THOMAS L. LAUGHLIN IV
(admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com

*Counsel for Lead Plaintiffs*

17