# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------- X
                                  :

WILLIAM E. UNDERLAND and MARK    :
SCHALLER, *on behalf of themselves and all*    :
*others similarly situated,*                 :        Electronically Filed

                    Plaintiffs,       :

    - against-                      :

                                  :

DENNIS ALTER, WILLIAM A. ROSOFF,    :     CIVIL ACTION NO. 10-3621 (CMR)
PHILIP M. BROWNE, DAVID B.           :
WEINSTOCK, ROBERT S. BLANK, MAX    :
BOTEL, THOMAS COSTELLO, DANA      :
BECKER DUNN, RONALD LUBNER, OLAF   :
OLAFSSON, MICHAEL STOLPER and KPMG   :
LLP,                                     :

                 Defendants.      :

----------------------------------------------------------- X

## STIPULATION AND AGREEMENT OF SETTLEMENT

      This Stipulation and Agreement of Settlement (the "Stipulation") is entered into by and

between Plaintiffs William Underland and Mark Schaller ("Plaintiffs"), on behalf of themselves

and the Class (as defined below), and Defendants Dennis Alter, William A. Rosoff, Philip M.

Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner

(misnamed as Robert Lubner in the Second Amended Complaint), Olaf Olafsson, Michael

Stolper (the "Advanta Defendants"), and KPMG LLP ("KPMG") (the Advanta Defendants,

collectively with KPMG, are referred to herein as "Defendants"), by and through their respective

counsel.[1]  The Stipulation is intended by Plaintiffs and Defendants (collectively, the "Parties") to

---

[1]      Capitalized terms not defined in the body of this Stipulation are defined, *infra*, under the heading "Certain
Definitions."

fully, finally, and forever resolve, discharge, release and settle the Released Claims, as defined below, upon and subject to the terms and conditions hereof.

WHEREAS:

## SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

A.    On June 24, 2010, this Action was initiated in the Court of Common Pleas of Montgomery County, Pennsylvania. The Action asserts claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("1933 Act") 15 U.S.C. §§77k, 77l(a)(2), and 77o, with respect to the dissemination of allegedly false and misleading statements in the registration statements and prospectuses, as amended filed with the Securities and Exchange Commission ("SEC") in connection with a shelf registration of Advanta Corp. ("Advanta") RediReserve variable rate certificates and investment notes (collectively referred to herein as the "RediReserve Notes"). The Action was removed to this Court on July 23, 2010. On January 13, 2011, Plaintiffs filed an Amended Class Action Complaint

B.    On February 28, 2011, Defendants filed motions to dismiss.

C.    On September 9, 2011, the Court granted in part the Advanta Defendants' motion, granted KPMG's motion, and granted Plaintiffs leave to amend.[2]

D.    On October 7, 2011, Plaintiffs filed the operative complaint in the Action, the Second Amended Class Action Complaint for Violation of the Securities Act of 1933 (the "SAC"), along with the Declaration of Colin A. Johns, CPA, who performed an analysis for Plaintiffs and arrived at certain opinions concerning the conduct of KPMG. In the SAC, Plaintiffs alleged claims under Sections 11, 12 and 15 of the 1933 Act against the Advanta Defendants and under Section 11 against KPMG on behalf of the Class for the period from February 28, 2008 to November 8, 2009.

E.    On November 18, 2011, the Advanta Defendants and KPMG filed motions to dismiss the SAC.

---

[2]    The Court dismissed all claims against former director Robert Blank. Accordingly, Mr. Blank is no longer a defendant in this Action.

F.      On July 16, 2012, the Court denied Defendants' motions to dismiss in full.

G.      On July 30, 2012, KPMG moved for reconsideration.

H.      On August 29, 2012, the Advanta Defendants filed their answers. The Advanta Defendants denied that they violated any laws, made any misstatements or omissions, or committed any improper acts or wrongdoing whatsoever, and they asserted numerous defenses.

I.      On September 19, 2012, the Court denied KPMG's motion for reconsideration.

J.      On October 25, 2012, KPMG filed its answer.  KPMG denied that it had violated any laws, made any misstatements or omissions, or committed any improper acts or wrongdoing whatsoever, and asserted numerous defenses.

K.      On December 17, 2012, Plaintiffs moved for class certification.

L.      On May 23 and 24, 2013, the parties participated in a mediation with the Hon. Layn R. Phillips (U.S. District Court Judge, Ret.).  The parties were not able to reach a settlement at that time.

M.      On September 20, 2013, Defendants filed their opposition to Plaintiffs' motion for class certification.

N.      On October 15, 2013, the Hon. Layn R. Phillips (Ret.) made a "mediator's recommendation" to the parties.

O.      On October 23, 2013, the Parties agreed to accept the "mediator's recommendation" and reached an agreement to settle the Action on the terms set forth herein.

## DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

P.      Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law.  Defendants further deny that they made any material misstatements or omissions, that Plaintiffs or the Class have suffered any damages, or that Plaintiffs or the Class were harmed by any conduct alleged in the Action or that could have been alleged therein.  Neither the Settlement (as defined below) nor any of its terms shall constitute an admission or finding of wrongful conduct, acts or omissions.  Defendants do

not admit any liability or wrongdoing in connection with the allegations set forth in the Action, or any facts related thereto.

Q.    Defendants are entering into this Settlement to eliminate the burden and expense of further litigation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

R.    This Stipulation and all negotiations, discussions, and proceedings in connection herewith shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any Defendant with respect to, any claim of liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted.

## PLAINTIFFS' INVESTIGATION AND BENEFITS OF SETTLEMENT

S.    Plaintiffs' Counsel represent that they have conducted an extensive investigation of the claims and the underlying events and transactions alleged in this Action.  Among other things, Plaintiffs' Counsel have analyzed public filings, records, documents and other materials concerning Defendants and third parties, and have researched the applicable law with respect to the claims of Plaintiffs and the Class against Defendants and the potential defenses thereto.

T.    Based on their investigation and review, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class and in its best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial benefits that Plaintiffs and the Class will receive from settlement of the Action; (b) the risks, costs and uncertainties of ongoing litigation; (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (d) Plaintiffs' Counsel's experience in the prosecution of similar actions.

U.    The Parties to this Stipulation and their counsel agree not to contend in any judicial proceeding that the Action was brought or defended in bad faith, without a reasonable

15106773.1.LITIGATION 1/15/2014 12:13 PM

basis, or in violation of Rule 11 of the Federal Rules of Civil Procedure. The Parties further believe that the litigation is being voluntarily settled after advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation exclusive of the Escrow Agent, through their respective attorneys, subject to approval of the Court, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) and all of Settled Defendants' Claims (as defined below) shall be compromised, settled, released, and discharged and the Action shall be dismissed with prejudice as to the Released Parties, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

As used in this Stipulation, the following terms shall have the following meanings:

(a)     "Action" means, *Underland, et al. v. Alter, et al.,* Case No. 10-3621 (CMR), pending in the United States District Court for the Eastern District of Pennsylvania.

(b)     "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(c)     "Claims Administrator" means Epiq Class Action and Mass Tort Solutions or such other entity as the Court shall appoint to administer the Settlement.

(d)     "Class" and "Class Members" mean, for the purposes of this Settlement only, all Persons who, between February 28, 2008 and November 8, 2009, purchased or otherwise acquired Advanta RediReserve Notes issued pursuant to, or traceable to, Advanta's Registration Statement/Prospectus filed on August 18, 2006, as amended (including by operation of law) (collectively, the "Registration Statements"), and who were allegedly injured thereby. Excluded from the Class are Defendants, members of their immediate family and their legal

representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and partners of KPMG. Also excluded from the Class are any Class Members who timely and validly exclude themselves from the Class in response to the requirements of the Notice.

(e)  "Company" shall mean Advanta Corp.

(f)  "Court" means the United States District Court for the Eastern District of Pennsylvania.

(g)  "Defendants' Counsel" means the law firms of Ballard Spahr LLP, Dechert LLP, Ajamie LLP, and Law Office Of David W. Engstrom.

(h)  "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶23 below.

(i)  "Escrow Agent" means Huntington National Bank.

(j)  "Fee and Expense Award" means the amount of attorneys' fees and expenses awarded by the Court to Lead Counsel as described in ¶8.

(k)  "Final" means when the last of the following with respect to the Final Judgment or any Alternative Judgment (as defined in ¶23 below) shall occur: (i) the expiration of the time to file a motion to alter or amend the Final Judgment or Alternative Judgment under Federal Rule of Civil Procedure 59(c) without any such motion having been filed, or if such a motion is filed, the determination of that motion in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation; (ii) if there is an appeal from the Final Judgment or Alternative Judgment, the date of final affirmance on appeal or review of the Final Judgment or Alternative Judgment and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a writ of certiorari; or (iii) if there is no appeal from the Final Judgment or Alternative Judgment, the expiration of the time for the filing or noticing any appeal from the Final Judgment or Alternative Judgment.

(l)  "Final Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(m)    "Lead Counsel" or "Plaintiffs' Counsel" means the law firms of Scott+Scott, LLP and The Weiser Law Firm, P.C.

(n)    "Notice" means the Notice of Proposed Settlement of Class Action (the "Notice"), which is to be sent to all Class Members, substantially in the form attached hereto as Exhibit A-1 to Exhibit A.

(o)    "Order for Notice and Hearing" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form attached hereto as Exhibit A.

(p)    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

(q)    "Plaintiffs" means William Underland and Mark Schaller, who were appointed lead plaintiffs by the Court on December 13, 2010.

(r)    "Plan of Allocation" means the plan described in the Notice or any alternate plan approved by the Court whereby the Net Settlement Fund (defined below) shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation, and the Released Parties shall have no responsibility therefore or liability with respect thereto.

(s)    "Proof of Claim" means the Proof of Claim and Release to be submitted to Class Members, substantially in the form attached hereto as Exhibit A-3 to Exhibit A.

(t)    "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit A-2 to Exhibit A.

