UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM E. UNDERLAND and MARK SCHALLER, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

- against-

DENNIS ALTER, WILLIAM A. ROSOFF, PHILIP M. BROWNE, DAVID B. WEINSTOCK, ROBERT S. BLANK, MAX BOTEL, THOMAS COSTELLO, DANA BECKER DUNN, RONALD LUBNER, OLAF OLAFSSON, MICHAEL STOLPER and KPMG LLP,

Defendants.

Electronically Filed

10-Civ.-3621 (CMR)

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND CONFIRMING FINAL SETTLEMENT HEARING**

FILED
APR 21 2014
MICHAEL E. KUNZ, Clerk
By________Dep. Clerk

WHEREAS, on January 21, 2014, the Parties[1] to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Action on the merits and dismissal of the Action with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

[1] As used herein, the term "Parties" means Plaintiffs William Underland and Mark Schaller ("Plaintiffs"), on behalf of themselves and the Class (defined below), and Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, Michael Stolper (the "Advanta Defendants") and KPMG LLP ("KPMG") (the Advanta Defendants, collectively with KPMG, are referred to herein as "Defendants").

NOW, THEREFORE, IT IS HEREBY ORDERED, this 21st day of April 2014, that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby preliminarily certified as a class action on behalf of all Persons who, between February 28, 2008 and November 8, 2009, purchased or otherwise acquired Advanta RediReserve Notes issued pursuant to, or traceable to, Advanta's Registration Statement/Prospectus filed on August 18, 2006, as amended (including by operation of law) (collectively, the "Registration Statements"), and who were allegedly injured thereby. Excluded from the Class are Defendants, members of their immediate family and their legal representatives, heirs, successors or assigns, any entity in which Defendants have or had a controlling interest, and partners of KPMG. Also excluded from the Class are Persons otherwise meeting the definition of the Class who submit valid and timely requests for exclusion from the Class in response to the requirements of the Notice.

2. The Court preliminarily finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. These findings are not based on any admissions, representations, assertions, or arguments by Defendants that a class can, should, or would be certified in this Action, and these findings are made while fully

preserving the Defendants' right to argue, in the event that the Settlement does not become Final or is terminated pursuant to the Stipulation, that no class can or should be certified in this Action.

3. For the purposes of the Settlement only, Plaintiffs William Underland and Mark Schaller are conditionally certified as the Class Representatives for the Action and the law firms of Scott+Scott, Attorneys at Law, LLP and The Weiser Law Firm, P.C. are conditionally appointed as Lead Counsel for the Class.

4. The Court preliminarily finds that:

(a) the proposed Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of a very experienced mediator, the Hon. Layn R. Phillips, U.S. District Court Judge (Ret.);

(b) Class counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

(c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

5. A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on September 8, 2014, at 10:30 a.m., in Courtroom 12A, at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Second Amended Complaint filed herein, on the merits and with prejudice, and to determine whether the releases contemplated by the Stipulation should become effective;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and expenses;

(f) to consider Plaintiffs' requests for the reimbursement of the costs and expenses (including lost wages) they incurred in prosecuting this Action on behalf of the Class;

(g) to determine whether an order should be entered barring and enjoining Plaintiffs and all Class Members from instituting, commencing, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Settled Claims against any of the Released Parties; and

(h) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class. The Court reserves the right to enter its Final Judgment approving the Stipulation and dismissing the Second Amended Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation, Plaintiffs' request for the reimbursement of costs and expenses, or Lead Counsel's application for an award of attorneys' fees and expenses.

7. The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice") and the Proof of Claim and Release (the "Proof of Claim"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively.

8. The Court approves the appointment of Epiq Class Action and Mass Tort Solutions as the Claims Administrator.

(a) The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within forty-five (45) calendar days of this Order, to all Class Members who can be identified with reasonable effort from the books and records regularly maintained by Advanta Corp. ("Advanta"). Within fourteen (14) calendar days of this Order, Advanta, through its bankruptcy trustee, shall make the last known addresses of Class Members, or other identifying information, as set forth in those books and records, available to the Claims Administrator for the purpose of identifying and giving notice to the Class.

(b) The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily,* and once over the *PR Newswire,* within ten (10) calendar days after the mailing of the Notice.

Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim form and proof of publication of the Summary Notice.

9. The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice

practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto at Exhibit A-3, must be submitted to the Claims Administrator, at the Post Office box indicated in the Notice, not later than September 23, 2014. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid), provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by such documents or proof as Plaintiffs' Counsel and the Claims Administrator, in their discretion, may deem acceptable; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation against the Released Parties.

11. Class Members shall be bound by the Stipulation and all determinations and judgments in this Action concerning the Settlement, including, but not limited to the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall, no later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class and the Settlement, and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number(s) of securities they acquired that are subject to the Action, and to provide documentation showing proof of purchase or such other documents evidencing such acquisition(s). The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the reimbursement of Plaintiffs' costs and expenses, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers,

accompanied by proof of Class membership, are filed in writing with Michael E. Kunz, Clerk of Court, United States District Court, Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Room 2609, Philadelphia, PA 19106-1797, and copies of all such papers are served not later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing upon each of the following: (i) Thomas L. Laughlin IV, Scott+Scott, Attorneys at Law, LLP, The Chrysler Building, 405 Lexington Avenue, 40th Floor, New York, NY 10174, on behalf of the Plaintiffs and the Class; (ii) Geoffrey A. Kahn, Ballard Spahr LLP, 1735 Market Street, 51st Floor, Philadelphia, PA 19103 on behalf of KPMG; (iii) Thomas R. Ajamie, Ajamie LLP, Pennzoil Place - South Tower, 711 Louisiana, Suite 2150, Houston, TX 77002 on behalf of Defendant David B. Weinstock; and (iv) Michael L. Kichline, Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, on behalf of Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Max Botel, Thomas Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson, and Michael Stolper. Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than thirty (30) calendar days before the Settlement Fairness Hearing. Any Class Member or other Person who does not

timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding or on any appeal), any objection to the Settlement, and any untimely objection shall be barred. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

13. Defendants' Counsel and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶12. Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

15. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Settled Claims against any Released Party.

16. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable and customary fees and costs associated with giving Notice to the Class and the review of claims and administration of the Settlement, up to $250,000, out of the Settlement Fund without further order of the Court.

17. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Counsel or Defendants elect to terminate the Settlement, or if the Settlement is not finally approved or otherwise fails to become effective for any reason, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order conditionally certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose, and each party shall be restored to his, her or its respective position as it existed on October 23, 2013, and the provisions of ¶27 of the Stipulation shall apply.

18. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

19. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: ____April 21, 2014

HONORABLE CYNTHIA M. RUFE
UNITED STATE DISTRICT COURT
JUDGE, EASTERN DISTRICT OF
PENNSYLVANIA

Submitted by:
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Thomas L. Laughlin IV
THOMAS L. LAUGHLIN IV
(admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue, 40th Floor

New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

Geoffrey M. Johnson (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44106
Telephone: (216) 229-6088
Facsimile: (216) 229-6092

Anne L. Box (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508

THE WEISER LAW FIRM, P.C.
Robert B. Weiser (PA #81575)
Brett D. Stecker (PA #86242)
Christopher L. Nelson (PA #85609)
Jeffrey J. Ciarlanto (PA #205838)
22 Cassatt Ave.
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062

*Counsel for Lead Plaintiffs*