UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM E. UNDERLAND and MARK SCHALLER, *on behalf of themselves and all others similarly situated,*

Plaintiffs,

-against-

DENNIS ALTER, WILLIAM A. ROSOFF, PHILIP M. BROWNE, DAVID B. WEINSTOCK, ROBERT S. BLANK, MAX BOTEL, THOMAS COSTELLO, DANA BECKER DUNN, RONALD LUBNER, OLAF OLAFSON, MICHAEL STOLPER and KPMG LLP,

Defendants.

10-Civ.-3621 (CMR)

ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS**, on April 22, 2014, this Court entered an Order, preliminarily approving the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice") and the Proof of Claim form, and selection of Epiq Class Action and Mass Tort Solutions ("Epiq") as Claims Administrator;[1]

**WHEREAS**, on September 8, 2014, this Court entered the Final Approval Order and Judgment of Dismissal with Prejudice ("Order"), approving the terms and conditions of the Stipulation; and

**WHEREAS**, this Court, upon careful review of the Plan of Distribution, has concluded it is fair and reasonable;

**NOW THEREFORE**, upon reading the Declaration of Stephanie Thurin in Support of Lead Plaintiffs' Unopposed Motion for Distribution of Class Settlement Fund

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated January 21, 2014 (the "Stipulation") (ECF No. 202-3).

("Thurin Decl."), and Plaintiffs' Memorandum of Points and Authorities filed herewith, and based upon all prior proceedings herein and after due deliberation, it is hereby:

**ORDERED** that the Plan of Distribution is approved as fair and reasonable;

**ORDERED** that the administrative determinations of Epiq accepting the claims indicated in ¶¶24-27 to the Thurin Decl., including claims postmarked after September 23, 2014 but received through and including August 28, 2015 are approved, and such claims are accepted;

**ORDERED** that any claim received after August 28, 2015 is and will be rejected;

**ORDERED** that the administrative determinations of Epiq rejecting the claims indicated on Exhibit B-2 to the Thurin Decl. are approved and such claims are rejected;

**ORDERED** that the balance of the Settlement Fund after deduction of the payments previously allowed and those set forth herein (the "Net Settlement Fund") shall be distributed to the eligible Claimants listed on Exhibit B-1 to the Thurin Decl. in accordance with the Distribution Plan set forth in ¶29 of the Thurin Decl.;

**ORDERED** that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED 90 DAYS AFTER ISSUE DATE." Plaintiffs' Counsel and Epiq are authorized to take appropriate action to locate and/or contact any eligible Claimant who has not cashed his, her, or its distribution within said time;

**ORDERED** that, as provided in ¶5(d) of the Stipulation previously approved by this Court, if there is any balance remaining in the Settlement Fund after six months from the date of distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), any such balance shall be reallocated among Authorized Claimants in an equitable fashion if logistically feasible and economically justifiable, and after any reallocation, or if no reallocation is undertaken, any remaining balance be donated to Community Legal Services of Philadelphia, a 501(c)(3) non-profit organization;

**ORDERED** that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxations of the Settlement Fund or the Net Settlement Fund, including Plaintiffs' Counsel and Epiq (collectively, "Released Persons"), are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or any of the Released Persons beyond the amount allocated to them pursuant to this Order;

**ORDERED** that Epiq is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the distribution of the Net Settlement Fund to the eligible Claimants, and electronic or magnetic media data not less than three years after the distribution of the Net Settlement Fund to the eligible Claimants; and

**ORDERED** that this Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated: 10-26-15

Cynthia M. Rufe, J.

HONORABLE CYNTHIA M. RUFE
UNITED STATE DISTRICT COURT JUDGE,
EASTERN DISTRICT OF PENNSYLVANIA

Submitted by:
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

/s/ Thomas L. Laughlin IV

Thomas L. Laughlin IV (admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
tlaughlin@scott-scott.com