(u)    "Released Parties" means Defendants and former Defendant Robert Blank and each of their current and former respective parent entities, affiliates, subsidiaries, predecessors, successors, families, associates, executors, personal representatives, heirs, beneficiaries, estates, agents, and assigns, and, as to each of the foregoing, all of their past, present or future officers,

directors, employees, managers, members, managing members, fiduciaries, managing directors, principals, advisors, agents, managing agents, direct or indirect equity holders, controlling persons, stockholders, current or former partners and principals, as well as general or limited partners or partnerships, attorneys, legal counsel, consultants, insurers, co-insurers, reinsurers, accountants, auditors, underwriters, engineers, advisors, financial advisors, investment advisors, commercial bank lenders, banks, investment bankers, associates, member firms, joint ventures, limited liability companies, corporations, divisions, shareholders, trusts, trustees, foundations, family members, beneficiaries, distributors, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors, indemnitors, indemnitees, related or affiliated entities, and any other representatives of any of these persons or entities or their successors.  The definition of Released Parties shall include Advanta Corp.

      (v)    "Settled Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees and any other costs, expenses, losses, or liabilities whatsoever), at law or in equity, matured or unmatured, foreseen or unforeseen, known or unknown, suspected or unsuspected, contingent or non-contingent, whether class or individual in nature, against the Released Parties, belonging to Plaintiffs and/or any or all Class Members and/or their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, any other representatives of any of these persons and entities, and any other Person claiming through or on behalf of them, and any Persons they represent (collectively, the "Releasing Persons"), arising under federal, state, local, statutory, or common law, or any other law, rule or regulation, whether foreign or domestic, based upon, arising out of, or relating to, in any way, the purchase or acquisition of Advanta RediReserve Notes pursuant or traceable to the Registration Statements, including but not limited to any claims: (i) asserted or that could have been asserted

in the Action; (ii) arising out of, relating to, or in connection with the facts and circumstances alleged in the SAC; and (iii) arising out of, relating to, or in connection with the prosecution or settlement of the Action, except for claims to enforce any of the terms of this Stipulation. "Settled Claims" includes "Unknown Claims" as defined below. Nothing in this definition shall prevent any Class Member from pursuing his or her proof of claim in the Advanta bankruptcy, or shall in any way constitute a waiver or release of any Class Member's proof of claim in the Advanta bankruptcy, provided however that no Class Member may assert any Settled Claim in the Advanta bankruptcy against any of the Released Parties.

(w)     "Settled Defendants' Claims" means all claims, including "Unknown Claims" as defined below, that any Released Party may have against Plaintiffs, Class Members, or Plaintiffs' Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims, except for claims to enforce any of the terms of this Stipulation.

(x)     "Settlement" means settlement on the terms set forth in this Stipulation.

(y)     "Settlement Fairness Hearing" means the hearing scheduled by the Court to review the Settlement and determine whether it is fair and should be approved.

(z)     "Summary Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit A-2 to Exhibit A.

(aa)     "Unknown Claims" means any and all Settled Claims against the Released Parties which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date, and any Settled Defendants' Claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, Plaintiffs and Defendants shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

1.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Action against Defendants; (ii) any and all Settled Claims as against all Released Parties; and (iii) any and all Settled Defendants' Claims.

2.     (a)     Upon the Effective Date of this Settlement, Plaintiffs and all Class Members, on behalf of themselves and each of the Releasing Persons: (i) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever waived,

released, relinquished, and discharged all Settled Claims against the Released Parties, regardless of whether such Class Member executes and delivers a Proof of Claim; (ii) shall forever be enjoined from prosecuting any Settled Claim against any of the Released Parties; and (iii) agree and covenant not to sue any of the Released Parties on the basis of any Settled Claims or to assist any third-party in commencing or maintaining any suit related to any Settled Claims. Nothing in this Stipulation shall in any way prevent any Class Member from pursuing his, her or its proof of claim in the Advanta bankruptcy, or shall in any way constitute a waiver or release of any Class Member's proof of claim in the Advanta bankruptcy, provided that no Class Member may assert any Settled Claim against the Released Parties.

      (b)    Upon the Effective Date of this Settlement, each of the Defendants and the Released Parties: (i) shall be deemed to have, and by operation of the Final Judgment shall have fully, finally, and forever released and discharged Plaintiffs, Plaintiffs' Counsel and each and all of the Class Members from each and every one of the Settled Defendants' Claims; (ii) shall forever be enjoined from prosecuting the Settled Defendants' Claims; and (iii) agree and covenant not to sue on the basis of any Settled Defendants' Claims or to assist any third-party in commencing or maintaining any such suit related to any Settled Defendants' Claims.

      (c)    The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition or event.

## THE SETTLEMENT CONSIDERATION

3.    (a)    In consideration of the releases provided herein and in full settlement of the Settled Claims, KPMG shall cause the payment of $800,000 to be transferred to the Escrow Agent within fifteen (15) business days from the later of the Court's entry of the Order for Notice and Hearing or KPMG's receipt of W-9 Forms for Plaintiffs and Lead Counsel.

      (b)    In consideration of the releases provided herein and in full settlement of the Settled Claims, the Advanta Defendants shall cause their insurers to pay the additional sum of $2,750,000 (together with the $800,000 to be paid by KPMG, the "Settlement Fund") to the

Escrow Agent within fifteen (15) business days from the later of the Court's entry of the Order for Notice and Hearing or the Advanta Defendants' counsel's receipt of W-9 Forms for Plaintiffs and Lead Counsel.

(c)     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1.  The Settlement Fund, less any amounts incurred for notice, administration, and/or Taxes (as defined below), plus any accrued interest thereon, shall revert to the person(s) making the deposits, as provided in paragraph 27 below, if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to paragraphs 25 or 26 herein.  The Settlement Fund includes any interest earned thereon.

4.     Plaintiffs and Class Members shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Settled Claims.  Except as set forth in paragraph 3 above, Defendants shall have no obligation under this Stipulation or the Settlement to pay or cause to be paid any amount of money, and Defendants shall have no obligation to pay or reimburse any fees, expenses, costs, liability, losses, Taxes, or damages whatsoever alleged or incurred by Plaintiffs, by any Class Member, or by any Releasing Person, including but not limited to by their attorneys, experts, advisors, agents or representatives, with respect to the Action and Settled Claims.  Plaintiffs and Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute and unconditional.

5.     (a)     The Settlement Fund, net of any taxes (as defined below), if any, on the income thereof, shall be used to pay: (i) the notice and administration costs of the Settlement referred to in ¶7 hereof; (ii)  any award made by the Court pursuant to the Fee and Expense Application referred to in ¶8 hereof; and (iii) the remaining administration expenses referred to in ¶7 hereof and any other attorney and administrative costs, fees, payments or awards subsequently approved by the Court.  The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund," which shall be distributed to the Authorized

Claimants as provided in ¶¶10-12 hereof. Any portions of the Settlement Fund required to be held in escrow prior to the Effective Date shall be held by the Escrow Agent for the Settlement Fund. The Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants, or returned to Defendants pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court. The Escrow Agent shall be responsible for investing the Settlement Fund in Eligible Investments, meaning obligations issued or guaranteed by the United States of America or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an Agency thereof, and the Escrow Agent shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund. The Escrow Agent shall indemnify and hold harmless the Released Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the investment of the Settlement Fund.

For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described below) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(b)     All: (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments

that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) all other tax expenses in connection with the Settlement Fund (collectively "Taxes") shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(c)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Escrow Agent shall indemnify and hold harmless the Released Parties out of the Settlement Fund from and against any claims, liabilities, or losses relating to the matters addressed in the preceding sentence.

(d)     If there is any balance remaining in the Settlement Fund after six months from the date of distribution of the Settlement Fund (whether by reason of Tax refunds, uncashed checks or otherwise), or as reasonably soon thereafter, the Claims Administrator shall, if logistically feasible and economically justifiable, reallocate such balance among Authorized Claimants in an equitable fashion. After any reallocation, or if a reallocation is not undertaken, any balance that still remains in the Settlement Fund shall be donated to Community Legal Services of Philadelphia, a 501(c)(3) non-profit organization.

## ADMINISTRATION

6.      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Settlement Fund subject to the jurisdiction of the Court. The Claims Administrator agrees to be subject to the jurisdiction of the Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation.   The Released Parties shall have no role in, or responsibility for, the administration of the Settlement and shall have no liability to Plaintiffs, the Class or any other Person in connection with, as a result of, or arising out of such administration.

7.      Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or the Court, the reasonable costs and expenses up to the sum of $250,000 associated with Notice to the Class, and the administration of the Settlement, including without limitation, the actual costs of Notice, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims. All costs and expenses incurred in connection with the administration of the Settlement in excess of $250,000 shall be paid from the Settlement Fund subject to approval from the Court.

## FEE AND EXPENSE APPLICATION

8.      Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award from the Settlement Fund of: (i) attorneys' fees not to exceed 33-1/3% of the Settlement Fund; (ii) reimbursement of litigation expenses, plus interest, incurred in connection with the prosecution of the Action; and (iii) the reasonable costs and expenses (including lost wages) incurred by Plaintiffs in conjunction with their representation of the Class.   Defendants will take no position regarding the Fee and Expense Application. Attorneys' fees, expenses, and interest as are awarded by the Court to Lead Counsel shall be paid from the Settlement Fund to Lead Counsel immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's joint and several obligation to repay those amounts to the Settlement Fund

- 15 -

plus accrued interest at the same net rate as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Settlement Fund is required consistent with the provisions of ¶27 hereof. In such event, Lead Counsel shall, within ten (10) business days from the event which requires repayment of the fee or expense award, refund to the Settlement Fund the fee and expense award paid to them, along with interest, as described above.

9.      Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application to be paid out of the Settlement Fund shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation or the Settlement of the Action, or affect the finality or binding nature of any of the releases granted hereunder. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses to Lead Counsel.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

10.      The Claims Administrator shall determine each Authorized Claimant's pro rata share of the "Net Settlement Fund" based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1 to Exhibit A, or in such other Plan of Allocation as the Court approves.

11.      The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved. The Released Parties will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Court. The Plan of Allocation is a matter separate and apart from the Settlement between the Parties and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.

12.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.   The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement.   Defendants shall not be entitled to get back any of the settlement monies, or interest earned thereon, once the Settlement becomes final.   The Released Parties shall have no involvement in reviewing, evaluating or challenging claims and shall have no responsibility or liability for determining the allocation of any payments to any Class Members or for any other matters pertaining to the Plan of Allocation.

## ADMINISTRATION OF THE SETTLEMENT

13.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

14.     The Claims Administrator shall process the Settlement based upon Proofs of Claim which may be submitted in connection with this Settlement, and, after entry of the Class Distribution Order (as defined below), distribute the Net Settlement Fund in accordance with the Class Distribution Order.   Except for their obligation to fund the Settlement or cause it to be funded, Defendants shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.   Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel reasonably deems to be formal or technical defects in any Proofs of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

15.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

- 17 -

(a)     Each Class Member shall be required to submit a Proof of Claim (in substantially the form set forth in Exhibit A-3 hereto) which, *inter alia*, releases all Settled Claims against all Released Parties, is signed under penalty of perjury and is supported by such documents or proof as Lead Counsel and the Claims Administrator, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Notice, unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine, in accordance with this Stipulation, the approved Plan of Allocation, and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below. The Released Parties shall not have any role in, or responsibility or liability to any person or entity for, the solicitation, review or evaluation of Proofs of Claim;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the Proofs of Claim submitted.

The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

16.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed to be directed to Defendants or any of the Released Parties, and no discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

17.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from any participation in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the

Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims.

18.     All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

19.     The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after:  (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired; and (iv) all fees and costs of administration have been paid.

20.     Lead Counsel will apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to or for the account of Authorized Claimants, as the case may be.

## TERMS OF ORDER FOR NOTICE AND HEARING

21.     Promptly after this Stipulation has been fully executed, Lead Counsel shall apply to the Court by motion on notice for entry of the Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.  Lead Counsel and Defendants shall jointly request that the postmark deadline for objecting and/or submitting exclusions from this Settlement be set at least thirty (30) calendar days prior to the Settlement Fairness Hearing.  Upon receiving any

- 20 -

objection(s) and/or request(s) for exclusion ("Requests for Exclusion"), the Claims Administrator shall promptly notify Lead Counsel and Defendants' Counsel of such objection(s) and/or Requests for Exclusion.

## TERMS OF FINAL JUDGMENT

22.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel shall request that the Court enter a Final Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

23.    The Effective Date of Settlement shall be the date when all the following shall have occurred and shall be conditioned on the occurrence of all of the following events:

(a)    the contributions to the Settlement Fund have been made pursuant to the Stipulation;

(b)    entry of the Order for Notice and Hearing in all material respects in the form attached hereto as Exhibit A;

(c)    final approval by the Court of the Settlement, following notice to the Class and a hearing;

(d)    Defendants have not exercised their option to terminate the Stipulation pursuant to paragraph 26 below;

(e)    No party has exercised his, her, or its rights to terminate the Stipulation pursuant to paragraph 25 below; and

(f)    entry by the Court of a Final Judgment, substantially in the form of Exhibit B annexed hereto, and the Final Judgment becomes Final, or, in the event that the Court enters a final judgment in a form other than that provided above ("Alternative Judgment") and neither Plaintiffs nor any Defendant elects to terminate this Settlement, the date that such Alternative Judgment becomes Final.

24.    Notwithstanding any other provision herein, any proceeding or order, or motion for reconsideration, appeal, petition for a writ of certiorari or its equivalent pertaining solely to

any Plan of Allocation and/or Fee and Expense Application, shall not in any way delay or preclude the Effective Date.

25.    Plaintiffs and each of the Defendants, through their respective counsel, shall, in each of their separate discretions, have the right to terminate the Settlement and this Stipulation, as to themselves, by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of the date on which:  (a) the Court files an order declining to enter the Order for Notice and Hearing in any material respect; (b) the Court files an order refusing to approve this Stipulation or any material part of it; (c) the Court files an order declining to enter the Final Judgment in any material respect; (d) the Final Judgment is modified or reversed by a court of appeal or any higher court in any material respect; or (e) an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect.  Notwithstanding this paragraph, the Court's determination as to the Fee and Expense Application and/or any Plan of Allocation, or any determination on appeal from any such order, shall not provide grounds for termination of the Stipulation or Settlement.

26.    If prior to the Settlement Fairness Hearing, Persons who otherwise would be members of the Class have filed with the Court valid and timely Requests for Exclusion from the Class in accordance with the provisions of the Order for Notice and Hearing and the Notice given pursuant thereto, and Class Members in the aggregate representing more than a certain percentage of the RediReserve Notes subject to this Settlement choose to exclude themselves from the Class in an amount greater than the amount specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), Defendants, in their sole and absolute discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.  Copies of all Requests for Exclusion received by the Claims Administrator, together with copies of all written revocations of Requests for Exclusion, shall be delivered to Defendants' Counsel promptly, and in no event later than fourteen (14) calendar days prior to the

Settlement Hearing.  The required procedure for and consequences of making such an election are as follows:

(a)      Such option to withdraw shall be exercised by serving written notice, signed by Defendants' Counsel upon Lead Counsel, not less than seven (7) calendar days before the Settlement Fairness Hearing;

(b)      If Defendants exercise the option to withdraw from the Settlement as provided herein, and if Plaintiff has not caused the written retraction of sufficient requests for exclusion, as provided in ¶5 of the Supplemental Agreement, such that the remaining requests for exclusion do not equal or exceed the percentage set forth in ¶1 of the Supplemental Agreement, this Stipulation will be null and void, and the provisions of ¶27 hereof will apply.

27.      Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of October 23, 2013, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Fund previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in ¶8 hereof), less any Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Fund (not to exceed $250,000 without the prior approval of Defendants or the Court) shall be returned to any party who funded the Settlement Fund in proportion to the amount paid within ten (10) business days from the date of the event causing such termination. At the request of Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to such Persons that paid into the Settlement Fund, *pro rata*, in accordance with the amounts paid by such Persons.

## NO ADMISSION OF WRONGDOING

28.     Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.  Nothing in this Stipulation and Agreement of Settlement constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

29.     Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation.  This Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits and prior drafts, and any negotiations or proceedings related or taken pursuant to it:

(a)     Shall not be offered or received against Defendants as evidence of a presumption, concession, or admission by Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any litigation;

(b)     shall not be offered or received against Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court and becomes Effective pursuant to its terms, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(c)     shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any of the Class Members that any of their

claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the SAC would not have exceeded the Settlement Fund; and

(d)    notwithstanding the foregoing, Defendants, Plaintiffs, Class Members, and/or the Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. This ¶29 shall survive the termination of this Stipulation.

## MISCELLANEOUS PROVISIONS

30.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof.

31.    The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and/or any Class Member against the Released Parties with respect to the Action and the Settled Claims. Accordingly, Plaintiff and Defendants agree not to assert in any judicial proceeding that the Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The Parties further agree not to assert in any judicial proceeding that any party violated Rule 11 of the Federal Rules of Civil Procedure. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

32.    In accordance with § 21D(f)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7), each of the Released Parties, by virtue of the Final Judgment, shall be discharged from all claims for contribution brought by other Persons. The Court shall include in the Final Judgment a bar order constituting the final discharge of all obligations to the Plaintiffs and the Class of the Released Parties arising out of the Settled Claims. The order shall bar all future claims for contribution arising out of the Settled Claims by any Person, against the

Released Parties; and by the Released Parties against any Person; provided, however, that nothing herein shall release, discharge, or waive in any respect any rights or claims of the Released Parties against their insurers.

33.     All agreements made and orders entered during the course of this Action relating to the confidentiality of documents and information shall survive the Stipulation pursuant to their terms.

34.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto.

35.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

36.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Allocation and enforcing the terms of this Stipulation.

37.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

38.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

39.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

40.     Plaintiff and Defendants represent and warrant that they have not assigned, pledged, loaned, hypothecated, conveyed, or otherwise transferred, voluntarily or involuntarily,

to any other person or entity, the Settled Claims, or any interest in or part or portion thereof, specifically including any rights arising out of the Settled Claims.

41.     This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto.   No assignment shall relieve any party hereto of obligations hereunder.

42.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to conflicts of laws, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

43.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

44.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

45.     Lead Counsel and Defendants' Counsel agree to cooperate reasonably with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

46.     Pending approval by the Court of this Stipulation, all proceedings in this Action shall be stayed and Class Members shall be barred and enjoined from prosecuting any of the Settled Claims against any of the Released Parties.

DATED: January 21 2014

Respectfully submitted,
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

_David R. Scott / gmj_

DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT  06415
Telephone:  (860) 537-5537
Facsimile:  (860) 537-4432

Thomas L. Laughlin IV (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

Geoffrey M. Johnson (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092

Anne L. Box (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508


THE WEISER LAW FIRM, P.C.


Robert B. Weiser (PA #81575)
Brett D. Stecker (PA #86242)
Christopher L. Nelson (PA #85609)
Jeffrey J. Ciarlanto (PA #205838)
22 Cassatt Ave.
Berwyn, PA 19312
Telephone: (610) 225-2677

15106773.1.LITIGATION 1/15/2014 12:13 PM

DATED: January __, 2014   Respectfully submitted,
           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

           _____

           DAVID R. SCOTT
           156 South Main Street
           P.O. Box 192
           Colchester, CT  06415
           Telephone:  (860) 537-5537
           Facsimile:  (860) 537-4432

           Thomas L. Laughlin IV (admitted *pro hac vice*)
           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
           The Chrysler Building
           405 Lexington Avenue, 40th Floor
           New York, NY 10174
           Telephone: (212) 223-6444
           Facsimile: (212) 223-6334

           Geoffrey M. Johnson (admitted *pro hac vice*)
           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
           12434 Cedar Road, Suite 12
           Cleveland Heights, OH 44106
           Telephone: (216) 229-6088
           Facsimile: (216) 229-6092

           Anne L. Box (admitted *pro hac vice*)
           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
           707 Broadway, Suite 1000
           San Diego, CA 92101
           Telephone: (619) 233-4565
           Facsimile: (619) 233-0508

           THE WEISER LAW FIRM, P.C.

           _____
           Robert B. Weiser (PA #81575)
           Brett D. Stecker (PA #86242)
           Christopher L. Nelson (PA #85609)
           Jeffrey J. Ciarlanto (PA #205838)
           22 Cassatt Ave.
           Berwyn, PA 19312
           Telephone: (610) 225-2677

Facsimile: (610) 408-8062

*Counsel for Lead Plaintiffs*

Steven B. Feirson
Michael L. Kichline
Stuart T. Steinberg
David J. Stanoch
Alexander R. Bilus
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel:    215-994-4000
Fax:    215-994-2222

*Counsel for Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper*

Geoffrey A. Kahn
Edward D. Rogers
Attorney I.D. Nos. 32905, 69337
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103 (215) 665-8500
(215) 864-8999 (fax)

*Attorneys for Defendant KPMG*

David W. Engstrom
Pa. I.D. No. 76178
LAW OFFICE OF DAVID W. ENGSTROM
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 375-7885
Facsimile: (267) 850-8701

- 29 -

Facsimile: (610) 408-8062

*Counsel for Lead Plaintiffs*

_____

Steven B. Feirson
Michael L. Kichline
Stuart T. Steinberg
David J. Stanoch
Alexander R. Bilus
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
Tel:    215-994-4000
Fax:    215-994-2222

*Counsel for Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper*

_____

Geoffrey A. Kahn
Edward D. Rogers
Attorney I.D. Nos. 32905, 69337
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103 (215) 665-8500
(215) 864-8999 (fax)

*Attorneys for Defendant KPMG*

_____

David W. Engstrom
Pa. I.D. No. 76178
LAW OFFICE OF DAVID W. ENGSTROM
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Telephone: (215) 375-7885
Facsimile: (267) 850-8701

Facsimile: (610) 408-8062

*Counsel for Lead Plaintiffs*

_____

Steven B. Feirson
Michael L. Kichline
Stuart T. Steinberg
David J. Stanoch
Alexander R. Bilus
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104
Tel:    215-994-4000
Fax:    215-994-2222

*Counsel for Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper*

_____

Geoffrey A. Kahn
Edward D. Rogers
Attorney I.D. Nos. 32905, 69337
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103 (215) 665-8500
(215) 864-8999 (fax)

*Attorneys for Defendant KPMG*

_____
David W. Engstrom
Pa. I.D. No. 76178
LAW OFFICE OF DAVID W. ENGSTROM
4000 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Telephone: (215) 375-7885
Facsimile: (267) 850-8701

Thomas R. Ajamie
(Admitted Pro Hac Vice)
Wallace A. Showman
(Admitted Pro Hac Vice)
John S. "Jack" Edwards, Jr.
(Admitted Pro Hac Vice)
AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX  77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699

*Counsel for Defendant David B. Weinstock*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------- X
                                          :

WILLIAM E. UNDERLAND and MARK    :
SCHALLER, *on behalf of themselves and all*   :
*others similarly situated,*                   :

                          Plaintiffs,   :     Electronically Filed

        - against-                      :

                                            :      10-Civ.-3621 (CMR)

DENNIS ALTER, WILLIAM A. ROSOFF,   :
PHILIP M. BROWNE, DAVID B.          :      **ORDER PRELIMINARILY**
WEINSTOCK, ROBERT S. BLANK, MAX   :      **APPROVING SETTLEMENT AND**
BOTEL, THOMAS COSTELLO, DANA       :      **CONFIRMING FINAL**
BECKER DUNN, RONALD LUBNER, OLAF  :      **SETTLEMENT HEARING**
OLAFSSON, MICHAEL STOLPER and KPMG  :
LLP,                                           :      **EXHIBIT A**

                           Defendants.    X

----------------------------------------------------------- 

WHEREAS, on January __, 2014, the Parties[1] to the above-entitled action (the "Action")

entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to

review by this Court and which, together with the exhibits thereto, sets forth the terms and

conditions for the proposed Settlement of the claims alleged in the Action on the merits and

dismissal of the Action with prejudice; and the Court having read and considered the Stipulation

and the accompanying documents; and the parties to the Stipulation having consented to the

entry of this Order; and all capitalized terms used herein having the meanings defined in the

Stipulation;

---

[1]      As used herein, the term "Parties" means Plaintiffs William Underland and Mark Schaller
("Plaintiffs"), on behalf of themselves and the Class (defined below), and Defendants Dennis Alter,
William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker
Dunn, Ronald Lubner, Olaf Olafsson, Michael Stolper (the "Advanta Defendants") and KPMG LLP
("KPMG") (the Advanta Defendants, collectively with KPMG, are referred to herein as "Defendants").

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2014 that:

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby preliminarily certified as a class action on behalf of all Persons who, between February 28, 2008 and November 8, 2009, purchased or otherwise acquired Advanta RediReserve Notes issued pursuant to, or traceable to, Advanta's Registration Statement/Prospectus filed on August 18, 2006, as amended (including by operation of law) (collectively, the "Registration Statements"), and who were allegedly injured thereby.  Excluded from the Class are Defendants, members of their immediate family and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and partners of KPMG.  Also excluded from the Class are Persons otherwise meeting the definition of the Class who submit valid and timely requests for exclusion from the Class in response to the requirements of the Notice.

2.    The Court preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  These findings are not based on any admissions, representations, assertions, or arguments by Defendants that a class

can, should, or would be certified in this Action, and these findings are made while fully preserving the Defendants' right to argue, in the event that the Settlement does not become Final or is terminated pursuant to the Stipulation, that no class can or should be certified in this Action.

3. For the purposes of the Settlement only, Plaintiffs William Underland and Mark Schaller are conditionally certified as the Class Representatives for the Action and the law firms of Scott+Scott, Attorneys at Law, LLP and The Weiser Law Firm, P.C. are conditionally appointed as Lead Counsel for the Class.

4. The Court preliminarily finds that:

(a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of a very experienced mediator, the Hon. Layn R. Phillips, U.S. District Court Judge (Ret.);

(b) Class counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

5. A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on _____, __, 2014, at __:__ __.m. at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

     (c)     to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Second Amended Complaint filed herein, on the merits and with prejudice, and to determine whether the releases contemplated by the Stipulation should become effective;

     (d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

     (e)     to consider Lead Counsel's application for an award of attorneys' fees and expenses;

     (f)     to consider Plaintiffs' requests for the reimbursement of the costs and expenses (including lost wages) they incurred in prosecuting this Action on behalf of the Class;

     (g)     to determine whether an order should be entered barring and enjoining Plaintiffs and all Class Members from instituting, commencing, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Settled Claims against any of the Released Parties; and

     (h)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class.  The Court reserves the right to enter its Final Judgment approving the Stipulation and dismissing the Second Amended Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation, Plaintiffs' request for the reimbursement of costs and expenses, or Lead Counsel's application for an award of attorneys' fees and expenses.

7.     The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") and the Proof of Claim and Release (the "Proof of Claim"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively.

8.     The Court approves the appointment of Epiq Class Action and Mass Tort Solutions as the Claims Administrator.

(a)     The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within forty-five (45) calendar days of this Order, to all Class Members who can be identified with reasonable effort from the books and records regularly maintained by Advanta Corp. ("Advanta"). Within fourteen (14) calendar days of this Order, Advanta, through its bankruptcy trustee, shall make the last known addresses of Class Members, or other identifying information, as set forth in those books and records, available to the Claims Administrator for the purpose of identifying and giving notice to the Class.

(b)     The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily,* and once over the *PR Newswire,* within ten (10) calendar days after the mailing of the Notice.

Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim form and proof of publication of the Summary Notice.

9.     The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice

practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached hereto at Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, not later than _____, 2014. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by such documents or proof as Plaintiffs' Counsel and the Claims Administrator, in their discretion, may deem acceptable; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation against the Released Parties.

11.     Class Members shall be bound by the Stipulation and all determinations and judgments in this Action concerning the Settlement, including, but not limited to the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall, no later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class and the Settlement, and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number(s) of securities they acquired that are subject to the Action, and to provide documentation showing proof of purchase or such other documents evidencing such acquisition(s).  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the reimbursement of Plaintiffs' costs and expenses, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers,

accompanied by proof of Class membership, are filed in writing with Michael E. Kunz, Clerk of Court, United States District Court, Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Room 2609, Philadelphia, PA 19106-1797, and copies of all such papers are served not later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing upon each of the following: (i) Thomas L. Laughlin IV, Scott+Scott, Attorneys at Law, LLP, The Chrysler Building, 405 Lexington Avenue, 40th Floor, New York, NY 10174, on behalf of the Plaintiffs and the Class; (ii) Geoffrey A. Kahn, Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, PA  19103 on behalf of KPMG; (iii) Thomas R. Ajamie, Ajamie LLP, Pennzoil Place - South Tower, 711 Louisiana, Suite 2150, Houston, TX  77002 on behalf of Defendant David B. Weinstock; and (iv) Michael L. Kichline, Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA  19104, on behalf of Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper.   Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than thirty (30) calendar days before the Settlement Fairness Hearing.  Any Class Member or other Person who does not

timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding or on any appeal), any objection to the Settlement, and any untimely objection shall be barred. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

13.     Defendants' Counsel and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14.     All motions and papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶12. Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

15.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Settled Claims against any Released Party.

16.     As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable and customary fees and costs associated with giving Notice to the Class and the review of claims and administration of the Settlement, up to $250,000, out of the Settlement Fund without further order of the Court.

17.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Counsel or Defendants elect to terminate the Settlement, or if the Settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order conditionally certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose, and each party shall be restored to his, her or its respective position as it existed on October 23, 2013, and the provisions of ¶27 of the Stipulation shall apply.

18.     The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

19.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2014

                                          _____

                                          HONORABLE CYNTHIA M. RUFE
                                          UNITED STATE DISTRICT COURT
                                          JUDGE, EASTERN DISTRICT OF
                                          PENNSYLVANIA

Submitted by:
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Thomas L. Laughlin IV
THOMAS L. LAUGHLIN IV
(admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue, 40th Floor

New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

Geoffrey M. Johnson (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092

Anne L. Box (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508

THE WEISER LAW FIRM, P.C.
Robert B. Weiser (PA #81575)
Brett D. Stecker (PA #86242)
Christopher L. Nelson (PA #85609)
Jeffrey J. Ciarlanto (PA #205838)
22 Cassatt Ave.
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062

*Counsel for Lead Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------- X
                               :

WILLIAM E. UNDERLAND and MARK
SCHALLER, *on behalf of themselves and all
others similarly situated,*

                       Plaintiffs,

    - against-

DENNIS ALTER, WILLIAM A. ROSOFF,
PHILIP M. BROWNE, DAVID B.
WEINSTOCK, ROBERT S. BLANK, MAX
BOTEL, THOMAS COSTELLO, DANA
BECKER DUNN, RONALD LUBNER, OLAF
OLAFSSON, MICHAEL STOLPER and KPMG
LLP,

                       Defendants.

---------------------------------------------------------- X

Electronically Filed

10-Civ.-3621 (CMR)

**NOTICE OF PROPOSED
SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTIONS

**TO: ALL PERSONS WHO, BETWEEN FEBRUARY 28, 2008 AND NOVEMBER 8, 2009, PURCHASED OR OTHERWISE ACQUIRED ADVANTA CORP. ("ADVANTA" OR THE "COMPANY") REDIRESERVE VARIABLE RATE CERTIFICATES AND/OR INVESTMENT NOTES ("REDIRESERVE NOTES") ISSUED PURSUANT OR TRACEABLE TO THE COMPANY'S REGISTRATION STATEMENT/PROSPECTUS FILED ON AUGUST 18, 2006, AS AMENDED (INCLUDING BY OPERATION OF LAW) (COLLECTIVELY, THE "REGISTRATION STATEMENTS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**WHY SHOULD I READ THIS NOTICE?**

    This Notice is given pursuant to an order issued by the United States District Court for the Eastern District of Pennsylvania (the "Court"). This Notice serves to inform you of the proposed settlement of the above class action lawsuit (the "Settlement") and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, as set forth in the Stipulation and Agreement of Settlement dated January __, 2014 (the "Stipulation"), by and between Plaintiffs William Underland and Mark

Schaller ("Plaintiffs"), and Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, Michael Stolper (the "Advanta Defendants"), and KPMG LLP ("KPMG") (the Advanta Defendants, collectively with KPMG, are referred to herein as "Defendants"). This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it. This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

## WHAT IS THIS LAWSUIT ABOUT?

### I.      The Allegations

On June 24, 2010, Plaintiffs commenced this putative class action (the "Action") against the Defendants for alleged violations of the Securities Act of 1933 ("1933 Act"), with respect to the dissemination of allegedly false and misleading statements in the Registration Statements filed with the Securities and Exchange Commission ("SEC") in connection with Advanta's sale of the RediReserve Notes.[1]  Plaintiffs filed an Amended Class Action Complaint on January 13, 2011, and a Second Amended Class Action Complaint for Violation of the Securities Act of 1933 (the "SAC") on October 7, 2011.

In the SAC, Plaintiffs alleged claims under Sections 11 (false and misleading statements and omissions in a registration statement), Section 12 (false and misleading statements in offering prospectuses) and Section 15 (control person liability) of the 1933 Act against the Advanta Defendants and a claim under Section 11 of the 1933 Act against KPMG for the period from February 28, 2008 to November 8, 2009 (the "Class Period").  More specifically, Plaintiffs alleged that the Registration Statements used to conduct the Offerings contained false and misleading statements regarding Advanta's: (i) compliance with capital adequacy requirements; (ii) loan loss reserves; and (iii) credit card re-pricing practices.  With respect to KPMG, Advanta's auditor, Plaintiffs alleged that the firm improperly certified in its February 28, 2009 audit report that the loan loss reserve calculations accurately reflected Advanta's financial health, ignoring significant adverse credit data in violation of generally accepted auditing standards.  On November 8, 2009, Advanta filed for bankruptcy and stopped making payments to investors on the RediReserve Notes.  Investors have subsequently received payments on their RediReserve Notes via Advanta's bankruptcy proceedings.

Defendants deny all of Plaintiffs' allegations, including that the Registration Statements contained any material misstatements or omissions, that KPMG failed to comply with professional auditing standards, or that Plaintiffs or the Class were harmed by the conduct alleged in the SAC.  Defendants further deny that they did anything wrong and maintain that their conduct was at all times in compliance with applicable law and professional standards.

The Court has not ruled in favor of Plaintiffs or Defendants.  This Notice is not intended to be an expression of any opinion by the Court with respect to the truth of the allegations in this lawsuit or the merits of the claims or defenses asserted.  This Notice is solely to advise you of the

---

[1]      All capitalized terms used herein have the same meaning as the terms defined in the Stipulation and Agreement of Settlement.

pendency of the Action and proposed Settlement thereof and your rights in connection with that Settlement.

## II.      Status of the Case

This Action was initiated on June 24, 2010, in the Court of Common Pleas of Montgomery County, Pennsylvania. On July 23, 2010, Defendants removed the case to this Court. Plaintiffs moved for their appointment as co-lead plaintiffs on October 8, 2010, and they were appointed by the Court on December 13, 2010. Plaintiffs filed an Amended Class Action Complaint on January 13, 2011, asserting claims against the Advanta Defendants and KMPG. Both sets of Defendants filed motions to dismiss. On September 9, 2011, the Court granted in part the Advanta Defendants' motion, granted KPMG's motion, and granted Plaintiffs leave to amend. *Underland v. Alter*, No. 10-3621, 2011 WL 4017908 (E.D. Pa. Sept. 9, 2011) ("*Underland I*").

On October 7, 2011, pursuant to *Underland I*, which granted Plaintiffs leave to file an amended complaint, Plaintiffs filed the operative complaint in the Action, the SAC. In the SAC, Plaintiffs renewed their claims against KPMG, maintained the 1933 Act claims which had previously been sustained by the Court against the Advanta Defendants, and added a new claim which asserted that the Advanta Defendants failed to disclose allegedly improper credit card re-pricing practices.

On November 18, 2011, the Advanta Defendants and KPMG filed motions to dismiss the SAC. On July 16, 2012, the Court denied Defendants' motions to dismiss in full. *Underland v. Alter*, No. 10-3621, 2012 WL 2912330 (E.D. Pa. July 16, 2012) ("*Underland II*"). On August 29, 2012, the Advanta Defendants filed their answers. The Advanta Defendants denied that they violated any laws, made any misstatements or omissions, or committed any improper acts or wrongdoing whatsoever, and they asserted numerous defenses. KPMG subsequently filed a motion for reconsideration, which the Court denied on September 18, 2012. *Underland v. Alter*, No. 10-3621, 2012 WL 4108998 (E.D. Pa. Sept. 18, 2012) ("*Underland III*"). On October 25, 2012, KPMG filed its answer. KPMG denied that it had violated any laws or professional standards, made any misstatements or omissions, or committed any improper acts or wrongdoing whatsoever, and asserted numerous defenses.

Beginning in early 2012, the parties engaged in extensive discovery, which included the production of over 6 million pages of documents, depositions of the Plaintiffs, and numerous discovery motions. On December 17, 2012, Plaintiffs moved for class certification. That motion was fully briefed at the time the Parties reached an agreement to settle the Action. On May 23 and 24, 2013, the Parties participated in a mediation with the Hon. Layn R. Phillips, U.S. District Court Judge (Ret.). The Parties were not able to reach a settlement at that time. On October 15, 2013, Judge Phillips (Ret.) made a "mediator's recommendation" setting forth recommended settlement terms. The Parties agreed to accept the "mediator's recommendation" on October 23, 2013 and, the next day, asked the Court to stay all proceedings. The Parties subsequently negotiated the details of the settlement, which are set forth in the Stipulation, the material terms of which are described herein.

Defendants have denied, and continue to deny, that they did anything wrong.

**HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?**

If, between February 28, 2008 and November 8, 2009, you acquired (or are the legal representative, heir, executor, administrator, successor or assign of a person who acquired) RediReserve Notes issued pursuant or traceable to the Registration Statements, and claim to be damaged thereby, you are a Class Member. As set forth in the Stipulation, excluded from the Class are Defendants, members of their immediate family and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and partners of KPMG.

**WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?**

The Settlement, if approved, will result in the creation of a cash settlement fund in the amount of $3,550,000 (the "Settlement Fund"). The Settlement Fund, plus accrued interest and minus the costs of this Notice, attorneys' fees and expenses, the reimbursement of Plaintiffs' cost and expenses, and administrative costs as approved by the Court, will be distributed to Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

**WHAT IS THE PROPOSED PLAN OF ALLOCATION?**

The cost of this Notice and any Court-approved costs and attorneys' fees will be deducted from the Settlement Fund. The remainder of the Settlement Fund, plus accrued interest, will be paid to Class Members in accordance with the following Plan of Allocation:

**The proceeds of the settlement, net of administrative expenses and court approved fees and expenses, will be distributed *pro rata* based on the principal balances outstanding at the time of the filing of the bankruptcy petition.**

**DO I NEED TO CONTACT PLAINTIFFS' COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?**

No. If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact the Plaintiffs' Counsel. If you did not receive this Notice but believe you should have, or if your address changes, please contact the Claims Administrator at:

*Advanta RediReserve Notes Securities Litigation Settlement*
c/o Epiq Class Action and Mass Tort Solutions
P.O. Box XXX
[City and State]
Phone: (888) [_____]
www.advantasecuritieslitigation.com

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED**

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the certification of the Class for settlement purposes will be vacated, and the Action will proceed as if the Stipulation had not been entered into.

**WHAT ARE THE REASONS FOR SETTLEMENT?**

The Court has not reached any final decisions in connection with Plaintiffs' claims against Defendants. Instead, Plaintiffs and Defendants have agreed to this Settlement. In reaching the Settlement, they have avoided the cost, delay and uncertainty of further litigation.

As in any litigation, Plaintiffs and the proposed Class would face an uncertain outcome if they did not agree to the proposed Settlement. The Parties expected that the case could continue for a lengthy period of time and that if Plaintiffs succeeded, Defendants would file appeals that would postpone final resolution of the case. Continuation of the case against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiffs and Plaintiffs' Counsel believe that this Settlement is fair and reasonable to the members of the Class. They have reached this conclusion for several reasons. If the Settlement is approved, the Class will receive a significant monetary recovery. Additionally, Plaintiffs' Counsel believes that the significant and immediate benefits of the proposed Settlement are an excellent result for the Class – especially given the risks and uncertainties of continued litigation.

Defendants deny any wrongdoing and their agreement to settle this Action shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendants with respect to any claim or of any fault, liability, wrongdoing, or damage.

**WHO REPRESENTS THE SETTLEMENT CLASS?**

The following attorneys are counsel for the Class:

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
Thomas L. Laughlin IV
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
Michael Burnett
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537
Facsimile: (860) 537-4432

THE WEISER LAW FIRM, P.C.
Robert B. Weiser
22 Cassatt Ave.
Berwyn, PA 19312

15106771.1.LITIGATION 1/15/2014 1:00 PM

Telephone: (610) 225-2677
Facsimile: (610) 408-8062

If you have any questions, you are entitled to consult with Plaintiffs' Counsel by contacting counsel at the phone numbers listed above.

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

*Advanta RediReserve Notes Securities Litigation Settlement*
c/o Epiq Class Action and Mass Tort Solutions
P.O. Box [   ]
[City and State]
Phone:  (888) [_____]
www.advantasecuritieslitigation.com

## HOW WILL THE LAWYERS BE PAID?

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing.  Lead Counsel will limit their application for an award of attorneys' fees to not more than 33-1/3 % of the Settlement Fund, plus reimbursement of expenses incurred in connection with the Action in an amount not to exceed $_____.  In addition, Plaintiffs may seek reimbursement of up to $_____ for time and expenses (including lost wages) incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel have committed significant time and expenses in litigating this case for the benefit of the Class.  To date, Lead Counsel has not been paid for their services in conducting this Action on behalf of the Plaintiffs and the Class, or for their expenses. The fees requested will compensate Lead Counsel for their work in achieving the Settlement. The Court will decide what is a reasonable fee award and may award less than the amount requested by Lead Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want to receive a payment from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Class.  This is called excluding yourself from, or "opting out" of, the Class.

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from the Class and do not wish to participate in the Settlement in the following Action: *Underland v. Alter, et al.,* Case No. 10-3621 (CMR).  Be sure to include your name, address, telephone number, and the date(s) and price(s) of securities that you acquired that are

subject to the Action.  You must also include documents evidencing such acquisition(s) and your signature.  Your exclusion request must be postmarked no later than _____, 2014 and sent to the Claims Administrator at:

*Advanta RediReserve Notes Securities Litigation Settlement*
c/o Epiq Class Action and Mass Tort Solutions
P.O. Box [   ]
[City and State]
Phone:  (888) [_____]
www.advantasecuritieslitigation.com

You cannot exclude yourself by phone or by e-mail.  If you make a proper request for exclusion, you will not receive a Settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

## CAN I OBJECT TO THE PROPOSED SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED REIMBURSEMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes.  If you are a Class Member, you may object to the terms of the Settlement.  Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs and expenses, and/or the Plan of Allocation.  In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court, Class Counsel and Defendants' counsel at the addresses listed herein by _____, 2014.  Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection their intention to appear at the hearing and the identity of any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you do not exclude yourself from the Settlement, you may receive the benefit of, and you will be bound by, the terms of the proposed Settlement described in this Notice and set forth more fully in the Stipulation, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim form that accompanies this Notice.  Read the instructions carefully; fill out the Proof of Claim form; sign it; and mail it postmarked no later than _____, 2014.  If you do not submit a timely Proof of Claim form with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

15106771.1.LITIGATION 1/15/2014 1:00 PM

**WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?**

If the Settlement is approved by the Court, the Court will enter a Final Judgment. Upon the Effective Date, Plaintiffs and all Class Members, on behalf of themselves and each of the Releasing Persons shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Settled Claims against the Released Parties, regardless of whether such Class Member executes and delivers a Proof of Claim. The terms:

- "Released Parties" means Defendants and former Defendant Robert Blank and each of their current and former respective parent entities, affiliates, subsidiaries, predecessors, successors, families, associates, executors, personal representatives, heirs, beneficiaries, estates, agents, and assigns, and, as to each of the foregoing, all of their past, present or future officers, directors, employees, managers, members, managing members, fiduciaries, managing directors, principals, advisors, agents, managing agents, direct or indirect equity holders, controlling persons, stockholders, current or former partners and principals, as well as general or limited partners or partnerships, attorneys, legal counsel, consultants, insurers, co-insurers, reinsurers, accountants, auditors, underwriters, engineers, advisors, financial advisors, investment advisors, commercial bank lenders, banks, investment bankers, associates, member firms, joint ventures, limited liability companies, corporations, divisions, shareholders, trusts, trustees, foundations, family members, beneficiaries, distributors, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors, indemnitors, indemnitees, related or affiliated entities, and any other representatives of any of these persons or entities or their successors. The definition of Released Parties shall include Advanta Corp.

- "Settled Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees and any other costs, expenses, losses, or liabilities whatsoever), at law or in equity, matured or unmatured, foreseen or unforeseen, known or unknown, suspected or unsuspected, contingent or non-contingent, whether class or individual in nature, against the Released Parties, belonging to Plaintiffs and/or any or all Class Members and/or their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, any other representatives of any of these persons and entities, and any other Person claiming through or on behalf of them, and any Persons they represent, arising under federal, state, local, statutory, or common law, or any other law, rule or regulation, whether foreign or domestic, based upon, arising out of, or relating to, in any way, the purchase or acquisition of Advanta RediReserve Notes pursuant or traceable to the Registration Statements, including but not limited to any claims: (i) asserted or that could have been asserted in the Action; (ii) arising out of, relating to, or in connection with the facts and circumstances alleged in the SAC; and (iii) arising out of, relating to, or in connection with the prosecution or settlement of the Action, except for claims to enforce any of the terms of the Stipulation.

"Settled Claims" includes "Unknown Claims" as defined in the Stipulation. Nothing in this definition shall prevent any Class Member from pursuing his or her proof of claim in the Advanta bankruptcy, or shall in any way constitute a waiver or release of any Class Member's proof of claim in the Advanta bankruptcy, provided however that no Class Member may assert any Settled Claim in the Advanta bankruptcy against any of the Released Parties.

The above description of the proposed Settlement is only a summary. The complete terms, including the definitions of the Effective Date and Unknown Claims, are set forth in the Stipulation (including its exhibits), which may be obtained at www.advantasecuritieslitigation.com, or by contacting Class Counsel listed on Page __ above.

## THE SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing will be held on _____, 2014, at _:_0 _.m., before The Honorable Cynthia M. Rufe, United States District Court, Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Suite 12614, Philadelphia, Pennsylvania 19106-1797, for the purpose of determining whether: (1) the proposed Settlement of the Action for $3,550,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Final Judgment as provided under the Stipulation should be entered, dismissing the SAC filed in the Action on the merits and with prejudice; (3) the release by the Class of the Settled Claims, as set forth in the Stipulation, should be granted to the Released Parties; (4) this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (5) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund; (6) to reimburse Plaintiffs the costs and expenses (including lost wages) they incurred in prosecuting this action on behalf of the Class out of the Settlement Fund; and (7) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

Any Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her or its objection is made in writing and is filed, together with proof of membership in the Class and with copies of all other papers and briefs to be submitted by him, her or it to the Court at the Settlement Fairness Hearing, with the Court no later than _____, 2014, and showing proof of service on the following counsel:

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
Thomas L. Laughlin
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174

*Counsel for Plaintiffs and the Class*

DECHERT LLP
Michael L. Kichline
Cira Centre
2929 Arch Street
Philadelphia, PA  19104

*Counsel for Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper*

BALLARD SPAHR LLP
Geoffrey A. Kahn
1735 Market Street, 51st Floor
Philadelphia, PA  19103

*Attorneys for Defendant KPMG LLP*

AJAMIE LLP
Thomas R. Ajamie
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX  77002

*Counsel for Defendant David B. Weinstock*

Unless otherwise directed by the Court, any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this proceeding or on any appeal), any objection to the Settlement, and any untimely objection shall be barred.

**INJUNCTION**

The Court has issued an order enjoining Plaintiffs and all Class Members, and anyone who acts or purports to act on their behalf, from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Settled Claims against any Released Party, pending final determination by the Court of whether the Settlement should be approved.

**HOW DO I OBTAIN ADDITIONAL INFORMATION?**

This Notice contains only a summary of the terms of the proposed Settlement.  The records in this litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the office of the Clerk of Court, United States District Court, Eastern District of Pennsylvania.  In addition, Settlement Documents, including a Proof of Claim form, may be obtained by contacting the Claims Administrator at:

*Advanta RediReserve Notes Securities Litigation Settlement*
c/o Epiq Class Action and Mass Tort Solutions
P.O. Box [    ]
[City and State]
Phone:  (888) [_____]
www.advantasecuritieslitigation.com

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION.**

Dated: _____, 2014

                                    _____
BY ORDER OF THE HONORABLE
CYNTHIA M. RUFE
UNITED STATES DISTRICT COURT
JUDGE, EASTERN DISTRICT OF
PENNSYLVANIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------  X
                                                           :
WILLIAM E. UNDERLAND and MARK                              :
SCHALLER, *on behalf of themselves and all*                :
*others similarly situated,*                                 :
                                                           :   Electronically Filed
                          Plaintiffs,                      :
                                                           :
                                                           :
          - against-                                       :
                                                           :   10-Civ.-3621 (CMR)
                                                           :
DENNIS ALTER, WILLIAM A. ROSOFF,                           :
PHILIP M. BROWNE, DAVID B.                                 :   **SUMMARY NOTICE OF**
WEINSTOCK, ROBERT S. BLANK, MAX                            :   **PROPOSED SETTLEMENT OF**
BOTEL, THOMAS COSTELLO, DANA                               :   **CLASS ACTION**
BECKER DUNN, RONALD LUBNER, OLAF                           :
OLAFSSON, MICHAEL STOLPER and KPMG                         :   **EXHIBIT A-2**
LLP,                                                       :
                                                           :
                          Defendants.                      :
                                                           :
---------------------------------------------------------  X

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL PERSONS WHO, BETWEEN FEBRUARY 28, 2008 AND NOVEMBER 8, 2009, PURCHASED OR OTHERWISE ACQUIRED ADVANTA CORP. ("ADVANTA" OR THE "COMPANY") REDIRESERVE VARIABLE RATE CERTIFICATES AND/OR INVESTMENT NOTES ("REDIRESERVE NOTES") ISSUED PURSUANT OR TRACEABLE TO THE COMPANY'S REGISTRATION STATEMENT/PROSPECTUS FILED ON AUGUST 18, 2006, AS AMENDED (INCLUDING BY OPERATION OF LAW) (COLLECTIVELY, THE "REGISTRATION STATEMENTS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

      YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2014 at _:__

_.m., before the Honorable Cynthia M. Rufe, United States District Court, Eastern District of

Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Suite 12614, Philadelphia,

Pennsylvania 19106-1797, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action ("Action") for $3,550,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Final Judgment as provided under the Stipulation and Agreement of Settlement ("Stipulation") should be entered, dismissing the Second Amended Class Action Complaint filed in the Action on the merits and with prejudice; (3) the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties; (4) this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (5) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below); (6) to reimburse Plaintiffs the costs and expenses (including lost wages) they incurred in prosecuting this action on behalf of the Class out of the Settlement Fund; and (7) the Plan of Allocation should be approved by the Court.

IF BETWEEN FEBRUARY 28, 2008 AND NOVEMBER 8, 2009 YOU PURCHASED OR ACQUIRED ADVANTA REDIRESERVE NOTES PURSUANT AND/OR TRACEABLE TO THE COMPANY'S REGISTRATION STATEMENTS, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by filing a Proof of Claim on or before _____, 2014. Your failure to submit your Proof of Claim by _____, 2014 will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action. If you are a Member of the Class and do not request exclusion therefrom, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Final Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim form, you may obtain these documents, as well as a copy of the Stipulation (which among other things contains definitions for the defined terms used in this Summary Notice), online at www.advantasecuritieslitigation.com, or by writing to:

*Advanta RediReserve Notes Securities Litigation Settlement*
c/o Epiq Class Action and Mass Tort SolutionsP.O. Box XXX
[City and State]
Phone: (888) [_____]

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim form, may be made to Plaintiffs' Counsel:

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
Thomas L. Laughlin IV
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

THE WEISER LAW FIRM, P.C.
Robert B. Weiser
22 Cassatt Ave.
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION BY _____, 2014, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE ACTION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF

CLAIM.

Dated: _____, 2014

                         _____
                         HONORABLE CYNTHIA M. RUFE
                         UNITED STATES DISTRICT COURT JUDGE,
                         EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------- X
                                                            :
WILLIAM E. UNDERLAND and MARK                               :
SCHALLER, *on behalf of themselves and all*                 :
*others similarly situated,*                                  :
                                                            :  Electronically Filed
                                   Plaintiffs,              :
                                                            :
       - against-                                           :
                                                            :  10-Civ.-3621 (CMR)
                                                            :
DENNIS ALTER, WILLIAM A. ROSOFF,                            :
PHILIP M. BROWNE, DAVID B.                                  :  **PROOF OF CLAIM AND RELEASE**
WEINSTOCK, ROBERT S. BLANK, MAX                             :
BOTEL, THOMAS COSTELLO, DANA                                :  **EXHIBIT A-3**
BECKER DUNN, RONALD LUBNER, OLAF                            :
OLAFSSON, MICHAEL STOLPER and KPMG                          :
LLP,                                                        :
                                                            :
                                   Defendants.              :
                                                            :
----------------------------------------------------------- X

## I.    GENERAL INSTRUCTIONS

1.      To recover as a Member of the Class based on your claims in the above-captioned

action (the "Action") you must complete and, on page ___ hereof, sign this Proof of Claim and

Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of

Claim and Release, your claim may be rejected and you may be precluded from any recovery

from the Net Settlement Fund created in connection with the proposed settlement of the Action.

2.      Submission of this Proof of Claim and Release, however, does not assure that you

will share in the proceeds of settlement in the Action.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

AND RELEASE POSTMARKED ON OR BEFORE _____ __, 2014, ADDRESSED AS

FOLLOWS:

*Advanta RediReserve Notes Securities Litigation Settlement*
c/o Epiq Class Action and Mass Tort Solutions
P.O. Box [   ]
[City, State and Zip Code]

If you are NOT a Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.      If you are a Class Member, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM, UNLESS YOU FILE A REQUEST FOR EXCLUSION AS EXPLAINED IN THE NOTICE.

## II.      DEFINITIONS

1.      "Defendants" means, collectively, KPMG, LLP, and former Advanta Corp. ("Advanta") officers and/or directors Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper.

2.      "Released Parties" means Defendants and former Defendant Robert Blank and each of their current and former respective parent entities, affiliates, subsidiaries, predecessors, successors, families, associates, executors, personal representatives, heirs, beneficiaries, estates, agents, and assigns, and, as to each of the foregoing, all of their past, present or future officers, directors, employees, managers, members, managing members, fiduciaries, managing directors, principals, advisors, agents, managing agents, direct or indirect equity holders, controlling persons, stockholders, current or former partners and principals, as well as general or limited partners or partnerships, attorneys, legal counsel, consultants, insurers, co-insurers, reinsurers, accountants, auditors, underwriters, engineers, advisors, financial advisors, investment advisors, commercial bank lenders, banks, investment bankers, associates, member firms, joint ventures,

limited liability companies, corporations, divisions, shareholders, trusts, trustees, foundations, family members, beneficiaries, distributors, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors, indemnitors, indemnitees, related or affiliated entities, and any other representatives of any of these persons or entities or their successors. The definition of Released Parties shall include Advanta Corp.

3.     All capitalized terms not otherwise defined herein shall have the meanings set forth in the Stipulation and Agreement of Settlement dated January __, 2014 (the "Stipulation").

## III.   CLAIMANT INFORMATION

1.     If you purchased or otherwise acquired Advanta RediReserve variable rate certificates and/or investment notes (collectively referred to herein as the "RediReserve Notes") and held the RediReserve Note(s) in your name, you are the beneficial purchaser as well as the purchaser of record. If, however, the RediReserve Note(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the purchaser of record.

2.     Use Part I of this form entitled "Claimant Information" to identify each purchaser of record, if different from the beneficial purchaser of a RediReserve Note that is the subject of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE ADVANTA REDIRESERVE NOTES UPON WHICH THIS CLAIM IS BASED.

3.     All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.

The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.   Use Part II of this form entitled "Schedule of Transactions in Advanta RediReserve Notes" to supply all required details of your transaction(s) in RediReserve Notes. If you need more space or additional schedules, attach separate sheets giving all the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.   On the schedules, provide all of the required information with respect to *all* of your purchases or other acquisitions of RediReserve Notes that took place at any time between February 28, 2008 through the date of submission of the claim form, inclusive (based on transaction date not settlement date), and *all* your sales of RediReserve Notes that took place at any time between February 28, 2008 through the date of submission of the claim form, inclusive (based on transaction date not settlement date), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

3.   Confirmations or other documentation of your transactions in Advanta RediReserve Notes should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

4.   The above requests are designed to provide the minimum amount of information necessary to process the simplest claims. The Claims Administrator may request additional

information as required to efficiently and reliably calculate your losses.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

*Underland et al. v. Alter, et al.,*

Case No. 10-3621 (CMR).

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____ ___, 2014

Please Type or Print

PART I:      CLAIMANT INFORMATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____            _____

City                                 State                  Zip Code

_____            _____

Foreign Province                     Foreign Country

_____            _____

Social Security Number or            Individual

Taxpayer Identification Number

                                     _____

                                     Corporation/Other

_____            _____   (work)

Area Code                            Telephone Number

_____            _____   (home)

Area Code                            Telephone Number

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:       SCHEDULE OF TRANSACTIONS IN ADVANTA REDIRESERVE NOTES

    A.       Purchases or Acquisitions of Advanta RediReserve Notes (February 28, 2008 to the date of submission of the claim form, inclusive).[1]  Please treat amounts reinvested as Notes matured as separate purchases:

| Trade Date Mo. Day Year (list each note separately) | Principal Amount of Each Note Purchased or Acquired (excluding fees and commissions) | Term of Each Note in Days or Months | Maturity Date for Each Note |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |
| 4. _____ | 4. _____ | 4. _____ | 4. _____ |
| 5. _____ | 5. _____ | 5. _____ | 5. _____ |

    B.       Sales or Principal Payment Applied to Advanta RediReserve Notes (February 28, 2008 to the date of submission of the claim form, inclusive).  In calculating Principal received, please include amounts realized when Notes matured even if reinvested:

| Sale or Date of Receipt of Principal Mo. Day Year | Principal Amount of Each Note Sold or to Which Principal Was Applied | Term of Each Note in Days or Months | Sale Price or Amount of Principal Received (Please Identify if Sale or Principal Received) | Maturity Date for Each Note |
|---|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ | 3. _____ |
| 4. _____ | 4. _____ | 4. _____ | 4. _____ | 4. _____ |
| 5. _____ | 5. _____ | 5. _____ | 5. _____ | 5. _____ |

---

[1]       Please note: Information requested with respect to your purchases/acquisitions of Advanta RediReserve Notes from November 9, 2009 through and including the date you submitted your Claim Form is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim(s) pursuant to the Plan of Allocation.

C.    For Each Note Currently Held:

| Term of Note | Maturity Date | Amount of Principal Outstanding |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |
| 4. _____ | 4. _____ | 4. _____ |
| 5. _____ | 5. _____ | 5. _____ |

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE ___.

## V.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Plaintiffs' Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Advanta RediReserve Notes during the Class Period and know of no other Person having done so on my (our) behalf.

## VI.    RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Settled Claims against each and all of the Released Parties (as defined above) and shall not sue any Released Parties with respect to any and all such Settled Claims.

2.      "Settled Claims" means all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees and any other costs, expenses, losses, or liabilities whatsoever), at law or in equity, matured or unmatured, foreseen or unforeseen, known or unknown, suspected or unsuspected, contingent or non-contingent, whether class or individual in nature, against the Released Parties, belonging to Plaintiffs and/or any or all Class Members and/or their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers,

reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, any other representatives of any of these persons and entities, and any other Person claiming through or on behalf of them, and any Persons they represent (collectively, the "Releasing Persons"), arising under federal, state, local, statutory, or common law, or any other law, rule or regulation, whether foreign or domestic, based upon, arising out of, or relating to, in any way, the purchase or acquisition of Advanta RediReserve Notes pursuant or traceable to the Registration Statements, including but not limited to any claims: (i) asserted or that could have been asserted in the Action; (ii) arising out of, relating to, or in connection with the facts and circumstances alleged in the SAC; and (iii) arising out of, relating to, or in connection with the prosecution or settlement of the Action, except for claims to enforce any of the terms of this Stipulation. "Settled Claims" includes "Unknown Claims" as defined below.  Nothing in this definition shall prevent any Class Member from pursuing his or her proof of claim in the Advanta bankruptcy, or shall in any way constitute a waiver or release of any Class Member's proof of claim in the Advanta bankruptcy, provided however that no Class Member may assert any Settled Claim in the Advanta bankruptcy against any of the Released Parties.

3.     "Unknown Claims" means any and all Settled Claims against the Released Parties which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date, and any Settled Defendants' Claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, Plaintiffs and Defendants shall have expressly waived,

and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

4.      This release shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Advanta RediReserve Notes.

7.      I (We) understand and intend that the signature below serves as the release of the Settled Claims.

15106778.1.LITIGATION 1/15/2014 12:16 PM

# SUBSTITUTE FORM W-9

## Request for Taxpayer Identification Number ("TIN") and Certification

### PART I

NAME: _____

Check appropriate box:

☐  Individual/Sole Proprietor          ☐  Pension Plan
☐  Corporation      ☐  Partnership  ☐  Trust
☐  IRA              ☐  Other

Enter TIN on appropriate line.

○    For individuals, this is your Social Security Number ("SSN").

○    For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

○    For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _          or          _ _ - _ _ _ _ _ _ _
Social Security Number                 Employer Identification Number

### PART II

#### For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

### PART III

#### Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.    The number shown on this form is my correct TIN; and

2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:    If you have been notified by the International Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

- 13 -

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

## VII.   SIGNATURE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                         (Month/Year)

in _____, _____.
        (City)                          (State/Country)

                            _____
                            (Sign your name here)


                            _____
                            (Type or print your name here)


                            _____
                            (Capacity of person(s) signing, *e.g.*,
                            Beneficial Purchaser or Acquirer,
                            Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.    Please sign the above release and declaration.

2.    Remember to attach supporting documentation, if available.

3.    Keep a copy of your claim form for your records.

15106778.1.LITIGATION 1/15/2014 12:16 PM

4.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

5.      If you move, please send us your new address.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- X
                              :

WILLIAM E. UNDERLAND and MARK   :
SCHALLER, *on behalf of themselves and all*  :
*others similarly situated,*                  :

                               :      Electronically Filed
                    Plaintiffs,     :

   - against-                   :

                               :      10-Civ.-3621 (CMR)

DENNIS ALTER, WILLIAM A. ROSOFF,   :
PHILIP M. BROWNE, DAVID B.      :      **FINAL APPROVAL ORDER AND**
WEINSTOCK, ROBERT S. BLANK, MAX  :      **JUDGMENT OF DISMISSAL WITH**
BOTEL, THOMAS COSTELLO, DANA   :      **PREJUDICE**
BECKER DUNN, RONALD LUBNER, OLAF  :
OLAFSSON, MICHAEL STOLPER and KPMG  :
LLP,                             :      **EXHIBIT B**

                    Defendants.     :

------------------------------------------------------- X

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action (the "Action") upon the terms and conditions set forth in the Stipulation and Agreement of Settlement (the "Stipulation") which was filed with the Court; and

WHEREAS, the Court entered its Order Preliminarily Approving Settlement and Confirming Final Settlement Hearing which conditionally certified a Class for settlement purposes only and preliminarily approved Notice to the Class (including notice of the proposed Settlement and of a fairness hearing thereon), and said notice has been made, and the fairness hearing has been held;

---

[1]    As used herein, the term "Parties" means Plaintiffs William Underland and Mark Schaller ("Plaintiffs"), on behalf of themselves and the Class (as defined herein), and Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, Michael Stolper (the "Advanta Defendants"), and KPMG LLP ("KPMG") (the Advanta Defendants, collectively with KPMG, "Defendants").

NOW, THEREFORE, based upon the Stipulation and all of the filings, records and proceedings herein, and it appearing to the Court upon examination that the Stipulation and Settlement are fair, reasonable and adequate, and upon a Settlement Fairness Hearing having been held after Notice to the Class of the proposed Settlement to determine if the Stipulation and Settlement are fair, reasonable and adequate and whether a Final Judgment of Dismissal with Prejudice should be entered in this Action based upon the Stipulation;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.    The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B.    This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all Class Members.

C.    All of the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure are met, and therefore this Action is properly maintained as a class action for purposes of settlement only and the Class is properly certified.  The Class is defined as:

> All Persons who, between February 28, 2008 and November 8, 2009, purchased or otherwise acquired Advanta RediReserve Notes issued pursuant to, or traceable to, Advanta's Registration Statement/Prospectus filed on August 18, 2006, as amended (including by operation of law) (collectively, the "Registration Statements"), and who were allegedly injured thereby.  Excluded from the Class are Defendants, members of their immediate family and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and partners of KPMG.  Also excluded from the Class are Persons otherwise meeting the definition of the Class who submit valid and timely requests for exclusion from the Class in accordance with the requirements of the Notice.

D.    With respect to the Class, the Court finds that (i) the Class Members are so numerous that their joinder in the Action is impracticable; (ii) there are questions of law and

fact common to the Class;  (iii) the claims of the Lead Plaintiffs are typical of the claims of the Class Members; (iv) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Class Members; and (v) the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

E.     The form, content, and method of dissemination of Notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

F.     Notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process and constituted due and sufficient notice of the matters set forth herein.

G.     The Settlement set forth in the Stipulation is fair, reasonable and adequate and in the best interests of the Class.

      i.     The Settlement was negotiated vigorously and at arms' length by Plaintiffs and their experienced counsel on behalf of the Class.  The case settled only after: (a) a mediation conducted by a retired U.S. District Court Judge; (b) the drafting and submission of complaints that survived motions to dismiss brought by KPMG and the Advanta Defendants; (c) the full briefing of Plaintiffs' Motion for Class Certification; and (d) significant discovery, including production of over 6 million pages of documents.  Accordingly, both the Plaintiffs and Defendants were well

positioned to evaluate the settlement value of this Action. The Stipulation has been entered into in good faith and is not collusive.

ii.  If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

H.  Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT:**

1.  The Stipulation and the Settlement embodied therein are approved as final, fair, reasonable and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

2.  The Action and all claims that are or have ever been contained therein, as well as all of the Settled Claims, are dismissed with prejudice as to the Plaintiffs, the Class Members, and all other Releasing Persons. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3.  All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

4.  Upon the Effective Date of this Settlement, Plaintiffs and all Class Members, on behalf of themselves and each of the Releasing Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever waived, released,

relinquished, and discharged all Settled Claims against the Released Parties, regardless of whether such Class Member executed and delivered a Proof of Claim.

5.     Upon the Effective Date of this Settlement, each of the Defendants and the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have fully, finally, and forever released and discharged Plaintiffs, Plaintiffs' Counsel and each and all of the Class Members from each and every one of the Settled Defendants' Claims.

6.     All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack or otherwise.

7.     All Class Members who have failed to properly file Requests for Exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment and release and forever discharge the Released Parties from all Settled Claims as provided in the Stipulation and herein.  A list of all Persons, if any, who validly and timely filed a Request for Exclusion is attached hereto as Exhibit 1.

8.     Lead Counsel are hereby awarded _____% of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ _____ in reimbursement of expenses, which fees and expenses shall be paid immediately upon entry of this Order to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate earned by the Settlement Fund, subject to the provisions of ¶8 of the Stipulation.  The aforementioned attorneys' fees shall be allocated by Lead Counsel in a manner which in its good faith judgment reflects each counsel's contribution to the institution, prosecution, and resolution of the Action.

9. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $3,550,000 in cash plus interest thereon and that Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over _____ copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 33 1/3% of the Settlement Fund and for reimbursement of expenses in an amount of approximately $_____ and [only _____] [no] objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) The Action involves complex factual and legal issues, was actively prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(d) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing from the Defendants; and

(e) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

10. The Court finds, pursuant to 15 U.S.C. §78u-4(a)(4), that an award to Plaintiffs for their reasonable costs and expenses (including lost wages) spent directly in its representation of the Class and prosecution of this action is fair and reasonable, and thus awards Plaintiffs William Underland and Mark Schaller $_____ and $_____, respectively, from the

Settlement Fund.  The facts supporting reimbursement and the amount awarded are set forth in the declaration Plaintiffs submitted to the Court in support of their request.

11.     All other provisions of the Stipulation are incorporated into this Order as if fully rewritten herein.  To the extent that the terms of this Order conflict with the terms of the Stipulation, the Stipulation shall control.

12.     Plaintiffs, all Class Members, and all other Releasing Persons are hereby BARRED AND PERMANENTLY ENJOINED from instituting, commencing, maintaining or prosecuting in any court or tribunal any of the Settled Claims against any of the Released Parties.

13.     Defendants and their successors or assigns are hereby BARRED AND PERMANENTLY ENJOINED from instituting, commencing, maintaining or prosecuting any of the Settled Defendants' Claims against Plaintiffs, Class Members or Plaintiffs' Counsel.

14.     The Plan of Allocation set forth in the Notice is approved as fair and reasonable, and Plaintiffs' Counsel are directed to arrange for the administration of the Settlement in accordance with its terms and provisions.  Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Final Judgment or the releases provided hereunder and shall be considered separate from this Final Judgment.

15.     The Court hereby decrees that neither the Stipulation nor this Final Judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any liability or wrongdoing.  This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  Neither the Stipulation nor this Final Judgment nor the fact of Settlement nor the settlement proceedings nor the settlement negotiations nor any related documents shall be offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding,

other than such proceedings as may be necessary to consummate or enforce the Stipulation, or in an action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of this Action.

16.     The Action is dismissed with prejudice; subject, however, to this Court retaining jurisdiction over compliance with the Stipulation and this Final Judgment.

17.     The Court hereby bars all future claims for contribution arising out of the Action or the Settled Claims: (i) by any Person against the Released Parties; and (ii) by the Released Parties against any Person.

18.     Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants (or any other Released Parties) against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in this Final Judgment constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

19.     In the event that the Stipulation is terminated in accordance with its terms, (i) this Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, (ii) this Action shall proceed as provided in the Stipulation, (iii) the Defendants shall be permitted to object to the certification of any proposed class in this Action, and (iv) the Defendants shall not be judicially or equitably estopped from arguing against the certification of any class in this Action.

20.     There is no just reason for delay, and this is a final, appealable order as of when it is stamped as received for filing.

21.     Final judgment shall be entered herein.

So ordered.

Dated: _____        _____
                                      THE HONORABLE CYNTHIA M. RUFE
                                      UNITED STATES DISTRICT COURT JUDGE